**COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

Name _BloodsAW_ _Theopric_ _K._

   (Last)          (First)         (Initial)

Prisoner Number _N/A_

Institutional Address _PBSP, ASU-E1, P.O. Box 7500_
_Crescent City, CA. 95532_

===============================================

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

_BloodsAW Theopric_      **CV 08 1092**
(Enter the full name of plaintiff in this action.)
_et al._

       vs.        )   Case No. _____
                   )   (To be provided by the Clerk of Court)
_Woodford J.S._      )
_Thom James C._    )  **COMPLAINT UNDER THE JF**
                   )  **CIVIL RIGHTS ACT,**
_Holmes T. R._     )  **Title 42 U.S.C § 1983**
_Northrup L.W._   )  **(PR)**
(Enter the full name of the defendant(s) in this action)  )
                   )

_[All questions on this complaint form must be answered in order for your action to proceed..]_

I.   Exhaustion of Administrative Remedies.

     [**Note:** You must exhaust your administrative remedies before your claim can go

     forward.  The court will dismiss any unexhausted claims.]

     A.   Place of present confinement _PBSP_

     B.   Is there a grievance procedure in this institution?

             YES (✓)   NO ( )

     C.   Did you present the facts in your complaint for review through the grievance

         procedure?

             YES (✓)   NO ( )

     D.   If your answer is YES, list the appeal number and the date and result of the

         appeal at each level of review.  If you did not pursue a certain level of appeal,

         explain why.

COMPLAINT          - 1 -

1. Informal appeal *Emergency and regular appeals Filed 4-18-07 taken to Director's Level a third one was Filed 10-1-07 rejected at*

2. First formal level *First level malice. On 4-12-07 these C/O's were not engaged in the performance of their duty. CV-00752-JF-550*

3. Second formal level *Supreme Court Reports 88 LAW. ED. Oct. 1943 TERM U.S. 320 (pp. 219 to end) U.S. 321-322 III Particular circumstance un-*

4. Third formal level *der which exhaustion of state remedies is or is not necessary. They violated my constitutional and civil rights.*

E.    Is the last level to which you appealed the highest level of appeal available to you?

YES ( X )    NO ( )

F.    If you did not present your claim for review through the grievance procedure, explain why._____

_____

_____

II.    Parties.

A.    Write your name and your present address. Do the same for additional plaintiffs, if any.

*BloodsAW Theopric, PBSP, ASU-E/, P.O. Box 7500, Crescent City, CA. 95532*

B.    Write the full name of each defendant, his or her official position, and his or her place of employment.

*Woodford J.S., Warden, San Quentin;*

COMPLAINT                              - 2 -

1  Thom James C., C/O, PBSP; Holmes T. R.,
2  C/O, PBSP; Northrup L.W., C/O, PBSP.
3
4
5  III.    Statement of Claim.
6          State here as briefly as possible the facts of your case.  Be sure to describe how each
7  defendant is involved and to include dates, when possible.  Do not give any legal arguments or
8  cite any cases or statutes.  If you have more than one claim, each claim should be set forth in a
9  separate numbered paragraph.
10  Woodford J.S., 12-22-99, U.S.C. Amendments I-IV
11  V-VIII-XIII-XIV, Lack of Jurisdiction Over
12  Subject Matter, Deprivation of Rights. Thom
13  J.C., 4-12-07, U.S.C. Amendments I-IV-V-VIII
14  XIII-XIV, Intentional Assault and Battery, La
15  ck of Jurisdiction Over Subject Matter. Holmes
16  T.R., 4-12-07, U.S.C. Amendments I-IV-V-VIII-
17  XIII-XIV, Intentional Assault and Battery, L
18  ack of Jurisdiction Over Subject Matter. North
19  rup L., 4-12-07, U.S.C. Amendments I-IV-V-VIII
20  XIII-XIV, Intentional Assault and Battery, Lac
21  k of Jurisdiction Over Subject Matter. Harass
22  ment et seq.
23  IV.    Relief.
24          Your complaint cannot go forward unless you request specific relief.  State briefly exactly
25  what you want the court to do for you.  Make no legal arguments; cite no cases or statutes.
26  I'm the victim of a crime by these C/O's. I am
27  asking the court for monetary just compensa-
28  tion for punitive and liability damages. I am

COMPLAINT                              - 3 -

asking the court for a permanent injunction and restraining order placed on them. I am legally and medically entitled to single cell housing. Cruel and Unusual Punishments.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __4__ day of __Feb.__ , 20 _08_

_T. Bloodsaw_

(Plaintiff's signature)

COMPLAINT                                    - 4 -

## PROOF OF SERVICE BY MAIL

(C.C.P. Section 101(a) # 2015.5, 28 U.S.C. 1746)

I, *BloodsAW T.*_____, am a resident of Pelican Bay State Prison, in the County of Del Norte, State of California. I am over eighteen (18) years of age and am a party to the below named action.

My Address is: P.O. Box 7500, Crescent City, CA 95531.

On the ___4___ day of ___*Feb.*___, in the year of 20*08*, I served the following documents: (set forth the exact title of documents served)

*Civil Rights Complaint 42 U.S.C. 1983 and Exhibits*

on the party(s) listed below by placing a true copy(s) of said document, enclosed in a sealed envelope(s) with postage thereon fully paid, in the United States mail, in a deposit box so provided at Pelican Bay State Prison, Crescent City, CA 95531 and addressed as follows:

*U.S. District Court*        *94102*
*Northern Dist. of CA.*
*450 Golden Gate*
*Ave.*
*San Francisco, CA.*

I declare under penalty of perjury that the foregoing is true and correct.

Dated this ___4___ day of ___*Feb.*___, 20*08*.

Signed: ___*T. Bloodsaw*___
(Declarant Signature)

Rev. 12/06

NAME: *Bloodsaw Theopric*

CDC NO: P20025 HOUSING: ASU-EL

PELICAN BAY STATE PRISON



PELICAN BAY STATE PRISON
5905 Lake Earl Dr
Crescent City CA 95532

UNITED STATES POSTAGE
$ 04.90°
PITNEY BOWES
02 1M
0004217666    FEB15 2008
MAILED FROM ZIP CODE 95531

RECEIVED

FEB 1 9 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

*United States District*
*Northern District Of C*
*ATTN: Clerk*
*1,150 Golden Gate A*



CV  08     1092
JF
(PR)

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION     ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



June 18, 2007

BLOODSAW, CDC #P-20045
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA  95531-7000

Re:

Dear Mr. BLOODSAW:

The enclosed documents are being returned to you for the following reasons:

This office provides the Director's Level Review of inmate/parolee appeals.  The form must be completed through the Second Level of Review on behalf of the Warden or Parole Region Administrator.  Your appeal was rejected, withdrawn or cancelled.  If you disagree with that decision, contact the Appeals Coordinator. You must comply with instructions from that office.

Your assigned counselor, the Appeals Coordinator, or your Parole Agent can answer any questions you may have regarding the appeals process.  Library staff can help you obtain any addresses you need.

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

## INMATE/PAROLEE APPEALS SCREENING FORM

Name: _BLOODSAW_      Number: _P20045_   Housing: _A2 202_

### YOUR APPEAL IS BEING REJECTED/CANCELLED AND RETURNED FOR THE FOLLOWING:

Screening Appeals Rejection Criteria:

[ ] 1.   The resolution is not within CDC's jurisdiction. See CCR, Title 15, Sections 3084.2(e) and 3084.3(c)(1).

[ ] 2.   The appeal duplicates the inmates previous appeal. See CCR, Title 15, Section 3084.3(c)(2).
     [ ] (a) Your appeal has been screened out on _____ for _____.
     [ ] (b) Your appeal is being reviewed at the _____ Level, Log # _____.
     [ ] (c) Your appeal has been completed at the _____ Level, Log # _____.

[X] 3.   The appeal concerns an anticipated action or decision. See CCR, Title 15, Section 3084.3(c)(3).

[ ] 6.   The appeal exceeds the 15 working days time limit, and the inmate has failed to offer a credible explanation as to why he could/did not submit the appeal within the time limit. See CCR, Title 15, Sections 3084.2(c), 3084.3(c)(6), and 3084.6(c).

[X] 8.   **Abuse of the Appeal Process/Right to Appeal.**
     [X] (a) Excessive filings. Submission of more than one non-emergency appeal within a seven-calendar-day period is excessive. See CCR, Title 15, Section 3084.4(a).
     [ ] (b) Inappropriate statements. The Appeal contains false information, profanity, or obscene language. The appeal is rejected. See CCR, Title 15, Section 3084.4(b).
     [ ] (c) Excessive verbiage. Appeal cannot be understood or is obscured by pointless verbiage or voluminous, unrelated documentation. See CCR, Title 15, Section 3084.4(c).
         [ ] (1) Only allowed 1 added page, front and back, to describe the problem and action requested in Sections A and B, per CCR, Title 15, Section 3084.2(a)(1).
         [ ] (2) Only supporting documentation necessary to clarify appeal shall be attached to the appeal, per CCR, Title 15, Section 3084.2(a)(2).
     [ ] (d) Lack of cooperation. Appellant refused to cooperate and/or interview with the reviewer which has resulted in cancellation of the appeal, per CCR, Title 15, Section 3084.4(d).
         [ ] (1) Your appeal was screened out and returned to you with instructions:
             [ ]            [ ]            [ ]
     [ ] (e) Failed to reasonably demonstrate the decision, action, policy, or condition as having an adverse affect upon the inmate's welfare, per CCR, Title 15, Section 3084.1(a).
     [ ] (f) This is a request for information. It is not an appeal. Write a note (GA-22, Request For Interview form or CDC-7362, Medical Request form).

[ ] 9.   Cannot appeal on behalf of another inmate/person. See CCR, Title 15, Sections 3084.2(d) and 3084.3(c)(7).

[ ] 10.   Issue resolved at previous level of Appeal review. See CCR, Title 15, Sections 3084.3(c)(8) and 3084.4(d).

Comments: _① YOU CAN APPEAL BY ATTACHING FINAL COPY OF RVR AT THAT TIME. ② YOU CANNOT FILE MORE THAN ONE APPEAL IN A SEVEN DAY PERIOD_

_C WILBER_

C. E. WILBER          Date
Appeals Coordinator

This screening decision may not be appealed unless you can support an argument that the above is inaccurate. In such a case, please return this form to the Appeals Office with the necessary supporting information.

### PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE

PBSP      (Rev. 11/06)      CCR 3084.3(d)      PBSP

INMATE/PAROLEE
APPEAL FORM
CDC 602 (12/87)

| Location | Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| 1. | | 1. | |
| 2. | | 2. | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME Bloodsaw Theopric | NUMBER P20045 | ASSIGNMENT | UNIT/ROOM NUMBER A2-202 |
|---|---|---|---|

A. Describe Problem: Emergency appeal 3084.7. Exceptions to the Regular Appeals Process. C/O J. Thom er 4-12-07 he intentionally created this battery on him I was called from my cell to get my legal mail at their office. C-10 Holmes started harassing me as always your nothing but a cell soldi- er nigger answer me when I speak to you I said I'll let the judge speak for me C/O Northrup said you sound like you have a dick in your mouth. C/O Thom said you heard him nigger get down on your knees and suck my dick nigger. I turn and walks away leaving my

If you need more space, attach one additional sheet.

B. Action Requested: legal mail C/O Thom ran from their office with C/O Holmes an C-10 Northrup in Tow C/O Thom grab my left arm pulling me to the floor with the help of the other two and they started beating me. Im the victim Im at PBSP unlawfully under CDC#P20045 placed in BMU unlawfully

Inmate/Parolee Signature: T. Bloodsaw          Date Submitted: 4-18-07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

Staff Signature: _____     Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

C/O J. Thom is intentionally making false statements and injuries. People v. Saling 7 Cal. 3d 844, 500 P. 2d 610, 103 Cal. Rptr. 698 (1972) 124 Cal. Rptr. 752, 15 Cal. 3d 419 People v. Leach (1975) Thomas v. Miss. 380 U.S. 524, 85 S. ct. 1327, 14 L. Ed. 2d 265 (1965)

Signature T. Bloodsaw          Date Submitted 4-23-07

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC 1E, Inmate Claim

CDC Appeal Number

CV-00752-JF-550

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days) Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____

Division Head Approved: _____ Returned

Signature: _____ Title: _____ Date to Inmate: _____

F  If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

3401. Employee and Inmate/Parolee Relations. 3401.5. Employee Sexual Misconduct. 3013. Unlawful Influence. 3413. Incompatible Activity. 3160. Inmate Access to Courts. CV-00752-JF-Suit, 550; 481 F.2d 1028 Johnson v. Glick (1973)

Signature: T. Bloodsaw    Date Submitted: 5-2-07

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
☐ See Attached Letter

Signature: _____ Date Completed: _____

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

96 S.CT. 1848, 425 U.S. 738 Hospital Bldg. Co. v. Trustees of Rex Hospital (1976) 89 S.CT. 1843, 395 U.S. 411 Jenkins v. McKeithen (1969) 92 Cal. Rptr. 62, 14 Cal. App. 3d 224 Estate of Goyette (1971) 244 P.2d 35, 111 Cal. App. 2d 9 People v. Pearson (1952) 118 Cal. Rptr. 120, 43 Cal. App. 3d 809 Chambers v. Municipal Court (1974) 43 C.R. 898, 233 Cal. App. 2d 799 LeMere v. Goren (1965)

Signature: T. Bloodsaw    Date Submitted: 5-2-07

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

Date: _____

CDC 602 (12/87)

2 58

EMERGENCY APPEAL PENDING PVR

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region PBSP
1. _____
2. _____

Log No.
1. _____
2. _____

Category 1/10

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME BloodsAW Theopric
NUMBER P20045
ASSIGNMENT
UNIT/ROOM NUMBER A2-202

A. Describe Problem: 3268. Use of Force. 3271. Responsibility of Employees. 3273. Acceptance and Surrender of Custody. 3901.17.2. Criteria For Placement of Parole Hold. 3377.1. Inmate Custody Designations. 3375. Classification Process. 3341.5. Segregated Program Housing Units. Whitley v. Albers (1985) 475 U.S. 312, 106 S.Ct. 1078; Madrid v. Gomez (1995) 889 F. Supp. 1146; Pennsylvania Department of Corrections v. Yeskey (1998) 524 U.S. 206; 74 Cal. Rptr. 713, 70 Cal. 2d 347 People v. Curtis. 94 S.ct. 669, 414 U.S. 488 O'Shea v. Littleton (1974)

If you need more space, attach one additional sheet.

B. Action Requested: That the charge is dropped he was not engaged in the pof performance of his duties. CV-20505 + CV-00752 JF Suit 550. And show jurisdiction requirements according to the U.S.C. Amendments I-IV-V-VIII-XIII-XIV

Inmate/Parolee Signature: T. Bloodsaw
Date Submitted: 4-18-07

C. INFORMAL LEVEL (Date Received: 04/19/2007)

Staff Response: DENIED. THE TESTIMONY OF INVOLVED OFFICERS CLEARLY INDICATE YOU BATTERED A PEACE OFFICER YOU WILL BE CHARGED AND IT WILL BE DECIDED BY THE LOCAL DA TO ACCEPT THE CHARGES

Staff Signature: _____
Date Returned to Inmate: 04/19/07

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

On 11-8-02 I was unlawfully arrested as a parole violator P.C. 5011.a parole warrant is P.C. 3056. U.S.C. Amendments IV, V-VIII-XIII-XIV. 112 P.2d 241, 17 Cal. 2d 778 People v. Shaw (1941) 95 P.2d 471, 35 Cal. App. 2d 329 People v. McAtee (1939)

Signature: T. Bloodsaw
Date Submitted: 4-23-07

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

APR 23 2007
10

CV-00752-JF-550

First Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days) Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____

Division Head Approved:                                                              Returned

Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

*320 F. Supp. 513 Blyden v. Hogan (1970) 453 F.2d 12 Inmates of Attica Correctional Facility v. Rockefeller (1971) 26 S. Ct. 282, 200 U.S. 321 U.S. v. Detroit Timber & Lumber Co. (1906) 80 S. Ct. 412, 361 U.S. 516 Bates v. City of Little Rock (1960)*

Signature: *T. Bloodsaw* Date Submitted: *5-2-07*

Second Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
☐ See Attached Letter

Signature: _____ Date Completed: _____

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

*The appeals coordinator has conspired to make false statements and misplaced the first page of this appeal an it is a emergency appeal an its acceptable according to CCR 3084.7. PBSP does not honor 602C10 Holmes made his second attack he an Sgt. Pepiot and refused to answer it they attacked me in my cell 255 P.2d 452, 116 Cal. App. 2d 207 People v. McKenna (1953)*

Signature: *T. Bloodsaw* Date Submitted: *5-2-07*

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☐ Denied ☐ Other _____
☐ See Attached Letter
Date: _____

CDC 602 (12/87)

STATE OF CALIFORNIA – DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR



### INMATE APPEALS BRANCH

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001

January 9, 2008

BLOODSAW, THEOPRIC, P20045
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA  95531-7000

RE: IAB# 0716032    PBSP-07-00975    STAFF COMPLAINTS

Mr. BLOODSAW:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal. The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal. The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process. The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

Your appeal was rejected, withdrawn or cancelled. If you disagree with that decision, contact the Appeals Coordinator. You must comply with instructions from that office.

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the SECOND Level

November 20, 2007

**BLOODSAW, P20045**
*ASUE0000000001L*

Log Number: PBSP-A-07-00975
(Note: Log numbers are not assigned to screen out appeals or informal level appeals.)

The enclosed documents are being returned to you for the following reasons:

*There has been too great a TIME LAPSE between when the action or decision occurred and when you filed your appeal with no explanation of why you did not or could not file in a timely fashion. Time limits expired per CCR 3084.6(c). Therefore, if you would like to pursue this matter further, you must submit an explanation and supporting documentation explaining why you did not or could not file your appeal timely.*

*IN ADDITION TO YOUR FAILURE TO COOPERATE AT THE FIRST LEVEL OF REVIEW, YOU RECEIVED YOUR FIRST LEVEL APPEAL RESPONSE BACK ON 5-29-07 AND ARE ATTEMPTING TO TAKE YOUR APPEAL TO THE SECOND LEVEL ON 11-20-07. THEREFORE YOUR APPEAL IS BEING REJECTED FOR THE ABOVE NOTED REASON.*

Appeals Coordinator
Pelican Bay State Prison

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

---

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

2007

C/O THOM
C/O HOLMES

1
40

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region    PBSP    Log No. AC7-00775    Category 7/1

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: Bloods AW Theopric    NUMBER: P20045    ASSIGNMENT:    UNIT/ROOM NUMBER: A2-202

A. Describe Problem: C/O J. Thom 4-12-07 he intentionally created this battery on him I was called from my cell to get my legal mail at their office. C/O Holmes started harassing me as always your nothing but a cell soldier nigger answer me when I speak to you I said I'll let the judge speak for me the other C/O said you sound like you have a dick in your mouth. C/O J. Thom said you heard him nigger get down on your knees and suck my dick nigger. I turned and walked away leaving my legal mail C/O J. Thom ran from their of-

If you need more space, attach one additional sheet.

fice with C/O Holmes and the other C/O in tow C/O J. Thom grab my left arm pulling me to the floor with the help of the other two C/O's and they started beating me I'm the victim. I'm at PBSP unlawfully under CDC# P20045 placed in BMU unlawfully.

Inmate/Parolee Signature: T. Bloodsaw    Date Submitted: 4-18-07

C. INFORMAL LEVEL (Date Received: 04/19/07 )

Staff Response: YOU ARE NOT ASKING FOR ANYTHING, BUT ARE MAKING ALLEGATIONS AGAINST CORRECTIONAL OFFICERS. OFFICER THOM INFORMED ME THESE ALLEGATIONS ARE NOT TRUE.

Staff Signature:    NAVARRO    Date Returned to Inmate: 04/19/07

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

C/O J. Thom is intentionally making false statements to cover up the unlawful attack he an C/O T. Holmes and C/O L. Northrup committed against me without probable cause. 3160. Inmate Access to Courts. 3000. Definitions. 3375. Classification Process.

Signature: T. Bloodsaw    Date Submitted: 4-23-07

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

APR 25 2007    APR 27 2007
TO CDW    1ST AW-GP    34

First Level ☐ Granted ☐ P. Granted ☐ Denied ☒ Other _Cancelled / Exonerated._

E. REVIEWER'S ACTION (Complete within 15 working days) Date assigned: 4-27-07 ___ Due Date: 10-11-07

Interviewed by: _Lieutenant R. McKean (I/m Refused)._

_Not d"D" at 8:45_

Staff Signature: _R. McKean_     Title: _LT._     Date Completed: _5/18/07_

Division Head Approval
Signature: _____     Title: _AW.P_     Returned
Date to Inmate: _5-29-07_

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_Lieutenant R. McKean is making False Statement why would I go to any hearing without my evidence my court documents 86 S. Ct. 1800, 384 U.S. 808 City of Greenwood Ms. v. Peacock (1966) CV-20505 + CV-00752-JF-Suit 550 Malice_

Signature: _T. Bloodsaw_     Date Submitted: _11-19-07_

Second Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
☐ See Attached Letter

Signature: _____     Date Completed: _____

Warden/Superintendent Signature: _____     Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_Because every document that PBSP is using against me is a fraudulent document. 481 F. 2d 1028 Johnson v. Glick (1973) 43 Cal. Rptr. 898, 233 Cal. App. 2d 799 LeMere v. Goren (1965) 41 Cal. Rptr. 590, 62 Cal. 2d 176 People v. Gallegos (1964) 26 S. Ct. 282, 200 U.S. 321 U.S. v. Detroit Timber + Lumber Co. (1906) 92 U.S. 275, 92 U.S. 275 Chy Lung v. Freeman (1875)_

Signature: _T. Bloodsaw_     Date Submitted: _11-19-07_

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☐ Denied ☐ Other _____
☐ See Attached Letter

CDC 602 (12/87)     Date: _____

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location / Institution/Parole Region    Log No.    Category

FILED

30 2007

1. _____

2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME _Biccosaw Theopric_    NUMBER _P26045_    ASSIGNMENT _____    UNIT/ROOM NUMBER _A2-202_

**A. Describe Problem:** 3268. Use of Force. 3271. Responsibility of Employees. 3273. Acceptance and Surrender of Custody. 3901.17.2. Criteria for Placement of Parole Hold. 3377.1. Inmate Custody Designations. 106 S. Ct. 1078, 475 U.S. 312 Whitley v. Albers (1976) 481 F. 2d 1028 Johnson v. Glick (1973) 3337 Hearing on Segregated Housing Order. 59 S. Ct. 954, 307 U.S. 496 Hague v. CIO (1939) 72 S. Ct. 81-9, 356 U.S. 369 Sherman v. U.S. (1952) 3075.1. Intake Processing. I received my legal mail 4-16-07 in Ad-Seg. from CIO Stevenson

If you need more space, attach one additional sheet.

**B. Action Requested:** That the charge is dropped he was not engaged in the performance of his duties if SC shed jurisdiction requirements according to U.S.C. Amendments I-IV-V-VIII-XIII-XIV. The case was procured it has been dismissed 10-26-07.

Inmate/Parolee Signature: _T. Biccosaw_    Date Submitted: _4-18-07_

**C. INFORMAL LEVEL (Date Received: _____ )**

Staff Response: _____

_____

_____

_____

Staff Signature: _____    Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Supreme Court Reports 88 LAW. ED. Oct. 1943 TERM U.S. 320 (pp. 21-9 & enc) U.S. 321-322 III Particular circumstance under which exhaustion of state remedies is or is not necessary. 81 S. Ct. 473, 365 U.S. 167 Monroe v. Pape (1961) 3075.3. Discharge Certificates.

Signature: _T. Biccosaw_    Date Submitted: _4-23-07_

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

_____

Staff Signature: _____    Title: _____    Date Completed: _____

Division Head Approved:    Returned

Signature: _____    Title: _____    Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

C.F. Wilber, Appeals Coordinator said my emergency appeal 4-18-07 was excessive filing if that was true I should have been restricted from filing PBSP does not honor CDC 602s. 6 S.Ct.734, 117 U.S. 241 Ex parte Royall (1886)

Signature: _____T. Bloodsaw_____    Date Submitted: 11-19-07

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
☐ See Attached Letter

Signature: _____    Date Completed: _____

Warden/Superintendent Signature: _____    Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

72 S.Ct.205, 342 U.S.165 Rochin v. Calif. (1952) 320 F. Supp. 513 Blyden v. Hogan (1970) 453 F.2d 12 Inmates of Attica Correctional Fac. v. Rockefeller (1971) 80 S.Ct. 412, 361 U.S. 516 Bates v. City of Little Rock (1960) 9 S.Ct. 122, 128 U.S. 456 Cornelius v. Kessel (1888) 97 U.S. 652, 97 U.S. 652 Barney v. Dolph (1878) 118 Cal. Rptr. 120, 43 Cal. App. 3d 809 Chambers v. Municipal Court (1974)

Signature: _____T. Bloodsaw_____    Date Submitted: 11-19-07

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

CDC 602 (12/87)    Date: _____

0716032

42

## FIRST LEVEL SUPPLEMENTAL PAGE

**RE**:   PELICAN BAY STATE PRISON (PBSP)
Appeal Log # PBSP-A-07-00975
First Level Reviewer's Response

**INMATE**: BLOODSAW, P-20045

**APPEAL DECISION**: CANCELLED/ EXONERATED

**APPEAL ISSUE**: (modified)

You allege on April 12, 2007, Correctional Officers J. Thom and T Holmes jointly harassed you by making derogatory and racial comments while passing out legal mail. You believe the officers intentionally made the comments to commit battery against you.

You did not document any requested action on your appeal.

**FINDINGS**:

A thorough review of your appeal has been completed and your requested action has received careful consideration. Correctional Lieutenant (Lt.) R. McKean has been assigned to investigate your appeal at the First Level. On May 12, 2007, Correctional Officers D. Larson and R. Hisoire approached your cell to escort you for an interview regarding the allegations outlined in your appeal. You declined, therefore, refused to cooperate with the reviewer.

Per the California Code of Regulations, Title 15, Section 3084.4 (d), *Lack of cooperation. An appellant's refusal to be interviewed or cooperate with the reviewer shall result in cancellation of the appeal.*

On Tuesday, May 8, 2007, R. McKean conducted an interview with Officer Holmes. Officer Holmes' interview was documented on the confidential supplement of this appeal.

Wednesday, May 9, 2007, Lt. R. McKean conducted an interview with Officer Thom. Officer Thoms' interview was documented on the confidential supplement of this appeal.

In the event staff misconduct is sustained, the institution's Administration will take the appropriate course of action. All staff personnel matters are confidential in nature and not privy to the inquiries of other staff, the general public, or inmate population and will not be released to the inmate. Although the inmate has the right to submit an appeal as a staff complaint, the request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the appeals process.

43

Appeal Log# PBSP-A-07-00975
BLOODSAW, P-20045
Page 2

**DETERMINATION OF ISSUE**:

A thorough review of the allegation presented in this complaint has been completed. Based on this review, the action requested to resolve this appeal is **CANCELLED**. Additionally, the following determination has been made that your allegations of staff misconduct are: **EXONERATED**.

M. FOSS                 Date:    5.24.07
Facility Captain
Facility "B"

M. A. COOK              Date    5-25-07
Associate Warden
General Population

PELICAN BAY ASU

State of California
**CDC FORM 695**
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

October 3, 2007

***BLOODSAW, P20045***
*ASUE0000000001L*

Log Number: PBSP-S-
(Note: Log numbers are not assigned to screen out appeals or informal level appeals.)

The enclosed documents are being returned to you for the following reasons:

***You have submitted an appeal that duplicates a previous appeal upon which a decision has
been rendered or is pending (CCR 3084.3(c)(2)).***

***YOU ARE ATTEMPTING TO INITIATE A DUPLICATE APPEAL INVOLVING THE
4-12-07 INCIDENT INVOLVING YOUR ALLEGATION OF UNECESSARY FORCE
AND UNPROFESSIONAL STATEMENTS. THIS WAS COVERED IN FACT FINDER
LOG# FF-07-0018 AND APPEAL LOG# A-07-00975.***

Appeals Coordinator
Pelican Bay State Prison

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be
automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be
appealed. If you believe this screen out is in error, please return this form to the Appeals
Coordinator with an explanation of why you believe it to be in error, and supporting
documents. You have only 15 days to comply with the above directives.

| PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE |
| --- |

OCT 0 3 2007

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: _____ Institution/Parole Region: **PBSP**

1. _____   Log No 1. _____   Category _____
2. _____   2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: Bloodsaw Theopric   NUMBER: P20045   ASSIGNMENT: Z   UNIT/ROOM NUMBER: ASU-E1

A. Describe Problem: On 11-8-02 I was unlawfully attacked an beaten by Los Angeles County Sheriff's Deputies as a parole violator P.C. 5011 a parole warrant is P.C. 3056. I am confined at PBSP under a unlawful CDC No. P20045. The unjustifiable attack by C/O J. Thom on 4-12-07 he and C/O T. Holmes and C/O Northrup L. were in violation of my Constitutional an Civil Rights. CDC has no lawful jurisdiction for my false imprisonment. The legal mail was brought to the cells in B8 until C/O T.

If you need more space, attach one additional sheet.

B. Action Requested: Holmes arrived and as a favor to the Hispanics other than his personal hostility towards Black people C/O T. Holmes stopped bring legal mail to the cells. On 4-12-07 C/O J. Thom an the other two C/Os was not engaged in the performance of

Inmate/Parolee Signature: T. Bloodsaw   Date Submitted: 10-1-07

C. INFORMAL LEVEL (Date Received: _____)

Staff Response: Bypass - informal review not required

Staff Signature: _____   Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

I was unlawfully put in that RMU as a program failure legally and medically I'm entitled to single cell housing. 80 S. Ct. 412, 361 U.S. 516 Bates v. City of Little Rock (1960) 4 Cal. Rptr. 219,230 Cal. App. 2d 615 People v. Darling (1964) CCR 3084.7.

Signature: T. Bloodsaw   Date Submitted: 10-1-07

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC 1E, Inmate Claim

CDC Appeal Number: _____

NOV 3 0 2007

First Level  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days) Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

Staff Signature: _____  Title: _____  Date Completed: _____
Division Head Approved:                                              Returned
Signature: _____  Title: _____  Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

I do not believe that is C/O Thom J. signature on either of the two 602s that chronological history is a fraudulent document this appeal concerns jurisdiction requirements according to the U.S.C. my 602s was rejected because I spoke

Signature: *T. Bloodsaw*                          Date Submitted: 10-8-07

Second Level  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
☐ See Attached Letter

Signature: _____  Date Completed: _____

Warden/Superintendent Signature: _____  Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

26 S.Ct.282, 200 U.S.321 United States v. Detroit Timber + Lumber Co.(1906) 87 Cal.App.2d 175, 196 P.2d 590 Whitlow v. Superior Court of Cal. in and for Ventura County (1948) Supreme Court Reports 88 LAW. ED. Oct. 1943 TERM U.S. 320 (pp. 219 to end) U.S. 321-322 III Particular circumstance under which exhaustion of state remedies is or is not necessary

Signature: _____  Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____
☐ See Attached Letter

Date: _____

CDC 602 (12/87)

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.    Category

PBSP

1. _____    1. _____    _____

2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: Bloodsaw Theopric    NUMBER: P20045    ASSIGNMENT: ____    UNIT/ROOM NUMBER: ASU-E1

A. Describe Problem: *their duty. 3901.17.2. Criteria for Placement of Parole Hold. 3273. Acceptance and Surrender of Custody. 3377.1. Inmate Custody Designations. 3000. Definitions. 3075.1. Intake Processing. 3013. Unlawful Influence. 72 S. Ct. 205, 342 U.S. 165 Rochin v. Calif. (1952) 481 F.2d 1028 Johnson v. Glick (1973) 106 S. Ct. 1078, 475 U.S. 312 Whitley v. Albers (1986) 86 S. Ct. 1800, 384 U.S. 808 City of Greenwood, Miss. v. Peacock (1966) 101 U.S. 260, 101 U.S. 260 Simmons v. Wagner (1879)*

If you need more space, attach one additional sheet.

B. Action Requested: *I am asking C/O James Thom for lawful jurisdiction requirements according to the U.S.C. Amendments I-IV-V-VIII-IX-XIII-XIV. CV-00752-JF-Suit 550*

Inmate/Parolee Signature: *T. Bloodsaw*    Date Submitted: 10-1-07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: *Bypass - informal review not required*

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

*43 Cal. Rptr. 898, 233 Cal. App. 2d 799 LeMere v. Goren (1965) 78 S. Ct. 819, 356 U.S. 369 Sherman v. U.S. (1958) 81 S. Ct. 473, 365 U.S. 167 Monroe v. Pape (1961) 89 S. Ct. 1322, 394 U.S. 618 Shapiro v. Thompson (1969) 9 S. Ct. 122, 128 U.S. 456 Cornelius v. Kessel (1882)*

Signature: *T. Bloodsaw*    Date Submitted: 10-1-07

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number _____

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____

Division Head Approved: _____ Returned

Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

the truth that attack was entrapment may be I can get better result from Washington D.C. and you are making false statements it is not a duplicate. 6 S.Ct. 734, 117 U.S. 241 Ex parte Royall (1886) 41 Cal.Rptr. 590, 62 Cal.2d 176 Peo. v. Gallegos (1964)

Signature: _____ T. Bloodsaw _____ Date Submitted: 10-8-07

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
☐ See Attached Letter

Signature: _____ Date Completed: _____

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

PBSP an its staff have been using Fraudulent documents against me since my arrival the CDC 115 battery on a peace office 4-12-07 and the Crime/Incident Report 4-12-07 both are Fraudulent documents the case was Dismiss 10-26-07 these so-called CIO's procured the incident 3075.3. Discharge Certificates. 90 S.Ct. 1011, 397 U.S. 254 Goldberg v. Kelly (1970)

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

CDC 602 (12/87)    Date: _____

STATE OF CALIFORNIA
**ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE**
CDC 114-D (Rev 10/98)

DEPARTMENT OF CORRECTIONS
CDCMS-NO SPL **33**

| DISTRIBUTION: | |
|---|---|
| WHITE - CENTRAL FILE | CANARY - WARDEN |
| BLUE - INMATE (2ND COPY) | PINK - HEALTH CARE MGR |
| GREEN - ASU | GOLDENROD - INMATE (1ST COPY) |

INMATE'S NAME: BLOODSAW

CDC NUMBER: P-20045

## REASON(S) FOR PLACEMENT *(PART A)*

[X] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

[ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

[X] ENDANGERS INSTITUTION SECURITY    [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:

On Thursday, April 12, 2007, a decision was made to place you in the Administrative Segregation Unit (AD-SEG). The reason for your placement is while housed on Facility B you were charged with Battery on a Peace Officer. Specifically, you battered Correctional Officer J. Thom. Due to the lack of bed space in ( AD-SEG) you will be confined to quarters until bed space is available. You were not placed into ( AD-SEG) until **4-13-07** you will remain in the Administrative Segregation Unit pending adjudication of a Rules Violation Report (RVR) for Battery on a Peace Officer.

[ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)    [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE:    /    /

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 4-13-07 | R. TUFY | | LIEUTENANT |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE/SIGNATURE | STAFF'S TITLE |
|---|---|---|---|
| 4-13-07 | | R. Mazyck C/o    J. Mazyck | C/O |
| [X] INMATE REFUSED TO SIGN | | INMATE SIGNATURE Refused | CDC NUMBER |

## ADMINISTRATIVE REVIEW *(PART B)*
*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |

### IS THIS INMATE:

| | | | | | |
|---|---|---|---|---|---|
| LITERATE? | [X] YES | [ ] NO | EVIDENCE COLLECTION BY IE UNNECESSARY | [ ] YES | [ ] NO |
| FLUENT IN ENGLISH? | [X] YES | [ ] NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | [ ] YES | [ ] NO |
| ABLE TO COMPREHEND ISSUES? | [X] YES | [ ] NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | [ ] YES | [ ] NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [X] YES | [ ] NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | [ ] YES | |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] YES | | | | |

Any "NO" requires SA assignment    Any "NO" may require IE assignment

[ ] NOT ASSIGNED    [ ] NOT ASSIGNED

### INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER    [X] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

[ ] NO WITNESSES REQUESTED BY INMATE    INMATE SIGNATURE Refused    DATE

### WITNESSES REQUESTED FOR HEARING

| WITNESS NAME | TITLE/CDC NUMBER | WITNESS NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| | | | |
| WITNESS NAME | TITLE/CDC NUMBER | WITNESS NAME | TITLE/CDC NUMBER |

**DECISION:** [ ] RELEASE TO UNIT/FACILITY_____ [ ] RETAIN PENDING ICC REVIEW [ ] DOUBLE CELL [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | | DATE OF REVIEW |

**See chronological Classification Review document (CDC 128 - G) for specific hearing information**

DATE FAXED: 04-17-07

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| | | | | | EO7-04-0051 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| | | | 04-12-07 | 1855 HOURS |

**CIRCUMSTANCES**

[text illegible / faded]

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| | | | |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | | |
|---|---|---|---|---|
| A. NAVARRO  SGT | | DATE | LOC. | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE | E | | P. TERRY, LT | ☐ HO  ☒ SHO  ☐ SC  ☐ FC |
| ☒ SERIOUS | | | | |

### COPIES GIVEN INMATE BEFORE HEARING

| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) R. MILLS, C/O | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) R. MILLS, C/O | DATE | TIME | BY: (STAFF'S SIGNATURE) R. MILLS, C/O | DATE | TIME |

**HEARING**

(SEE ATTACHED HEARING SUMMARY)

REFERRED TO  ☐ CLASSIFICATION    ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) J. DIGGLE, LT | SIGNATURE | DATE | TIME |
|---|---|---|---|
| REVIEWED BY: (SIGNATURE) A. FOSS, FACILITY CAPTAIN | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | | DATE | TIME |

CDC 115 (7/88)

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| F-20045 | BLOODSAW | 3005(c) | 04-13-07 | PBSP | B07-04-0031 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☒ YES ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☒ **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| ☐ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | INMATE'S SIGNATURE ▶ | DATE |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| | |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I REVOKE** my request for postponement. | ▶ | |

## STAFF ASSISTANT

| STAFF ASSISTANT | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☒ REQUESTED | ☐ WAIVED BY INMATE | ▶ | |
| ☒ ASSIGNED | DATE 4/17/07 | NAME OF STAFF | |
| ☐ NOT ASSIGNED | REASON | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☒ WAIVED BY INMATE | ▶ | |
| ☐ ASSIGNED | DATE | NAME OF STAFF | |
| ☒ NOT ASSIGNED | REASON | | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER _____   ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | | | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE | DATE |
|---|---|---|
| | ▶ | |

| | BY: (STAFF'S SIGNATURE) | | TIME | DATE |
|---|---|---|---|---|
| ☐ COPY OF CDC 115-A GIVEN INMATE | ▶ | | | |

CDC 115-A (7/88)   *— If additional space is required use supplemental pages —*   OSP 03 74845

7S 7

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

RULES VIOLATION REPORT - PART C

PAGE ___1___ OF ___2___

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P-20045 | BLOODSAW | B07-04-0031 | PBSP | 4/23/07 |

| ☐SUPPLEMENTAL | ☒CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☒HEARING | ☐I.E .REPORT | ☐OTHER |

**Hearing**: On 04-21-2007 at approximately 1930 hours, BLOODSAW was given the opportunity to attend this disciplinary hearing. BLOODSAW declined. When informed by staff that he needed to sign a CDC 128-B confirming that he had refused to attend, BLOODSAW refused to sign. At this institution, force will not be used to coerce attendance at a hearing. For this reason, his refusal to attend was accepted and the hearing was held in his absence. A CDC 128-B with the signature of two staff witnesses (C/O C. Speaker and C/O J. Keeling) to his refusal was completed.

**District Attorney**: Per the California Department of Corrections (CDC) Form 115-A, BLOODSAW was advised by the Staff Assistant prior to this disciplinary hearing that this has been referred for possible prosecution and that he can postpone his hearing pending resolution of prosecution. The Staff Assistant informed him that any statements could be used against him in a court of law. There is no reason to believe that BLOODSAW signed a written postponement request.

**Due Process**: The behavior of this inmate was evaluated at the time that the Reviewing Supervisor reviewed this disciplinary report. The Reviewing Supervisor concluded that a mental health assessment was not required. The SHO concurs. There is no compelling need for a mental health assessment based upon the circumstances given in this report. The disciplinary was served on the inmate within 15 days of discovery and the hearing was held within 30 days of service. The inmate received his copies of all documents more than 24 hours in advance of the hearing. There are no due process issues.

**Staff Assistant**: BLOODSAW was assigned a Staff Assistant as BLOODSAW is illiterate (reading score of 4.0 or less). The assigned SA, Correctional Officer C. Leveque, was present at the hearing and confirmed that he interviewed BLOODSAW more than 24 hours in advance. Officer Leveque confirmed that he had explained hearing procedures, disciplinary charges, the evidence supporting these charges and the right to request confidentiality.

**Investigative Employee**: BLOODSAW has no apparent interest in an investigation on his behalf. The issues are not complex and available information is sufficient. I.E. assignment is unnecessary.

**Witnesses**: No witnesses were called to this hearing. None were listed on the CDC 115-A as requested by the inmate and the SHO did not require any additional testimony.

**Video/photo evidence**: Videotape and photographic evidence was not an issue for this hearing.

As BLOODSAW did not attend the hearing, a plea was not entered and he did not present any testimony in his own defense. The hearing was decided based upon the following written evidence: CDC 115 of 04-12-2007 as well as the Incident report.

**Finding**: Guilty of the Div. B (1) offense BATTERY ON A PEACE OFFICER. *Battery* means the deliberate use of force or violence on the person of another. Battery includes intentionally striking the person of another as well as the clothing or any object closely associated with that person. If the battery is unintentional, the inmate remains responsible if it is the result of reckless indifference. *Reckless indifference* means that any reasonable person committing the intended action would understand that battery was probable. This offense also requires that the victim of this battery qualify as a peace officer. In general, this means custody, counseling, administrative and MTA staff members. This finding is based upon the following preponderance of evidence:

A. The testimony of Correctional Officer J. Thom, in the disciplinary report of 04-12-2007, wherein Officer Thom testifies that on 04-12-2007, at approximately 1855 hours, He and Officer Holmes were issuing legal mail to BLOODSAW from the floor officer's station. BLOODSAW seemed agitated when he entered the officer's station. Officer Thom and Officer

| SIGNATURE OF WRITER | | TITLE | | DATE NOTICE SIGNED | |
|---|---|---|---|---|---|
| J. DIGGLE | | Correctional Lieutenant | | 4/23/07 | |
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | | DATE SIGNED: 042707 | | TIME SIGNED: 1300 |

STATE OF CALIFORNIA                                                  DEPARTMENT OF CORRECTIONS

RULES VIOLATION REPORT - PART C                          PAGE ___2___ OF ___2___

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P-20045 | BLOODSAW | B07-04-0031 | PBSP | 4/23/07 |

| ☐SUPPLEMENTAL | ☒CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☒HEARING | ☐I.E. REPORT | ☐OTHER |
|---|---|---|---|---|---|

Holmes attempted to counsel BLOODSAW on his behavior. BLOODSAW was not receptive, and started yelling, "Fuck you, fuck you, you white motherfuckers, you can suck my dick." Officer Thom and Officer Holmes gave BLOODSAW a direct order to return to his cell. Officer Thom escorted BLOODSAW back to A section. BLOODSAW was still yelling and cursing, when approximately two feet from the A section door he turned left into a bladed stance. Officer Thom ordered BLOODSAW to get down. Instead, BLOODSAW took a step toward Officer Thom. Officer Thom grabbed BLOODSAW by the front of his shirt with his right hand and wrapped his left hand around BLOODSAW's upper body, pulling BLOODSAW down. With the help of Officer Holmes, they placed BLOODSAW on the floor in the prone position. BLOODSAW continued to fight, refusing numerous orders to submit to handcuffs. Officer Thom pulled BLOODSAW's right hand behind his back so Officer Holmes could place handcuffs on BLOODSAW. BLOODSAW kicked Officer Thom in the right knee while the officers were trying to restrain him.

B. The 837C Crime / Incident report written by Correctional Officer T. Holmes, where Officer Holmes states that at some point during the incident, he sustained an injury to his right ring finger. The 7219 Medical Report of Injury reflects that Officer Holmes had swelling to his right ring finger.

C. The fact that BLOODSAW kicked Officer Thom in the right knee clearly supports the charge of battery.

**Disposition**: Assessed **150** day credit forfeiture for this Div. B offense. Referred to classification for SHU assessment. BLOODSAW is referred to CCR §3084.1 and following for additional information on appeal procedures.

**Additional penalties**: None

| SIGNATURE OF WRITER | | TITLE | DATE NOTICE SIGNED | |
|---|---|---|---|---|
| J. DIGGLE | | Correctional Lieutenant | 4/23/07 | |
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY (STAFF'S SIGNATURE) | | DATE SIGNED: 042707 | TIME SIGNED: 1300 |

15

STATE OF CALIFORNIA                                                      DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART A1 – COVER SHEET
CDCR 837 – A (Rev. 07/05)

| | | | |
|---|---|---|---|
| PAGE 1 OF   5 | INCIDENT LOG NUMBER PBP-B08-07-04-0144 | INCIDENT DATE April 12, 2007 | INCIDENT TIME 1855 hours |

| INSTITUTION PBSP | FACILITY B | FACILITY LEVEL ☐ I   ☐ II   ☐ III   ☐ IV | INCIDENT SITE B-8 | LOCATION Rotunda | ☐ ASU  ☐ SHU  ☐ PSU ☐ SNY  ☐ PHU  ☐ CTC ☒ GP   ☐ RC | SEG YARD ☐ ASU ☒ WA ☐ RM | USE OF FORCE ☒ YES   ☐ NO |

SPECIFIC CRIME / INCIDENT
☒ CCR   ☐ PC   ☐ N/A
BATTERY ON A PEACE OFFICER                NUMBER/SUBSECTION.   3005 (c)

| D.A REFERRAL ELIGIBLE ☒ YES  ☐ NO | CRISIS RESPONSE TEAM ACTIVATED ☐ YES ☒ NO | MUTUAL AID REQUESTED ☐ YES  ☒ NO | PIO/AA NOTIFIED ☒ YES   ☐ NO |
|---|---|---|---|

### RELATED INFORMATION (CHECK ALL THAT APPLY OR N/A)

| DEATH | CAUSE OF DEATH | ASSAULT / BATTERY | TYPE OF ASSAULT / BATTERY |
|---|---|---|---|
| ☐ INMATE | ☐ ACCIDENTAL  ☐ NATURAL | ☐ ON INMATE | ☒ BEATING | ☐ SPEARING |
| ☐ STAFF | ☐ EXECUTION   ☐ UNKNOWN | ☒ ON STAFF | ☐ GASSING | ☐ STABBING |
| ☐ VISITOR | ☐ HOMICIDE | ☐ ON VISITOR | ☐ POISONING | ☐ STRANGLING |
| ☐ OTHER | ☐ SUICIDE | ☐ OTHER: | ☐ SEXUAL | ☐ OTHER: |
| | ☐ OVERDOSE | | ☐ SHOOTING | |
| ☒ N/A | ☒ N/A | ☐ N/A | ☐ SLASHING | ☐ N/A |

| SERIOUS INJURY | INMATE WEAPONS | | SHOTS FIRED / TYPE WEAPON / FORCE |
|---|---|---|---|

SERIOUS INJURY
☐ INMATE
☐ STAFF
☐ VISITOR
☐ OTHER

☒ N/A

INMATE WEAPONS
☐ CHEMICAL SUBSTANCE          TYPE:
☐ CLUB / BLUDGEON              ☐ COMMERCIAL WEAPON
☐ EXPLOSIVE
☐ FIREARM                     ☐ INMATE MANUFACTURED
☒ HANDS / FEET                      WEAPON
☐ KNIFE
☐ SAP/SLUNG SHOT
☐ PROJECTILE
☐ SPEAR
☐ SLASHING INSTRUMENT:   (TYPE)
☐ STABBING INSTRUMENT:   (TYPE)
☐ OTHER:
☐ BODILY FLUID   ☐ OTHER FLUID
☐ UNKNOWN LIQUID
☐ N/A

SHOTS FIRED / TYPE WEAPON / FORCE

| WEAPON: | WARNING# | EFFECT# | TYPE: | NO: |
|---|---|---|---|---|
| ☐ MINI 14 | | | BATON ROUND | |
| ☐ 38 CAL. | | | WOOD | |
| ☐ 9MM | | | RUBBER | |
| ☐ SHOTGUN | | | FOAM | |
| LAUNCHER: | | | STINGER: | |
| ☐ 37MM | | | .32 (A) | |
| ☐ L8 | | | .60 (B) | |
| ☐ 40 MM | | | EXACTIMPACT | |
| ☐ 40 MM MULTI | | | CTS 4557 | |
| ☐ HFWRS | | | XM 1006 | |
| FORCE: | | | CHEMICAL: | |
| ☐ EXPANDABLE BATON | | | ☐ OC | |
| ☒ PHYSICAL FORCE | | | ☐ CN | |
| ☐ X10 | | | ☐ CS | |
| ☐ OTHER: | | | ☐ N/A | |

ESCAPES
☐ W / FORCE
☐ W/O FORCE
☐ ATTEMPTED

☒ N/A

| CONTROLLED SUBSTANCE | WEIGHT | PROGRAM STATUS | EXCEPTIONAL ACTIVITY |
|---|---|---|---|
| ☐ POSITIVE UA | ☐ WITH PACKAGING | ☐ MODIFIED PROGRAM | ☐ EMPLOYEE JOB ACTION | ☐ WEATHER |
| ☐ CONTROLLED MEDS | ☐ WITHOUT PACKAGING | ☐ LOCKDOWN | ☐ ENVIRONMENTAL HAZARD | ☐ SEARCH WARRANT |
| | PRELIMINARY    LAB | ☐ STATE OF EMERGENCY | ☐ EXPLOSION | ☐ ARREST |
| ☐ AMPHETAMINE | | | ☐ FIRE | ☐ OTHER: |
| ☐ BARBITUATES | | IF YES, LIST AFFECTED | ☐ GANG/DISRUPTIVE GROUP | |
| ☐ COCAINE | | PROGRAMS | ☐ HOSTAGE | EXTRACTION: |
| ☐ CODEINE | | | ☐ INMATE STRIKE | ☐ CONTROLLED |
| ☐ HEROIN | | | ☐ MAJOR DISTURBANCE | ☐ IMMEDIATE |
| ☐ MARIJUANA/THC | | | ☐ MAJOR POWER OUTAGE | |
| ☐ METHAMPHETAMINE | | | ☐ NATURAL DISATER | |
| ☐ MORPHINE | | | ☐ PUBLIC DEMONTRATION | |
| ☐ OTHER: | | ☒ N/A | ☐ SPECIAL INTEREST I/M | ☒ N/A |
| ☒ N/A | | | | |

BRIEF DESCRIPTION OF INCIDENT (ONE OR TWO SENTENCES):

On Thursday, April 12, 2007 at approximately 1855 hours, Inmate BLOODSAW, P-20045, B8-101L, battered staff by attempting to break escort and resisting staff, necessitating the use of physical force to gain compliance.  While staff was attempting to restrain BLOODSAW, BLOODSAW kicked Officer J. Thom in the right knee.

SUSPECTS: BLOODSAW, P-20045, B8-101L

VICTIMS: Officer J. Thom, Officer T. Holmes

COMPLETE SYNOPSIS / SUMMARY ON PART A1          Reviewed By:  Facility Captain M. Foss

| NAME OF REPORTING STAFF (PRINT/TYPE) R. Tupy | TITLE Lieutenant | ID # N/A | BADGE # 55479 |
|---|---|---|---|
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. (INCIDENT SITE) 7953 | DATE 04/12/2007 |
| NAME OF WARDEN / AOD (PRINT/SIGN) ROBERT A. HOREL | | TITLE Warden | DATE |

DEPARTMENT OF CORRECTIONS AND REHABILITATION

| STATE OF CALIFORNIA | | | | INCIDENT LOG NUMBER |
|---|---|---|---|---|
| **PART A1 – SUPPLEMENT** | | PAGE | 2 OF 5 | PBP-B08-07-04-0144 |
| CDCR 837 – A1 (07/05) | | | | |

| INSTITUTION | FACILITY | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| Pelican Bay State Prison | B | April 12, 2007 | 1855 hours |

TYPE OF INFORMATION
☒ SYNOPSIS/SUMMARY OF INCIDENT    ☐ SUPPLEMENTAL INFORMATION    ☐ AMENDED INFORMATION    ☐ CLOSURE REPORT

NARRATIVE:

BLOODSAW was in the B8 Officer's station getting his legal mail when he became verbally abusive to staff. B8 Floor staff ordered BLOODSAW to return to his cell. As BLOODSAW was being escorted back to his cell, he turned and assumed a bladed stance. Officer Thom ordered BLOODSAW to get down, BLOODSAW refused and lunged towards Officer Thom. Officer Thom and Officer Holmes utilized physical force to get BLOODSAW into the prone position on the ground. During this time, BLOODSAW kicked Officer THOM in the right knee.

**ESCORTS:** Officers C. Chapman and T. Wadsworth escorted BLOODSAW from B8 to the B Facility Hobby Shop Holding Cell #1.

**MENTAL HEALTH DELIVERY SYSTEM CLASSIFICATION:** Inmate BLOODSAW was not a participant in the Mental Health Delivery System at the time of this incident.

**MEDICAL REPORTS/INJURIES TO STAFF:** MTA J. Keys medically evaluated Officer J. Thom and prepared a CDC 7219 noting the following: pain in the right knee, an abrasion/scratch to the left wrist and right thumb. MTA Keys medically evaluated Officer T. Holmes and noted the following: a swollen right ring finger.

**MEDICAL REPORTS/INJURIES TO INMATES:** MTA Keys medically evaluated BLOODSAW and prepared a CDC 7219 noting the following: Dried blood on the left nostril and lower lip, pain in the neck and left knee.

**CRIME SCENE/EVIDENCE:** A crime scene was not established and no evidence was collected from this incident.

**USE OF FORCE:** Officers J. Thom, T. Holmes and L. Northrup utilized physical force to gain control of BLOODSAW.

**STATUS OF VIDEOTAPED INTERVIEW:** BLOODSAW was offered a video interview due to the injury to his lip. A video interview will be conducted on April 13, 2007.

**CONCLUSION:** Inmate BLOODSAW will be charged under the California Code of Regulations (CCR), Title 15, Section 3005 (c), specifically BATTERY ON A PEACE OFFICER. This case has been referred to the Del Norte County District Attorneys Office for possible felony prosecution.

**NOTIFICATIONS:** The Administrative Officer of the Day, Associate Warden M. Cook was notified of this incident through the Watch Commander's Office. The Warden and all appropriate administrative staff were notified of this incident through the Watch Commander's Office. CCPOA Chapter President R. Newton was notified of this incident through the Watch Commander's Office. You will be notified of any changes, should they occur, through supplemental reports.

**OVERTIME:** There was no overtime incurred as a result of this incident.

| ☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1 | | Reviewed By: Facility Captain M. Foss | | |
|---|---|---|---|---|
| NAME OF REPORTING STAFF (PRINT/TYPE) R. Tupy | TITLE Lieutenant | ID # N/A | | BADGE # 55479 |
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. (INCIDENT SITE) 7953 | | DATE 04/12/2007 |
| NAME OF WARDEN / AOD (PRINT/SIGN) ROBERT A. HOREL | | TITLE Warden | | DATE |

*17*

Incident number:    PBP-B08-07-04-0144

Inmates charged with a disciplinary offense related to this incident will not receive a copy of the CDC 837-B as part of the evidence for their disciplinary hearing.

Per the memorandum of June 11, 1998 CLARIFICATION OF REQUIRED REPORTS FOR CALIFORNIA DEPARTMENT OF CORRECTIONS FORM 115, RULE VIOLATION REPORT HEARINGS, it is not required that the inmate receive a copy of the 837-B as part of his prehearing documents. A list of the participants may be substituted. This is the list of participants authorized by that memorandum.

| | | | |
|---|---|---|---|
| BLOODSAW | P-20045 | TUPY, R. | Correctional Lieutenant |
| | | PEPIOT,A. | Correctional Sergeant |
| | | CHAPMAN,C. | Correctional Officer |
| | | HOLMES,T. | Correctional Officer |
| | | NORTHRUP,L. | Corrrectional Officer |
| | | SILVA,J. | Correctional Officer |
| | | THOM,J. | Correctional Officer |
| | | WADSWORTH,T. | Correctional Officer |
| | | KEYS,J. | MTA |

18

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C – STAFF REPORT
CDCR 837-C  (Rev. 07/05)

| PAGE | 1 | OF | 1 | INCIDENT LOG NUMBER |
|---|---|---|---|---|
| | | | | PBP-B08-07-04-0144 |

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| Pepiot | A. | L. | 4-12-07 | 1855 Hours |

| POST # | POSITION | YEARS OF SERVICE | | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|---|
| 370376 | Facility B Program Sergeant | 5  Years | 06  Months | 4-12-07 | B 8 Rotunda |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE    ☐ N/A |
|---|---|---|---|
| F/S | 1400-2200 | Battery on Peace Officer | 3005 (c) |

| YOUR ROLE | WITNESSES (PREFACE  S-STAFF, V-VISITOR, O-OTHER) | | INMATES INVOLVED (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | |
|---|---|---|---|---|
| ☐ PRIMARY | (s) C/O J. Thom | (s) MTA J. Keys | (s) BLOODSAW P-20045 | B8-101L |
| ☒ RESPONDER | (s)C/O T. Holmes | | | |
| ☐ WITNESS | (s)C/O L. Northrup | | | |
| ☐ VICTIM | (s) C/O C. Chapman | | | |
| ☐ CAMERA | (s) C/O T. Wadsworth | | | |

| FORCE USED BY YOU | | WEAPONS AND SHOTS FIRED BY YOU | | | | CHEMICAL AGENTS USED BY YOU | |
|---|---|---|---|---|---|---|---|
| ☐ WEAPON | | | NO: | | NO: | TYPE: | TYPE: |
| ☐ PHYSICAL | | ☐ MINI-14 | | ☐ 37 MM | | | ☐ OC |
| ☐ CHEMICAL | | ☐ 9 MM | | ☐ 40 MM | | | ☐ CN |
| ☒ NONE | | ☐ 38 CAL | | ☐ L8 | | | ☐ CS |
| FORCE OBSERVED | | ☐ SHOTGUN | | ☐ 40 MULTI | | | ☐ OTHER: |
| BY YOU | | | | ☐ HFWRS | | | |
| ☐ WEAPON | | ☒ N/A | | ☐ BATON | | | ☒ N/A |
| ☐ PHYSICAL | | | | | | | |
| ☐ CHEMICAL | | | | | | | |
| ☒ NONE | | | | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY      ☒ N/A | | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN | | ☒ NO |
| | | | ☐ OTHER | | |

NARRATIVE:

On Thursday, April 12, 2007, while assigned as the "B" Facility program Sergeant, I responded to an alarm in building B-8, at approximately 1855 hours. I arrived to find an inmate and three officers on the floor in the rotunda. The inmate later identified as BLOODSAW P-20045, housed in B-8 cell 101L was in a prone position being held down by Correctional officers J. Thom, T. Holmes and L. Northrup. C/O Thom was on BLOODSAW'S right side and C/O Holmes was on BLOODSAW'S left side and C/O Northrup was holding BLOODSAW'S legs. C/O C. Chapman placed leg irons on BLOODSAW'S legs. Thom and Holmes helped BLOODSAW to his feet where C/ O's Chapman and Wadsworth then took over the escort. BLOODSAW was then escorted to the B yard hobby shop and placed in holding cell number (1) one. Medical Technical Assistant J. Keys then performed a 7219 medical report on BLOODSAW. BLOODSAW was then taken to the (CTC) Correctional Treatment Center for further evaluation and released back to the yard to be re-housed. BLOODSAW was re-housed into B-7 cell 127L and CTQ'D Confined to Quarters pending placement into Administrative Segregation.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| A. Pepiot | Sergeant. | 64308 | 4-12-07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED   ☐ YES ☐ NO | CLARIFICATION NEEDED   ☐ YES ☐ NO | DATE |
|---|---|---|---|---|

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C – STAFF REPORT
CDCR 837-C (Rev. 07/05)

| PAGE | 1 | OF | 2 | INCIDENT LOG NUMBER PBP-B08-07-04-0144 |

| NAME: LAST HOLMES | FIRST T. | MI R. | INCIDENT DATE 04/12/07 | INCIDENT TIME 1855 |

| POST # 371628 | POSITION B8 FLOOR OFFICER | YEARS OF SERVICE 4 Years 5 Months | DATE OF REPORT 04/12/07 | LOCATION OF INCIDENT B8 ROTUNDA |

| RDO's S/S | DUTY HOURS 1400-2200 | DESCRIPTION OF CRIME / INCIDENT BATTERY ON A PEACE OFFICER | CCR SECTION / RULE 3005 (c) | ☐ N/A |

**YOUR ROLE**
- ☐ PRIMARY
- ☒ RESPONDER
- ☐ WITNESS
- ☐ VICTIM
- ☐ CAMERA

**WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER)**
(S) C/O J. THOM
(S) C/O T. WADSWORTH
(S) C/O L. NORTHRUP
(S) C/O J. SILVA
(S) C/O C. CHAPMAN
(S) SGT. A. PEPIOT

**INMATES INVOLVED (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS)**
(S) BLOODSAW     (P20045, B8-101L)

**FORCE USED BY YOU**
- ☐ WEAPON
- ☒ PHYSICAL
- ☐ CHEMICAL
- ☐ NONE

**FORCE OBSERVED BY YOU**
- ☐ WEAPON
- ☒ PHYSICAL
- ☐ CHEMICAL
- ☐ NONE

**WEAPONS AND SHOTS FIRED BY YOU**

| | NO: | | NO: | TYPE: |
| ☐ MINI-14 | | ☐ 37 MM | | |
| ☐ 9 MM | | ☐ 40 MM | | |
| ☐ 38 CAL | | ☐ L8 | | |
| ☐ SHOTGUN | | ☐ 40 MULTI | | |
| | | ☐ HFWRS | | |
| ☒ N/A | | ☐ BATON | | |

**CHEMICAL AGENTS USED BY YOU**

TYPE:
- ☐ OC
- ☐ CN
- ☐ CS
- ☐ OTHER:

☒ N/A

**EVIDENCE COLLECTED BY YOU**
- ☐ YES
- ☒ NO

| EVIDENCE DESCRIPTION ☒ N/A | EVIDENCE DISPOSITION ☒ N/A | BIO HAZARD ☐ YES ☒ NO | PPE ☐ YES ☒ NO |

**REPORTING STAFF INJURED**
- ☒ YES
- ☐ NO

| DESCRIPTION OF INJURY SPRAINED RIGHT RING FINGER ☐ N/A | LOCATION TREATED (HOSPITAL / CLINIC) B-FACILITY MEDICAL CLINIC ☐ N/A | FLUID EXPOSURE ☐ BODILY ☒ N/A ☐ UNKNOWN ☐ OTHER ___ | SCIF 3301 / 3067 COMPLETED ☒ YES ☐ NO |

**NARRATIVE:**

ON THURSDAY, 4/12/07 AT APPROXIMATELY 1855 HOURS, WHILE CONDUCTING LEGAL MAIL ISSUE IN THE B8 FLOOR OFFICERS STATION, I ASKED CONTROL BOOTH OFFICER J. SILVA TO HAVE INMATE (I/M) BLOODSAW (P20045, B8-101L) REPORT TO THE OFFICE TO RECEIVE HIS LEGAL MAIL. I/M BLOODSAW REPORTED TO THE OFFICE AND APPEARED TO BE AGGITATED. I TOLD BLOODSAW TO SIGN FOR HIS LEGAL MAIL. BLOODSAW SAID "FUCK YOU WHITE MOTHERFUCKER. SUCK MY DICK". I/M BLOODSAW THEN SIGNED FOR HIS LEGAL MAIL. SENSING BLOODSAW'S AGGITATION, I ORDERED BLOODSAW TO RETURN TO HIS CELL. BLOODSAW BECAME VERBALLY ABUSIVE AND CONTINUED HIS VERBAL ASSAULT. CORRECTIONAL OFFICER (C/O) J. THOM SAID "YOU NEED TO TAKE IT BACK TO YOUR HOUSE" AND STOOD UP FROM HIS CHAIR INSIDE THE OFFICE. C/O J. THOM THEN BEGAN TO ESCORT BLOODSAW TOWARDS THE "A" SECTION DOOR. I THEN HEARD C/O J. THOM YELL "GET DOWN" FROM WHAT SOUNDED LIKE THE ROTUNDA AREA NEAR THE "A" SECTION DOOR. I IMMEDIATELY RESPONDED TO THE ROTUNDA NEAR THE "A" SECTION DOOR AND SAW I/M BLOODSAW STANDING IN A BLADED STANCE FACING C/O J. THOM. I SAW C/O J. THOM ATTEMPT TO GRASP BLOODSAW AROUND HIS UPPER TORSO AREA. I GRASPED BLOODSAW WITH MY LEFT HAND AROUND BLOODSAW'S LEFT

✳ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF *J. Holmes* | TITLE C/O | BADGE # 66538 | DATE 4/12/07 |

| NAME AND TITLE OF REVIEWER (PRINT/SIGNATURE) A. Pepiot SGT *Pepiot* | DATE RECEIVED 4-12-07 | APPROVED ☐ YES ☐ NO | CLARIFICATION NEEDED ☐ YES ☐ NO | DATE |

20

◆STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C1 – SUPPLEMENT
CDCR 837-C1 (Rev. 07/05)

| | PAGE | 2 | OF | 2 | INCIDENT LOG NUMBER PBP-B08-07-04-0144 |
|---|---|---|---|---|---|

| NAME: LAST | FIRST | | MI |
|---|---|---|---|

TYPE OF INFORMATION

☒ CONTINUATION OF REPORT ☐ ADDITIONAL INFORMATION ☐ CLARIFICATION REQUEST

NARRATIVE:

UPPER ARM AND PLACED MY RIGHT HAND (PALM OPEN) ONTO BLOODSAW'S UPPER BACK AREA. I SAW THAT C/O J. THOM HAD POSITIONED HIMSELF NEAR MYSELF AND I/M BLOODSAW. C/O J. THOM APPEARED TO HAVE AHOLD OF BLOODSAWS UPPER BACK AREA. USING A DOWNWARD PULLING MOTION WITH MY LEFT ARM AND STRENGTH, I PULLED BLOODSAW DOWN TO THE ROTUNDA FLOOR WITH THE HELP OF C/O J. THOM'S PULLING MOTION. AS WE BROUGHT BLOODSAW TO THE FLOOR, BLOODSAW WAS IN THE PRONE POSITION. I COULD FEEL BOTH OF BLOODSAW'S LEGS KICKING REPEATEDLY IN VERY FORCEFUL FORWARD AND BACKWARD MOTIONS AS HE WAS LAYING ON THE GROUND. I ORDERED BLOODSAW TO STOP KICKING. BLOODSAW DID NOT COMPLY WITH MY ORDERS AND CONTINUED TO KICK. I THEN RETRIEVED MY HANDCUFF RESTRAINTS AND ORDERED BLOODSAW TO "CUFF UP". BLOODSAW'S HANDS WERE POSITIONED NEAR HIS FACE AREA. BLOODSAW DID NOT COMPLY WITH MY ORDER TO CUFF UP AND USED HIS OWN STRENGTH TO MAINTAIN HIS HAND POSITIONING. I USED MY LEFT HAND TO GRAB AHOLD OF BLOODSAW'S LEFT WRIST AND USED A REAR PULLING MOTION TO GUIDE BLOODSAW'S LEFT ARM BEHIND HIS BACK. I APPLIED ONE HANDCUFF RESTRAINT TO BLOODSAW'S LEFT WRIST AND MAINTAINED CONTROL OF HIS LEFT LOWER ARM AREA WITH MY LEFT HAND. BLOODSAW WAS TRYING TO PULL HIS LEFT ARM BACK UP TOWARDS HIS FACE AREA IN A CLEAR ATTEMPT OF NON-COMPLIANCE, ALL THE WHILE STILL ATTEMPTING TO KICK. I LOOKED BACK AND SAW THAT C/O L. NORTHRUP HAD RESPONDED TO THE INCIDENT AND WAS NOW USING HIS BODY-WEIGHT TO MAINTAIN CONTROL OF BLOODSAW'S LOWER LEGS. I THEN SAW THAT C/O J. THOM HAD PULLED BLOODSAW'S RIGHT ARM BEHIND HIS BACK AND I WAS ABLE TO APPLY THE RIGHT HANDCUFF RESTRAINT ONTO BLOODSAW'S RIGHT WRIST AREA. I THEN SAW RESPONDING STAFF ARRIVING INTO THE B8 ROTUNDA AREA. I HEARD SERGEANT A. PEPIOT SAY TO TAKE BLOODSAW TO THE HOBBY SHOP. C/O J. THOM AND I STOOD BLOODSAW TO HIS FEET. C/O T. WADSWORTH AND C/O C. CHAPMAN THEN RELIEVED C/O J. THOM AND I ON THE ESCORT AND ESCORTED BLOODSAW OUT OF THE B8 ROTUNDA TOWARD THE B-YARD HOBBY SHOP. AFTER THE INCIDENT WAS COMPLETED, I REPORTED TO THE B-FACILITY MEDICAL CLINIC TO BE EVALUATED FOR AN APPARENT SPRAIN TO MY RIGHT RING FINGER, SUSTAINED AT AN UNKNOWN TIME DURING THE INCIDENT. THIS ENDS MY INVOLVEMENT IN THIS INCIDENT.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | | DATE |
|---|---|---|---|---|
| J. Thom | C/O | 66538 | | 4/12/07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| A. Pepiot SGT Pepiot | 4-12-07 | ☒ YES ☐ NO | ☐ YES ☐ NO | |

Distribution    Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**
**PART C - STAFF REPORT**
CDCR 837-C (Rev. 07/05)

PAGE _1_ OF _2_

INCIDENT LOG NUMBER: PBP·08-07-04-0144

| NAME: LAST Northrup | FIRST L | MI W | INCIDENT DATE 4-12-07 | INCIDENT TIME 1855 |
|---|---|---|---|---|

| POST # 371620 | POSITION B-7 floor | YEARS OF SERVICE 4 Years 10 Months | DATE OF REPORT 4-12-07 | LOCATION OF INCIDENT B-8 |
|---|---|---|---|---|

| RDO/s S/S | DUTY HOURS 14-2200 | DESCRIPTION OF CRIME / INCIDENT Battery on Peace Officer | CCR SECTION / RULE 3005 (C) | ☐ |
|---|---|---|---|---|

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | Sgt. A. Peprot (S) | |
| ☒ RESPONDER | C/o T. Holmes (S) | |
| ☐ WITNESS | C/o J. Thom (S) | |
| ☐ VICTIM | C/o C. Chapman(S) | |
| ☐ CAMERA | C/o T. Wadsworth(S) | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | CHEMICAL AGENTS USED BY YOU |
|---|---|---|
| ☐ WEAPON | | |
| ☒ PHYSICAL | NO: NO: TYPE: | TYPE: |
| ☐ CHEMICAL | ☐ MINI-14 ___ ☐ 37 MM ___ | ☐ OC |
| ☐ NONE | ☐ 9 MM ___ ☐ 40 MM ___ | ☐ CN |
| **FORCE OBSERVED BY YOU** | ☐ 38 CAL ___ ☐ L8 ___ | ☐ CS |
| ☐ WEAPON | ☐ SHOTGUN ___ ☐ 40 MULTI ___ | ☐ OTHER: ___ |
| ☒ PHYSICAL | ☐ HFWRS | ☒ N/A |
| ☐ CHEMICAL | ☒ N/A ☐ BATON | |
| ☐ NONE | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☒ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☒ NO | ☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN ☐ OTHER: | ☒ NO |

NARRATIVE: On 4-12-07 at approximately 1855 hours, I was working as B-7 floor officer. I was in B-8 talking with Correction Officer C/o T. Holmes while he was conducting legal mail pass when inmate (Ym) Bloodsaw, P-20045 came down to the office for his legal mail. C/o Holmes and C/o J. Thom also were counseling him on his behavior earlier in the day. As the conversation progressed, Bloodsaw became increasingly louder and beligerant while argueing. He began to yell obscenities at C/o thom stating "Suck my dick" and "fuck you". At this point C/o Holmes gave Bloodsaw a direct order to "take it back home". As Bloodsaw turned to go back to "A" section he continued

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE C/o | BADGE # 65647 | DATE 4-12-07 |
|---|---|---|---|

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) A. Peprot Sgt | DATE RECEIVED 4-12-07 | APPROVED ☐ YES ☐ NO | CLARIFICATION NEEDED ☐ YES ☐ NO | DATE |
|---|---|---|---|---|

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDCR B37-C1 (Rev. 07/05)

PAGE 2 OF 2

INCIDENT LOG NUMBER
PBP-08-07-04-0144

NAME: LAST  _Northrup_    FIRST  _L_    MI  _W_

TYPE OF INFORMATION:
☒ CONTINUATION OF REPORT    ☐ CLARIFICATION OF REPORT    ☐ ADDITIONAL INFORMATION

NARRATIVE: to yell obsenities so C/o Thom followed him out the door toward "A" section to ensure he went strait back to his cell. I began talking to C/o Holmes, still inside the office, when I heard C/o Thom yell "get down". I immediately ran out of the office behind C/o Holmes and observed C/o Thom and I/m Bloodsaw clenched together struggling. C/o Holmes was in front of me and grabbed Bloodsaws upper body area and assisted in taking Bloodsaw to the ground. While on the ground Bloodsaw continued resisting by kicking his feet up and down and back and forth. C/o Thom and C/o Holmes were struggling with Bloodsaws upper body so I grabbed his feet in an attempt to subdue them. Bloodsaw continued to attempt to kick me so I placed my full upper body weight on his legs. I heard C/o Holmes order Bloodsaw to "cuff up" "give me your arm" and continued to struggle before placing him in handcuffs. As responding staff arrived I began yelling for someone to get me some leg irons. C/o C. Chapman then stepped forward and placed Bloodsaw in leg irons. I then heard Sergeant A. Pediot say "get him up, take him to the hobby shop." C/o Holmes was on his left side with C/o Thom on his right side. They assisted Bloodsaw to his feet when C/o Chapman and C/o T. Wadsworth took over the escort. They escorted Bloodsaw out of B-8. this concludes my involvement in this incident.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL PART C1

SIGNATURE OF REPORTING STAFF  _A.W. N__    TITLE  C/o    BADGE #  65647    DATE  4-12-07

NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE)    DATE RECEIVED    APPROVED    CLARIFICATION NEEDED    DATE

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C - STAFF REPORT
CDCR 837-C (Rev. 07/05)

PAGE _1_ OF _2_

INCIDENT LOG NUMBER: PI3P-B08-07-04-0144

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| Thom | James | C | 4·12·07 | 1855 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 271630 | B8 Activities | 15 Years 1 Months | 4·12·07 | B8· Rotunda |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
|---|---|---|---|
| S/S/H | 0600/1400 | Battery on a Peace Officer | 3005 (C) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☒ PRIMARY | (S) T/O T. Holmes | (S) I/m Bloodsaw P20045 |
| ☐ RESPONDER | (S) C/O C. Chapman | |
| ☐ WITNESS | (S) C/O T. Wadsworth | |
| ☐ VICTIM | | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | CHEMICAL AGENTS USED BY YOU |
|---|---|---|
| ☐ WEAPON | | |
| ☒ PHYSICAL | **NO:** **NO:** **TYPE:** | **TYPE:** |
| ☐ CHEMICAL | ☐ MINI-14 ☐ 37 MM | ☐ OC |
| ☐ NONE | ☐ 9 MM ☐ 40 MM | ☐ CN |
| FORCE OBSERVED BY YOU | ☐ 38 CAL ☐ L8 | ☐ CS |
| ☐ WEAPON | ☐ SHOTGUN ☐ 40 MULTI | ☐ OTHER: |
| ☒ PHYSICAL | ☐ HFWRS | |
| ☐ CHEMICAL | ☒ N/A ☐ BATON | ☒ N/A |
| ☐ NONE | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☒ NO | ☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☒ YES | Cut on right Hand and left wrist, Pain in right | ☐ N/A | ☐ BODILY  ☒ N/A  ☐ UNKNOWN  ☐ OTHER: | ☒ YES |
| ☐ NO | ☐ N/A Knee | | | ☐ NO |

NARRATIVE: On 4·12·07 at approximately 1855 hours Correctional Officer T. Holmes and I were attemping to issue inmate Bloodsaw his legal mail in the B8 officer station. I/m Bloodsaw seemed agitated when he entered the office. C/O Holmes and I both tried to counsel Bloodsaw on his earlier behavior. Bloodsaw was not receptive to the counseling and started yelling Fuck you, Fuck you you white motherfuckers, you can suck my dick. C/O Holmes gave Bloodsaw a direct order to take it back to his cell. Bloodsaw left the office still yelling and cussing. I was escorting Bloodsaw back to A section, when approximately 2 feet befor the section door Bloodsaw turned left into a bladed stance. I ordered

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| J. C. Thom | C/O | 45669 | 4·12·07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| A. Point Sgt | 4·12·07 | ☐ YES ☐ NO | ☐ YES ☐ NO | |

24

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

CRIME / INCIDENT REPORT
PART C1- SUPPLEMENT
CDCR 837-C1 (Rev. 07/05)

PAGE 2 OF 2

INCIDENT LOG NUMBER
PBP-BO8-07-04-014

| NAME: LAST | FIRST | MI |
|---|---|---|
| Thom | James | C |

TYPE OF INFORMATION:

☒ CONTINUATION OF REPORT    ☐ CLARIFICATION OF REPORT    ☐ ADDITIONAL INFORMATION

NARRATIVE: Bloodsaw to get down, instead Bloodsaw took A step towards me. I grabbed Bloodsaw by the front of his shirt with my right hand and wrapped my left Arm around his upper body pulling ~~toward~~ Bloodsaw down with the help of C/o Holmes we placed Bloodsaw on the floor in a prone position. Bloodsaw continued to fight refusing numerous orders to cuff up. I pulled Bloodsaw's right Arm behind his back so C/o Holmes could place Bloodsaw in Handcuffs. It should be noted that befor the leg irons were placed on Bloodsaw's legs he kicked me in the right knee. C/o's C. Chapman and T. Wadsworth escorted Bloodsaw to the Hobby shop. I was seen by medical staff for injuries to my hands and right knee A 7219 Form was completed. This ends my involvement in this incident

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL PART C1

| SIGNATURE OF REPORTING STAFF | TITLE C/o | BADGE # 45669 | | DATE 4.12.07 |
|---|---|---|---|---|
| J. C. Thom | | | | |
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C - STAFF REPORT
CDCR 837-C (Rev. 07/05)

PAGE __1__ OF __2__

INCIDENT LOG NUMBER: PBP-B0807-04-0144

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| SILVA | J. | B. | 4-12-07 | 1855 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 371580 | B8 CONTROL | 4 Years ___ Months | 4-12-07 | B8 ROTUNDA |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
|---|---|---|---|
| F/S | 1400-2200 | BATTERY ON PEACE OFFICER | 3005-(C) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|---|
| ☐ PRIMARY | (S) J. THOM | (S) C. CHAPMAN | (S) BLOODSAW P-20045 |
| ☐ RESPONDER | (S) T. HOLMES | | |
| ☒ WITNESS | (S) L. NORTHRUP | | |
| ☐ VICTIM | (S) T. WADSWORTH | | |
| ☐ CAMERA | | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | CHEMICAL AGENTS USED BY YOU |
|---|---|---|---|
| ☐ WEAPON | **NO:** | **NO:** **TYPE:** | **TYPE:** |
| ☐ PHYSICAL | | | |
| ☐ CHEMICAL | ☐ MINI-14 ___ | ☐ 37 MM ___ | ☐ OC |
| ☒ NONE | ☐ 9 MM ___ | ☐ 40 MM ___ | ☐ CN |
| **FORCE OBSERVED BY YOU** | ☐ 38 CAL ___ | ☐ L8 ___ | ☐ CS |
| ☐ WEAPON | ☐ SHOTGUN ___ | ☐ 40 MULTI ___ | ☐ OTHER: ___ |
| ☐ PHYSICAL | | ☐ HFWRS ___ | |
| ☐ CHEMICAL | ☒ N/A | ☐ BATON | ☒ N/A |
| ☒ NONE | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☐ N/A | ☐ N/A | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY   ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN | ☒ NO |
| | | | ☐ OTHER: ___ | |

## NARRATIVE:

ON 4-12-07, I WAS ASSIGNED AS B8 CONTROL BOOTH OFFICER. AT APPROXIMATELY 1855 HOURS, I OPENED CELL 101 WHO IS OCCUPIED BY INMATE BLOODSAW P-20045 TO COME TO THE OFFICERS' STATION TO PICKUP HIS LEGAL MAIL. BLOODSAW WAS USING PROFANITY (FUCK YOU, SUCK MY DICK) WHILE TALKING WITH OFFICERS; J. THOM, T. HOLMES AND NORTHRUP. AS BLOODSAW LEFT THE OFFICERS' STATION. OFFICER THOM WAS COUNSELING BLOODSAW ABOUT BEING DISRESPECTFUL AND YELLING. AS I WAS BY A SECTION CONTROL PANEL OPENING BLOODSAW'S CELL DOOR, I HEARD OFFICER THOM SAYING "GET DOWN!" THEN, I LOOKED DOWN INTO THE ROTUNDA AND I SAW OFFICER THOM WITH OFFICERS HOLMES AND NORTHRUP

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| [signature] | C/O | 67266 | 4-12-07 |

| TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| 4 Sgt [signature] | 4-12-07 | ☒ YES  ☐ NO | ☐ YES  ☐ NO | |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDCR 837-C1 (Rev. 07/05)

PAGE 2 OF 2

INCIDENT LOG NUMBER
PBP-B 08-07-04-0144

NAME: LAST
SILVA

FIRST
J.

MI
B

TYPE OF INFORMATION:
☒ CONTINUATION OF REPORT     ☐ CLARIFICATION OF REPORT     ☐ ADDITIONAL INFORMATION

NARRATIVE:

ON THE GROUND TRYING TO CONTROL BLOODSAW. I
IMMEDIATELY ACTIVATED MY PERSONAL ALARM AND WENT TO
THE YARD DOOR PANEL AND OPEN THE YARD DOOR FOR
RESPONDING STAFF TO ASSIST IN RESTRAINING BLOODSAW.
OFFICER CHAPMAN ASKED ME FOR LEG RESTRAINS WHICH HE
APPLIED TO BLOODSAW'S ANKLES. AFTER BLOODSAW WAS IN
RESTRAINS, HE WAS ESCORTED TO THE HOBBY SHOP ON B YARD
BY OFFICERS; CHAPMAN AND WADSWORTH. THIS CONCLUDED
MY INVOLVEMENT WITH THIS INCIDENT.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL PART C1

| SIGNATURE OF REPORTING STAFF | TITLE C/O | BADGE # 67266 | | DATE 4-12-07 |
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |

27

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**
**PART C - STAFF REPORT**
CDCR 837-C (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE __1__ OF __1__

INCIDENT LOG NUMBER
PBP-B08-07-04-014

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| CHAPMAN | C. | J | 04·12·07 | 1855 |

| POST # | POSITION | YEARS OF SERVICE | | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|---|
| 371568 | B-5 Control | 4 Years | 2 Months | 04·12·07 | BRAVO - 8 |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE ☐ |
|---|---|---|---|
| S/S | 14-22 | BATTERY ON PEACE OFFICER | 3005 (c) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | (S) J. THOM C/o | (S) BLOODSAW    P-20045 |
| ☒ RESPONDER | T. HOLMES C/o | |
| ☐ WITNESS | L. NORTHRUP C/o | |
| ☐ VICTIM | T. WADSWORTH C/o | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | CHEMICAL AGENTS USED BY YOU |
|---|---|---|
| ☐ WEAPON | | |
| ☐ PHYSICAL | **NO:** **NO:** **TYPE:** | **TYPE:** |
| ☐ CHEMICAL | ☐ MINI-14 ___ ☐ 37 MM ___ | ☐ OC ___ |
| ☒ NONE | ☐ 9 MM ___ ☐ 40 MM ___ | ☐ CN ___ |
| **FORCE OBSERVED BY YOU** | ☐ 38 CAL ___ ☐ L8 ___ | ☐ CS ___ |
| ☐ WEAPON | ☐ SHOTGUN ___ ☐ 40 MULTI ___ | ☐ OTHER: ___ |
| ☐ PHYSICAL | ☐ HFWRS | |
| ☐ CHEMICAL | ☒ N/A ☐ BATON | ☒ N/A |
| ☒ NONE | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN | ☒ NO |
| | | | ☐ OTHER: ___ | |

**NARRATIVE:** ON 04·12·07 AT APPROXIMATLY 1855 HOURS, I RESPONDED TO AN ALARM IN B-8. UPON ENTERING THE ROTUNDA I SAW AN INMATE LATER IDENTIFIED AS BLOODSAW P-20045 B8·101L ON THE GROUND IN RESTRAINTS. OFFICER J. THOM WAS HOLDING DOWN BLOODSAW'S UPPER BODY ON THE RIGHT SIDE OF BLOODSAW. C/o T. HOLMES WAS HOLDING DOWN BLOODSAW'S UPPER LEFT SIDE. C/o L. NORTHRUP WAS HOLDING DOWN BLOODSAWS LEGS. I PLACED LEG IRONS ON BLOODSAW AND C/o T. WADSWORTH AND I ESCORTED BLOODSAW TO B-HOBBY SHOP AND PLACED HIM HOLDING CELL NUMBER ONE. THIS CONCLUDES MY REPORT.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| C. Chapman | C/o | 67045 | 04·12·07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| A. Pepin SGT. / Pepin | 4-12-07 | ☒ YES ☐ NO | ☐ YES ☐ NO | |

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
**CRIME / INCIDENT REPORT**
**PART C - STAFF REPORT**
CDCR 837-C (Rev. 07/05)

PAGE __1__ OF __2__    INCIDENT LOG NUMBER: PBP. B08-07-04-0144

| NAME: LAST Wadsworth | FIRST T | MI P | INCIDENT DATE 4-12-07 | INCIDENT TIME 1855 |

| POST # 37/62 | POSITION B7 Floor #2 | YEARS OF SERVICE 12 Years 10 Months | DATE OF REPORT 4-12-07 | LOCATION OF INCIDENT B8 Rotunda |
271579

| RDO's S/S | DUTY HOURS 1400-2200 | DESCRIPTION OF CRIME / INCIDENT Battery on a Peace Officer | CCR SECTION / RULE 3005 (c) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
| PRIMARY | (S) J. Thom C/O | (S) Bloodsaw    P-20045 |
| ☒ RESPONDER | (S) T. Holmes C/O | B8-101L |
| WITNESS | (S) L. Northrup C/O | |
| VICTIM | | |
| CAMERA | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | CHEMICAL AGENTS USED BY YOU |
| WEAPON | NO:          NO:    TYPE: | TYPE: |
| PHYSICAL | | |
| CHEMICAL | MINI-14 ___    37 MM ___ | OC ___ |
| ☒ NONE | 9 MM ___     40 MM ___ | CN ___ |
| FORCE OBSERVED BY YOU | 38 CAL ___    L8 ___ | CS ___ |
| WEAPON | SHOTGUN ___   40 MULTI ___ | OTHER: ___ |
| PHYSICAL | HFWRS | ☒ N/A |
| CHEMICAL | ☒ N/A    BATON | |
| ☒ NONE | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
| YES | | | YES | YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
| YES | | | BODILY    ☒ N/A | YES |
| ☒ NO | ☒ N/A | ☒ N/A | UNKNOWN | ☒ NO |
| | | | OTHER: | |

NARRATIVE: On Thursday, April 12th 2007 at approximately 1855 hours while working as B7 Floor Officer #2, I responded to a personel alarm in unit B8. As I entered the Rotunda area of B8, I observed three officers and one inmate on the floor next to holding cell number two. Officer J. Thom was holding the upper right (**Right**) side of inmate Bloodsaw P-20045 against the floor. Officer T. Holmes was holding the upper right (**Left**) side of Bloodsaw against the floore. Officer L. Northrup was holding Bloodsaws legs down. I noticed that Bloodsaw had already been placed in handcuffs, when Officer C. Chapman placed leg restraints on Bloodsaw. Officer C. Chapman and myself escorted Bloodsaw out of the unit and placed him

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF T. Wadsworth | TITLE C/O | BADGE # 49538 | DATE 4-12-07 |
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) A. Pep. of Set / Product | DATE RECEIVED 4/12/07 | APPROVED ☒ YES ☐ NO    CLARIFICATION NEEDED ☐ YES ☐ NO | DATE |

24

DEPARTMENT OF CORRECTIONS AND REHABILITATION

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDCR 837-C1 (Rev. 07/05)

PAGE __2__ OF __2__

INCIDENT LOG NUMBER
PBP- B08-07-04-0144

NAME: LAST
Wadsworth,

FIRST
T

MI
P

TYPE OF INFORMATION:
☒ CONTINUATION OF REPORT      ☐ CLARIFICATION OF REPORT      ☐ ADDITIONAL INFORMATION

NARRATIVE:   INTO "B" FACILITIES HOBBIE SHOP AND INTO HOLDING
CELL NUMBER ONE

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL PART C1

SIGNATURE OF REPORTING STAFF
T. W_____

TITLE
C/O

BADGE #
49538

DATE
4-12-07

NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE)   DATE RECEIVED   APPROVED   CLARIFICATION NEEDED   DATE

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
MEDICAL REPORT OF INJURY
OR UNUSUAL OCCURRENCE

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT *(circle)* | | | | DATE |
|---|---|---|---|---|---|---|
| FBSP | B 8 | (USE OF FORCE)  INJURY   UNUSUAL OCCURRENCE | ON THE JOB INJURY  PRE AD/SEG ADMISSION | | | 4-12-07 |

| | NAME   LAST | FIRST | CDC NUMBER | HOUSING LOC. | NEW HOUSING LOC. |
|---|---|---|---|---|---|
| THIS SECTION FOR INMATE ONLY | Bradshaw | Theodric | P20045 | B8-10? | |
| THIS SECTION FOR STAFF ONLY | NAME   LAST | FIRST | BADGE # | RANK/CLASS | ASSIGNMENT/RDOs |
| THIS SECTION FOR VISITOR ONLY | NAME   LAST   FIRST   MIDDLE | | | DOB | OCCUPATION |
| | HOME ADDRESS   CITY   STATE   ZIP | | | | HOME PHONE |

| PLACE OF OCCURRENCE | DATE/TIME OF OCCURRENCE | NAME OF WITNESS(ES) | | | |
|---|---|---|---|---|---|
| B8 Rotunda | 4-12-07 - / 1855 | Custody Staff | AGE 48 | RACE B | SEX M |

| TIME NOTIFIED 1855 | TIME SEEN 1900 | ESCORTED BY | MODE OF ARRIVAL *(circle)*  (AMBULATORY)  LITTER   WHEELCHAIR   ON SITE | | |
|---|---|---|---|---|---|

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

"My Neck hurt"   "My Knee hurt"

| INJURIES FOUND? YES/NO | |
|---|---|
| Abrasion/Scratch | 1 |
| Active Bleeding | 2 |
| Broken Bone | 3 |
| Bruise/Discolored Area | 4 |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | (7) |
| Fresh Tattoo | 8 |
| Cut/Laceration/Slash | 9 |
| O.C. Spray Area | 10 |
| Pain | (11) |
| Protrusion | 12 |
| Puncture | 13 |
| Reddened Area | 14 |
| Skin Flap | 15 |
| Swollen Area | 16 |
| Other | 17 |
| | 18 |
| | 19 |

| O.C. SPRAY EXPOSURE? | YES (NO) |
|---|---|
| DECONTAMINATED? | YES (NO) |
| Self-decontamination instructions given? | YES (NO) |
| Refused decontamination? | YES (NO) |
| Q 15 min. checks | N/A |
| Staff issued exposure packet? | YES (NO) |

| RN NOTIFIED/TIME | PHYSICIAN NOTIFIED/TIME |
|---|---|
| Bales RN/1920 | N/A |

| TIME/DISPOSITION | REPORT COMPLETED BY/TITLE   (PRINT AND SIGN) | BADGE # | RDOs |
|---|---|---|---|
| 2010 / Returned to cell from CTC, (Non-CCCMS patient) | J. Keys /  ____ MTA | 71765 | M/T |

*(Medical data is to be included in progress note or emergency care record filed in UHR)*

6

DA# 07040144

Agency:  PBSP

5/31

SPACE BELOW FOR USE OF COURT CLERK ONLY

DISTRICT ATTORNEY
County of Del Norte
450 H Street #171
Crescent City, California
Phone (707) 464-7210

SUPERIOR COURT OF CALIFORNIA, COUNTY OF DEL NORTE
DEL NORTE JUDICIAL DISTRICT

THE PEOPLE OF THE STATE OF CALIFORNIA

Plaintiffs,

vs.

THEOPRIC BLOODSAW, P-20045

Defendant.

**COMPLAINT**

*Att. Alexander Court Date 6-14-07*

The DISTRICT ATTORNEY of the County of Del Norte, State of California, hereby charges the DEFENDANT with having committed, in the County of Del Norte, the crime of:

COUNT 1.
**BATTERY ON CORRECTIONAL OFFICER, in violation of Section 4501.5 of the Penal Code, a felony.**
On or about April 12, 2007, the Defendant did willfully and unlawfully being a person confined in a state prison of this state, commit a battery upon the person of Correctional Officer J. Thom , an individual who is not himself a person confined therein. (Kicked in Knee)

COUNT 2.
**RESISTING EXECUTIVE OFFICER, in violation of Section 69 of the Penal Code, a FELONY.**
On or about April 12, 2007, the Defendant did willfully, unlawfully and knowingly resist executive officers,  to-wit: Correctional Officers J. Thom and T. Holmes, in the performance of their duty by the use of force and violence .

**SPECIAL ALLEGATION OF A PRIOR-ANY FELONY, in violation of section 667.5(b) of the Penal Code.**

It is further alleged that Defendant was, on the 17th day of September, 1997, in the Superior Court of the State of California, for the County of Los Angeles, convicted of the crime of Possession of a Controlled Substance, a felony, in violation of section 11350(a) of the Health and Safety Code, case number YA034031, and that he then served a prison term for said offense, and that he did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term within the meaning of Penal Code Section 667.5(b).

**SPECIAL ALLEGATION OF A PRIOR-ANY FELONY, in violation of section 667.5(b) of the Penal Code.**

It is further alleged that Defendant was, on the 4th day of April, 2003, in the Superior Court of the State of California, for the County of Los Angeles, convicted of the crime of Assault on a Peace Officer, a felony, in violation of section 245(c) of the Penal Code, case number YA053506, and that he then served a prison term for said offense, and that he did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term within the meaning of Penal Code Section 667.5(b).

**SPECIAL ALLEGATION, within the meaning of Penal Code sections 1170.12 and 667(b) through 667(i) inclusive.**

It is further alleged that said defendant was convicted on the 4th day of April, 2003, of Criminal Threats, in violation of section 422 of the Penal Code, in Los Angeles County, State of California, within the meaning of Penal Code sections 1170.12 and 667(b) to 667(i) inclusive.

I so swear, under penalty of perjury, on May 25, 2007, at Crescent City, California, that the foregoing is true and correct on information and belief.

**Katherine Micks, DEPUTY DISTRICT ATTORNEY**

FILED

MAY 30 2007

SUPERIOR COURT OF CALIFORNIA
COUNTY OF DEL NORTE

1  MICHAEL D. RIESE
   DISTRICT ATTORNEY
2  Courthouse - 450 H Street
   Crescent City, CA 95531
3  Telephone: (707) 464-7210

4                    SUPERIOR COURT, OF CALIFORNIA

5                        COUNTY OF DEL NORTE

6

7  PEOPLE OF THE STATE OF CALIFORNIA,          CASE NUMBER:
              Plaintiff,                        CRPBCR - 5089

8                                              ORDER FOR TRANSPORT
        vs.                                    VIDEO

9
   THEOPRIC BLOODSAW, P-20045                  COURT DATE: May 31, 2007
10            Defendant.                        TIME: 8:00 a.m.

11
   TO THE WARDEN OF PELICAN BAY STATE PRISON:

12
        IT IS HEREBY ORDERED that Theopric Bloodsaw, P-20045, be produced in the Superior
13  court for prosecution or examination for an offense triable in the Superior court, and that Pelican Bay
    State Prison is to transport said person to the Video Arraignment Room located at Pelican Bay State
14  Prison, on May 31, 2007 at 8:00 a.m., for arraignment or other proceedings.

15  IT IF FURTHER ORDERED that said inmate continue to be transported for appearances at the Del
    Norte County courthouse, Crescent City, Calif. until the conclusion of his case.

16  DATED:_____ MAY 3 0 2007              _____
                                           JUDGE OF THE SUPERIOR COURT
17                                          WILLIAM H FOLLETT

18

19

20

MICHAEL D. RIESE
DISTRICT ATTORNEY
450 H Street, #171
Crescent City, CA  95531
Telephone: (707) 464-7210

Attorney(s) for Plaintiff

Space Below for use of Court Clerk Only

**ENDORSED**
**FILED**

OCT 2 6 2007

SUPERIOR COURT OF CALIFORNIA
COUNTY OF DEL NORTE

---

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF DEL NORTE**

450 H Street, Crescent City, CA

---

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA | |
| v. | CASE NUMBER: **CRPB07-5089** |
| **THEOPRIC BLOODSAW**(P-20045) | **REQUEST FOR DISMISSAL** |
| Defendant | Next Court Date: 11/1/2007 |

Request is made to dismiss this action for the following reason:

Interests of justice.

Dated: October 24, 2007

MICHAEL D. RIESE
DISTRICT ATTORNEY

By:  Katherine Micks
Deputy District Attorney

**IT IS SO ORDERED**

Dated:  OCT 2 6 2007

Robert W. Weir
Judge of the Superior Court

1                              PROOF OF SERVICE

2

3      I am a citizen of the United States and a resident of the

4 County of Del Norte. I am over the age of eighteen years and not

5 a party to the within above entitled action; my business address is

6 450 H Street, Crescent City, California, 95531.

7     On October 24, 2007, I served the within **REQUEST FOR DISMISSAL**

8 in this action by delivering to and leaving with the following

9 persons in the County of Del Norte, State of California, a true

10 copy thereof, to wit:

11

12 Law Office of **George Mavris**, *via clerk's receptacle*.

13

14

15    I, H. Diane Collins, declare, under penalty of perjury that

16 the foregoing is true and correct.

17

18 Executed on October 24, 2007, at Crescent City, California.

19

20

21                            H. Diane Collins

22

23

24

25

26

27

28

State of California

# Memorandum

Date  : November 6, 2007

### DA DISMISS
(AND DETAINER REMOVAL)

To  : M. D. Yax
Associate Warden
Central Services

From  : Department of Corrections and Rehabilitation
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject  : **PBSP INCIDENT #PBP-B08-07-04-0144, CRPB07-5089**

On April 12, 2007, inmate **BLOODSAW, P-20045,** committed the following violation of the California Penal Code Section:

    **69**        **Resisting or Deterring an Officer**
    **4501.5**    **Battery Upon a Person not a Prisoner**

On May 4, 2007, the case was presented to the Del Norte District Attorney's Office for possible prosecution.

On May 29, 2007, the Del Norte County District Attorney's Office notified Pelican Bay State Prison that their office issued a complaint charging the above named inmate with the following violation of the Penal Code Section:

    **COUNT I**   **4501.5 Battery Upon a Person not a Prisoner**
    **COUNT II**  **69**    **Resisting or Deterring an Officer**

On November 6, 2007, the District Attorney's Office notified Pelican Bay State Prison that on October 26, 2007, the case was dismissed by the court, and the above named inmate will not be held to answer to the above charges.

The Court Liaison Office is no longer investigating the above named inmate. Please release the Detainer placed by this office. Any pending disciplinary action should be completed and a closure report prepared.

This closes our interest in this case. If you have any questions, please call my office at extension 9081 or 5526.

T. STEWART
Correctional Sergeant
Court Liaison Office

cc:   Facility Captain
      Facility S&E
      Records
      Security Squad
      Inmate
      OTC Desk
      CLO File

2/

, State of California

# Memorandum

Date  : June 7, 2007

# DA ACCEPTED

To    : M. D. Yax
        Associate Warden
        Central Services

From  : Department of Corrections and Rehabilitation
        Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA  95532-7000

Subject : PBSP INCIDENT #PBP-B08-07-04-0144

On April 12, 2007, inmate **BLOODSAW, P-20045,** committed the following violation of the
California Penal Code Section:

    **69**      **Resisting or Deterring an Officer**

    **4501.5**    **Battery Upon a Person not a Prisoner**

On May 4, 2007, the case was presented to the Del Norte County District Attorney's Office for
possible prosecution.

On May 29, 2007, the Del Norte County District Attorney's Office notified Pelican Bay State
Prison that their office issued a complaint charging the above named inmate with the following
violation of the Penal Code Section:·

    **COUNT I   4501.5 Battery Upon a Person not a Prisoner**

    **COUNT II  69    Resisting or Deterring an Officer**

You will be apprised of the outcome of this case.

T. STEWART
Correctional Sergeant
Court Liaison Office

cc:   Facility Captain
     Facility S&E
     Records
     Inmate
     CLO File

# Memorandum

Date : May 4, 2007

# DA REFERRAL
## (DETAINER)

To      : M. D. Yax
        Associate Warden
        Central Services

From   : Department of Corrections and Rehabilitation
        Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject : **PBSP INCIDENT #PBP-B08-07-04-0144**

On April 12, 2007, inmate **BLOODSAW, P20045,** committed the following violation of the
California Penal Code Section:

**69**          **Resisting or Deterring an Officer**

**4501.5**     **Battery Upon a Person not a Prisoner**

As of May 4, 2007, this case was prepared for submission to the Del Norte County District
Attorney's Office for further review and possible prosecution.

**Pelican Bay State Prison is not to release the above named inmate pending disposition of
this case.**

The Del Norte County District Attorney's Office will notify Pelican Bay State Prison when their
office issues a complaint or rejects this pending case.

If you have any questions, please contact the Court Liaison's Office at extension 9081 or 5526.

T. STEWART
Correctional Sergeant
Court Liaison Office

cc:   Facility Captain
      Facility S&E
      Records
      Inmate
      CLO File





NO:   P-20045

NAME:   BLOODSAW, Theopric

HSG:   A2-109L

Custody:   CLO BS

CS:   87 (IV)   C/C EFF 8/3/05

Assignment:   U/A

RelDate:   EPRD 12/24/19

Reclass:   6/2006

Action:   AFFIX "S" SUFFIX; RETAIN C/C

Inmate Bloodsaw appeared before PBSP FAC A UCC on this date for Program Review. Prior to Committee, D. Melton was assigned as staff assistant and was present during Committee. The staff assistant was assigned for the following reasons: CCCMS level of care, and S's current RGPL is 4.0 or less. Committee effectively communicated with S as noted: Short sentences using simple English. Committee noted S has an RGPL of 3.3. Effective communication was achieved, and S appeared to understand. This Program Review is being held for the two following reasons: (1) Review for "S" suffix placement; and (2) Address prior D1/D and/or C/C status. S was asked if he was willing to take a cellie and program, and S stated, "No." Committee noted S has no cellmate and the "S" custody suffix has not previously been applied. **Committee acts to affix the "S" suffix, due to S adamantly refusing to take a cellie and program.** S was advised that the "S" suffix can be taken off when he decides to program and adhere to CDC rules and regulations of double celling. Committee notes that ICC of 6/22/05, assigned S to WG/PG D1/D when placed in AD-SEG. Per memo of 9/17/04, any I/M who is placed in AD-SEG while on C/C status shall be assigned to WG/PG D2/D. This shall be assigned whether or not the move was adverse or non-adverse. **Committee acts to clear this error and make S D2/D effective 6/10/05 through 8/2/05, then C/C 8/3/05 until present UCC.** As S is adamantly refusing to program, **Committee acts to retain S on WG/PG C/C.** **Committee further acts to continue custody level at CLO BS, with WG/PG C/C effective 8/3/05.** S participated in Committee, acknowledged understanding, and agreed with Committee action, stating, "I refuse to take a cellie. I'm telling you straight up, I'm a Crip." S was advised of Committee's decision and his right to appeal, and that any appeal of this Committee action must be submitted within 15 working days of this date, whether he has received the CDC Form 128G Classification chrono or not. Next scheduled Committee will be in 6/2006, for Annual Review.

CHAIRPERSON:   D. SWEARINGEN/FC(A)

S. WALCH/CCII(A)

RECORDER:   M. THORNTON/CCI

CC:   ☐OBIS  ☐CSR  ☐IGI  ☐PSYCH  ☐MED  ☐C&PR  ☐OTHER _____

Committee Date: 10/18/05   (THORNTON/jw)   Classification   FAC-A  UCC/REVIEW

☒128-C2 in C-file
Inst: PBSP

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION
CDC 128G (Rev. 12/91)

NO: P-20045
Custody: CLO B
RelDate: EPRD 12/24/2019

NAME: BLOODSAW, Theopric
CS:  93 (IV)     C/C Eff. 07/14/04
                  Reclass: 01/03/07

Housing:  B8-209
Assignment: BMU
Action:  REAFFIRM PLACEMENT IN BMU FOR 90 DAYS.
         RETAIN ON STEP# 1 OF ITP.   CONTINUE
         C/C EFFECTIVE 07/14/04. D/C CLEAR.

Inmate Bloodsaw appeared before PBSP FAC B Behavior Modification Unit (BMU) UCC on this date for Program Review. Committee notes CDC 128C, Madrid Exclusionary, dated 03/01/04, denoting no level of care. DDP Review: 128C-2 in Central File. Prior to Committee Correctional Officer Thom was assigned as a staff assistant and was present during Committee. The staff assistant was assigned for the following reason: S's current RGPL is 4.0 or less. Committee notes S has a RGPL of 3.3. Effective communication was achieved using short sentences and simple English and S appeared to understand. Committee notes that S has received disciplinaries dated 10/17/06, 11/14/06, 11/16/06, and 11/21/06, for Refusing to Attend BMU Classes. S additionally received a 128A dated 10/25/06 for Refusing to Accept a Cellie during this 30 day review. Placement score is a current Level IV score of 93 points. Mandatory minimum score of 19 is noted for VIO. S was advised to notify staff immediately of any enemy situation which may arise. S is approved for 270 design facilities. **Committee acts to reaffirm S in the BMU program for 90 days and retain on Step # 1 of Individual Treatment Plan (ITP) for 30 days based on S's nonparticipation in the required BMU classes and not remaining disciplinary free. Committee also acts to continue WG/PG C/C status effective 07/14/04, and continue at CLO B custody.  S was reviewed and cleared for double celling.**  S was advised of his ITP which includes the basic requirement that he remain disciplinary free for 90 days prior to any consideration for his release from BMU and his completion of the selected behavior modification assignments. S participated in Committee, acknowledged understanding and disagreed with Committee action, stating "What about my 602's. I will see you all in Court." UCC explained that his appeals were being processed and that he needed to follow the BMU program requirements to be released to the general population. S is eligible to work around computers, computer systems, or be in areas that may have access to personal information per PC 2702, PC 502, or PC 5071.  PC 2933 and 2930 complied with. S was advised of Committee's decision and his right to appeal, and that any appeal of this Committee action must be submitted within 15 working days of this date, whether he has received the CDC form 128G, Classification chrono, or not. Next scheduled Committee will be on 01/03/07 for Program Review. Next scheduled Annual Committee will be in 06/2007.

CHAIRPERSON: J. BELL/FC (A)          S. WALCH/CCII          S. ROBERTS/EDUCATION          RECORDER: D. MELTON/CCI

☐OBIS ☐CSR ☐IGI ☐PSYCH ☐MED ☐ OTHER

Committee Date:   11/29/06      (MELTON/ew)      Classification      **BMU/UCC**      PROGRAM REVIEW          Inst: PBSP

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION
CDC 128G (Rev. 12/61)

NO: P-20045                NAME: BLOODSAW, Theopric          BED/CELL: B8 –209
Custody: CLO B             CS: 93 (IV)      C/C EFF: 07/14/04    Assignment: BMU
RelDate:  EPRD 12/24/2019                    Reclass: 01/31/07   Action:   REAFFIRM BMU PLACEMENT. RETAIN STEP
                                                                          # 1 OF ITP FOR 30 DAYS.  CONTINUE
                                                                          WG/PG    C/C    EFFECTIVE   07/14/04.
                                                                          D/C CLEAR.

Inmate Bloodsaw appeared before PBSP FAC B Behavior Modification Unit (BMU) UCC on this date for 30 day Program Review. Committee notes CDC 128C, Madrid Exclusionary Chrono, dated 03/01/04, denoting no level of care. DDP Review: 128C-2 in Central File and is clear noting NCF. Committee notes S has RGPL of 3.3. Committee notes S has RGPL of 3.5. Prior to Committee Correctional Officer Thom was assigned as staff assistant and was present during Committee. The staff assistant was assigned for the following reason: S's current RGPL is 4.0 or less. Effective communication was achieved using short sentences and simple English, and S appeared to understand. S was advised to notify staff immediately of any enemy situation that may arise. Grooming standards and Pelican Bay State Prison (PBSP) BMU expectations were discussed. S can be housed with Black ethnic groups. Committee notes S is cleared for double celling per PBSP's current double celling criteria, although he refuses to accept a cellie. S is approved for 270' design facilities. Placement score is noted to be 93 Level IV points. Committee further notes S was initially placed into the BMU program on 09/21/06, based on: **S was deemed a program failure per the CCR, Title 15, Section, 3000.** Committee notes S has received RVR's dated 12/12/06, 12/15/06, 12/26/06, and 212/29/06, for Refusing to Participate in BMU classes during this 30 day period. S has failed to meet the necessary requirements of Step # 1; therefore, is not eligible to graduate to Step # 2. **Step # 1 Privileges** include, but are not limited to:

❖ WG/PG C/C status.

❖ Emergency telephone call only.

❖ One-quarter the monthly canteen draw allowance, not to exceed $ 45.00.

❖ A minimum of 10 hours out-of-cell time per week, which includes, dayroom, workshops (ITP classes), and self-help group activities as limited by physical design and local institution security and facility needs.

❖ Non-contact visits, if eligible; and with approved visitors only.

❖ If the inmate meets the goals of the ITP he will graduate to step # 2.

**Committee acts to reaffirm S's placement in the BMU program and retain Step # 1 of the Individual Treatment Plan (ITP) for approximately 30 days. Committee further acts to continue WG/PG C/C status effective 07/14/04, and continue at CLO B custody. S was reviewed and cleared for double celling, noting no history of in-cell violence.** S participated in Committee, acknowledged understanding, and disagreed with Committee action, stating "I am nobody's child. I am 48 years old. I'm not going to the classes; I have a choice not to go!" S has been advised that he must remain disciplinary free and complete the selected behavior modification assignments as directed, prior to being considered for release from the BMU to the general population (GP). S's case will be reviewed by UCC, in approximately 30 days for future program modifications. S is eligible to work around computers, computer systems, or to be in areas that may have access to personal information, per PC 2702, PC 502, or PC 5071. PC 2933 and 2930 has been complied with. S was advised of Committee's decision and his right to appeal, and that any appeal of this Committee action must be submitted within 15 working days of this date, whether he has received the CDC form 128G, classification chrono, or not. Next scheduled 30 day Program Review will be on 01/31/07. Next scheduled Annual Review will be in 06/07.

CHAIRPERSON: J. ROBERTSON/FC (A)     J. BROWMAN/CCII (A)      S. ROBERTS/EDUCATION      RECORDER: D. MELTON/CCI

☐OBIS ☐CSR ☐IGI ☐PSYCH ☐MED ☐ OTHER_____

Committee Date: 01/03/07     (MELTON/ew)   Classification      BMU/UCC          PROGRAM REVIEW        Inst: PBSP

| | | |
|---|---|---|
| **CDCR#:** P-20045 | **NAME:** BLOODSAW, Theopric | **Housing:** B8-209L |
| Custody: CLOB | CS: 93 (IV)    C/C Eff. 07/14/04 | Assignment: BMU STEP #1 |
| Rel Date: EPRD 12/24/2019 | Reclass: 02/27/07 | **Action:** REAFFIRM BMU PLACEMENT |

**Action:**
REAFFIRM BMU PLACEMENT
90 DAYS. RETAIN ON STEP # 1
30 DAYS. CONTINUE WG/PG
C/C EFF. 07/14/04. D/C CLEAR

Inmate **Bloodsaw** refused to appear before PBSP FAC-B Behavior Modification Unit (BMU) UCC on this date for 30 Day Program Review. Committee notes CDC 128C, Madrid Exclusionary Chrono, dated 03/01/04, denoting no level of care. DDP Review: 128C-2 in Central File and is clear noting NCF. Committee notes S has an RGPL of 3.3. Prior to Committee, Correctional Officer J. Thom was assigned as Staff Assistant, interviewed S at least 24 hours prior to UCC, per CCR, Title 15, Section, 3315(d)(2)(A) and was present during Committee. The Staff Assistant was assigned based on S 's current RGPL is 4.0 or less. S is advised, via this chrono, to notify staff immediately of any enemy situations that may arise. Grooming standards and Pelican Bay State Prison (PBSP) expectations were discussed. S is cleared for double celling per PBSP's current double cell policy, and can be celled with Black ethnic groups, although he refuses to accept a cellie. Committee further notes that S has no current cellmate, and the "S" custody suffix has not been previously applied. S is approved for 270' design facilities. Placement score is noted to be 93 Level IV points. Committee further notes S was initially placed into the BMU program on 09/21/06, based on: **S was deemed a program failure defined by the CCR, Title 15, Section, 3000.** Committee notes that since S's prior 30 day Program Review, he received RVR dated 01/22/07, for Recurring Failure to Meet Program Expectations. S has also refused to participate in the required BMU ITP classes, dated, 01/18/07 and 01/19/07. Based on the above information, UCC is in mutual agreement that S has not met the necessary requirements of Step # 1, and therefore, is not eligible to graduate to Step #2. <u>Step # 1 Privileges include, but are not limited to:</u>

- ❖ WG/PG, C/C status for approximately 30 days.

- ❖ Emergency telephone calls only.

- ❖ One-quarter (1/4) the monthly canteen draw allowance, not to exceed $45.00.

- ❖ A minimum of 10 hours out-of-cell time per week, which may include dayroom, workshops (ITP classes) and self-help-group activities, as limited by physical design and local institution security and facility needs.

- ❖ Non-contact visits, if eligible, with approved visitors only.

**Committee acts to reaffirm S's placement in the BMU program and retain on Step # 1 of the Individual Treatment Plan (ITP) for approximately 30 days. Committee also acts to continue WG/PG, C/C status effective 07/14/04, and continue at CLOB custody. S was reviewed and cleared for double-celling,** noting no history of in-cell violence. S is advised, via this chrono, that he must remain disciplinary free, including any 128-A Counseling Chronos, and complete the selected behavior modification assignments as directed, prior to being considered for release from the BMU to the General Population (GP). S's case will be reviewed in approximately 30 days to establish future program modifications. S is eligible to work around computers, computer systems, or be in areas that may have access to personal information per PC 2702, PC 502, or PC 5071. PC 2933 and 2930 have been complied with. S was advised, at the completion of UCC, via the staff assistant, of Committee's decision and his right to appeal, and S appeared to understand. Next 30 day Program Review will be on 02/27/07. Next Annual Review in 06/07.

**CHAIRPERSON:** M. FOSS/AC    **J. ROBERTSON/CCI I**    **S. ROBERTS/EDUCATION**    **RECORDER:** D. MELTON/CCI

☐OBIS ☐CSR ☐IGI ☐PSYCH ☐MED ☐ OTHER

Committee Date: **01/30/07**    (MELTON)    Classification    **BMU/UCC**    **PROGRAM REVIEW**    Inst: PBSP

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDCR 128C (REVISED 4/07)

NO:      P-20045           NAME  BLOODSAW, THEOPRIC                                                    HSG:    ASU E1
Custody:  MAX              PS:  119    Level:  IV    WG/PG:  D1/D    EFF:  09/13/07    Assignment:  ASU MERD 04/12/08
Rel Date:  EPRD 09/02/202'  Reclass:   03/05/2008  Action:  FORFEIT 90-DAYS GCC MAX, MERD 04/12/08; REFER TO CSR RX TX EXTENSION
BPH Rev:  0                                                        TO PBSP SHU

RECOMMENDED ACTION:  Refer to CSR recommending transfer extension to PBSP-SHU.

ADMINISTRATIVE PLACEMENT FACTORS:  Inmate BLOODSAW refused to appear and was reviewed in absentia by PBSP AD-SEG, ICC on this date for Subsequent Review.

ADMINISTRATIVE PLACEMENT DUE PROCESS:

DISCUSSION:  Committee notes S is currently endorsed for transfer to PBSP-SHU to serve a determinate SHU term due to RVR dated 04/12/07, Battery on a Peace Officer. Committee elects to forfeit 90-days of Good Conduct Credit due to RVRs dated 10/25/07, Disrespect without Potential for Violence and RVR dated 10/03/07, Refusal to Obey Orders, resulting in a **MAX MERD 04/12/08**. Committee also notes the transfer for PBSP SHU will expire on 12/07/07. **STAFF ASSISTANCE:** More than 24 hours prior to Committee, Correctional Officer D. Harlow was assigned as SA. The SA was assigned as S has no documented reading level or his reading level is below 4.0.

MENTAL HEALTH REVIEW:  ICC notes 128-C, dated 05/21/07, noting S is not a participant in the MHSDS level of care. S does not meet PBSP-SHU exclusionary criteria.

DA ACTION:  N/A

CELL STATUS:  S is cleared for double celling.

YARD STATUS:  Committee acts to place S on Walk Alone Yard Status, Individual Exercise Yard, based upon case factor review.

COMMITTEE ACTION:  Committee acts to refer to the CSR recommending transfer extension to PBSP-SHU.  This is an adverse transfer.  Upon transfer, S's custody will be MAX, WG/PG D1/D effective 09/13/07, and single cell housing will not be required.

INMATE COMMENTS:  Did not appear.

APPEAL RIGHTS:  As S's case was reviewed in absentia, he will be advised of his rights via this chrono.

CHAIRPERSON:     F. JACQUEZ/CDW                                          RECORDER:          S. O'DELL/CCII

COMMITTEE MEMBERS:       M. FOSS/CAPT.               J. PASCOE/PHD

DATE:     12/05/2007                    ASU INSTITUTIONAL CLASSIFICATION COMMITTEE                        Inst.: PBSP

State of California

*ISUE 01*

Department of Corrections
CDC 128-G

No. P-20045                    **NAME**: BLOODSAW

*Comment*:    **PBSP-SHU endorsed to complete a determinate SHU term.  PS = 127.**

SHU placement is to complete a determinate term with MAX MERD of 4/12/08 as approved by previous CSR action.  Previous CSR endorsement is reaffirmed.  Madrid chrono of 6/27/07 noted.  DNH does not impact placement.  Inmate is NCF per CDC 128-C2 of 6/12/03.  TB Code is 22.  CDC 812 is noted.  Confidential file is clear.

**Retention in ASU is approved pending transfer.  This transfer approval expires 3/13/2008 and will require return to CSR for re-authorization.**

D. Rothchild, CSR

**Date:  12/19/2007**               **Classification  - CSR ACTION**               **PBSP**

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

A 2  202

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| P-20045 | BLOODSAW | ERD 04-26-2020 | PBSP | B5-209L | B07-02-0022 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3005(b) | RECURRING FAILURE TO MEET PROGRAM EXPECTATIONS | B5-209L | 02-22-07 | 0830 HOURS |

CIRCUMSTANCES  On Thursday, February 22, 2007, at approximately 0830 hours, inmate BLOODSAW, P-20045, B5-209L refused to attend the mandatory BMU class. Inmate BLOODSAW also refused to sign his CDC-128B Refusal Chrono. Inmate BLOODSAW was assigned to the BMU in Committee on September 21, 2006, where the mandatory program was explained in detail. BLOODSAW received CDC-115's on 10-17-06, 10-24-06, 10-26-06, 10-30-06, 11-07-06, 12-25-06, and 01-22-07 for the same offense. BLOODSAW has refused to attend any BMU class. BLOODSAW has also received CDC-128B Refusal Chrono's dated 01-29-07, 02-05-07, 02-15-07, and 02-22-07 for Refusing to Attend the Mandatory BMU Class.

This inmate is not EOP or Crisis Bed. Following current guidelines for mental health assessments, the circumstances of this offense have been carefully evaluated. The Reviewing Supervisor has concluded that a Mental Health Assessment is not required.

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| B. ROBERTS, TEACHER | | 2-28-07 | BMU TEACHER | S/S/B |

| REVIEWING SUPERVISOR'S SIGNATURE | E. OCHOA, SGT | DATE 2-28-2007 | ☐ INMATE SEGREGATED PENDING HEARING | | |
|---|---|---|---|---|---|
| ▶ | | | DATE | | LOC. |

| CLASSIFIED | OFFENSE DIVISION | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO | | | |
|---|---|---|---|---|---|---|---|
| ☐ ADMINISTRATIVE | F 13 | 2/28/2007 | D. KAYS, LT | ☐ HO | ☒ SHO | ☐ SC | ☐ FC |
| ☒ SERIOUS | | | ▶ | | | | |

## COPIES GIVEN INMATE BEFORE HEARING

| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | DATE | TIME |
|---|---|---|---|---|---|---|---|
| | ▶ | | | | | | |
| ☐ INCIDENT REPORT LOG NUMBER | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | | DATE | TIME |
| | ▶ | | | ▶ | | | |

HEARING                                         (SEE ATTACHED HEARING SUMMARY)

| REFERRED TO ☐ CLASSIFICATION    ☐ BPT/NAEA | | | | |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | SIGNATURE | | DATE | TIME |
| R.K. BELL, LT | ▶ | | | |
| REVIEWED BY: (SIGNATURE) | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | | DATE | |
| ▶ M. FOSS, FACILITY CAPTAIN | ▶ M.A. COOK, A.W. (G.P.) | | | |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | | DATE | TIME |
| | ▶ | | | |

CDC 115 (7/88)

DEPARTMENT OF CORRECTIONS

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| ☐ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I REVOKE** my request for postponement. | ▶ | |

## STAFF ASSISTANT

| STAFF ASSISTANT | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☐ WAIVED BY INMATE | ▶ | |
| ☐ ASSIGNED | DATE / NAME OF STAFF | | |
| ☐ NOT ASSIGNED | REASON | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☑ WAIVED BY INMATE | ▶ | |
| ☐ ASSIGNED | DATE / NAME OF STAFF | | |
| ☐ NOT ASSIGNED | REASON | | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE ☐ STAFF ASSISTANT ☐ INVESTIGATIVE EMPLOYEE ☐ OTHER _____ ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE | DATE |
|---|---|---|
| | ▶ | |

| ☐ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME | DATE |
|---|---|---|---|

CDC 115-A (7/88)      *— If additional space is required use supplemental pages —*

5b

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS
PAGE ___1___ OF ___2___

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P-20045 | BLOODSAW | B07-02-0022 | PBSP | April 2, 2007 |

| ☐SUPPLEMENTAL | ☒CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☒HEARING | ☐I.E. REPORT | ☐OTHER |

**Hearing**: On April 2, 2007, at approximately 1030 hours, BLOODSAW was given the opportunity to attend this disciplinary hearing. BLOODSAW declined. When informed by staff that he needed to sign a CDC 128-B confirming that he had refused to attend, BLOODSAW refused to sign. At this institution, force will not be used to coerce attendance at a hearing. For this reason, his refusal to attend was accepted and the hearing was held in his absence. A CDC 128-B with the signature of staff witness (C/O M. Popow) to his refusal was completed.

**District Attorney**: This has not been referred for criminal prosecution.

**Due Process**: The disciplinary was served on the inmate within 15 days of discovery. However, the hearing has not been held within 30 days of service on the inmate. Per CCR 3320 (f)(1), time constraints have been exceeded and credit forfeiture cannot be assessed.

The behavior of this inmate was evaluated at the time that the Reviewing Supervisor reviewed this disciplinary report. The Reviewing Supervisor concluded that a mental health assessment was not required. The SHO concurs. There is no compelling need for a mental health assessment based upon the circumstances given in this report.

**Staff Assistant**: BLOODSAW was assigned a Staff Assistant as BLOODSAW is illiterate (reading score of 4.0 or less). The assigned SA, Officer R. Mills, was present at the hearing and confirmed that he interviewed BLOODSAW more than 24 hours in advance. Officer Mills confirmed that he had explained hearing procedures, disciplinary charges, the evidence supporting these charges and the right to request confidentiality.

**Investigative Employee**: BLOODSAW has no apparent interest in an investigation on his behalf. The issues are not complex and available information is sufficient. I.E. assignment is unnecessary.

**Witnesses**: No witnesses were called to this hearing. None were listed on the CDC 115-A as requested by the inmate and the SHO did not require any additional testimony.

**Video/photo evidence**: Videotape/Photo evidence was not an issue for this hearing.

As BLOODSAW did not attend the hearing, a plea was not entered and he did not present any testimony in his own defense. The hearing was decided based upon the following written evidence: CDC 115 of February 22, 2007.

**Finding**: Guilty of the Div. F (3) offense (CCR 3315 (a)(3)(K)) offense RECURRING FAILURE TO MEET WORK OR PROGRAM EXPECTATIONS WITHIN THE INMATE'S ABILITIES WHEN LESSER DISCIPLINARY METHODS FAILED TO CORRECT THE MISCONDUCT. This offense requires evidence that the inmate had been given instructions on meeting program expectations, it was possible for the inmate to meet these expectations and the inmate has received previous disciplinaries for this same offense or a similar offense. This finding is based upon the following preponderance of evidence:

A. The testimony of Teacher, S. Roberts in the disciplinary report of February 22, 2007, wherein Roberts testifies to the following:
1. Inmate BLOODSAW refused to attend the mandatory BMU class.
2. BLOODSAW refused to sign a CDC 128 refusal chrono.
3. BLOODSAW received numerous CDC 128-B's for refusing to attend class.

| SIGNATURE OF WRITER | | TITLE | DATE NOTICE SIGNED |
|---|---|---|---|
| R. K. BELL | | Correctional Lieutenant | April 2, 2007 |
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: 4-24-07 | TIME SIGNED: 0800 |

STATE OF CALIFORNIA                                   DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C                       PAGE  2  OF  2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P-20045 | BLOODSAW | B07-02-0022 | PBSP | April 2, 2007 |

| ☐SUPPLEMENTAL | ☑CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☑HEARING | ☐I.E .REPORT | ☐OTHER |
|---|---|---|---|---|---|

**Disposition**: No forfeiture was assessed as time constraints were exceeded.  Referred to classification for evaluation of SHU assessment.  Appeal rights were explained.  BLOODSAW was referred to CCR §3084.1 and following for additional information on appeal procedures.

**Additional penalties**: NONE

| SIGNATURE OF WRITER | TITLE | DATE NOTICE SIGNED |
|---|---|---|
| R. K. BELL | Correctional Lieutenant | April 2, 2007 |

| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: | TIME SIGNED: |
|---|---|---|---|
| | | 4-24-07 | 0800 |

A 2 202 R

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| P-20045 | BLOODSAW | | MCT-8-21-200? | PBSP | BS-209L | BS7-03-XXX |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | | LOCATION | DATE | TIME |
|---|---|---|---|---|---|
| 3005(a) | REFUSING TO ATTEND A MANDATORY PROGRAMMING | | BS-209L | 03-05-07 | 0830 HRS |

**CIRCUMSTANCES**

On Monday, March 5, 2007, at approximately 0830 hrs., inmate BLOODSAW (P-20045 BS-209L) refused to attend the mandatory BMU class. BLOODSAW refused to sign his CDC 128-B Refusal Chrono. Inmate BLOODSAW was assigned to the BMU in committee on 9-21-06, where the mandatory program was explained in detail. BLOODSAW received CDC 115s dated 10-17-06, 10-24-06, 10-26-06, 10-30-06, 12-28-06, 1-22-07, and 2-21-07 for the same offense. BLOODSAW has also received CDC 128-B Refusal Chronos dated 2-26-07, 3-1-07, and 3-5-07 for refusing to attend the mandatory BMU class.

This inmate is not EOP or Crisis Bed. Following current guidelines for mental health assessments, the circumstances of this offense have been carefully evaluated. The Reviewing Supervisor has concluded that a Mental Health Assessment is not required.

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ▶ S. ROBERTS, TEACHER | | 3-9-07 | BMU TEACHER | S/S/0 |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ▶ A. NAVARRO, SGT | 3/9/07 | DATE | LOC. |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE | F | | T. WOOD, LT | ☐ HO ☐ SHO ☐ SC ☐ FC |
| ☑ SERIOUS | | | | |

**COPIES GIVEN INMATE BEFORE HEARING**

| ☑ CDC 115 | BY: (STAFF'S SIGNATURE) ▶ D. ANDRUSS, C/O | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| ☐ INCIDENT REPORT LOG NUMBER | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME |

**HEARING**

(SEE ATTACHED HEARING SUMMARY)

REFERRED TO ☐ CLASSIFICATION    ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| R.K. BELL, LT | ▶ | | |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| ▶ M. FOSS, FACILITY CAPTAIN | | ▶ R.A. COOK, A.W. (C.E.) | |

| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME |
|---|---|---|---|

CDC 115 (7/88)

STATE OF CALIFORNIA                           DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C               PAGE ___1___ OF ___2___

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P-20045 | BLOODSAW | B07-03-0009 | PBSP | April 9, 2007 |

| ☐SUPPLEMENTAL | ☒CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☒HEARING | ☐I.E .REPORT | ☐OTHER |
|---|---|---|---|---|---|

**Hearing**: On April 9, 2007, at approximately 1030 hours, BLOODSAW was given the opportunity to attend this disciplinary hearing. BLOODSAW declined. When informed by staff that he needed to sign a CDC 128-B confirming that he had refused to attend, BLOODSAW refused to sign. At this institution, force will not be used to coerce attendance at a hearing. For this reason, his refusal to attend was accepted and the hearing was held in his absence. A CDC 128-B with the signature of staff witness (C/O J. Thom and T. Wadsworth) to his refusal was completed.

**District Attorney**: This has not been referred for criminal prosecution.

**Due Process**: The disciplinary was served on the inmate within 15 days of discovery and the hearing was held within 30 days of service. The inmate received his copies of all documents more than 24 hours in advance of the hearing. There are no due process issues.

The behavior of this inmate was evaluated at the time that the Reviewing Supervisor reviewed this disciplinary report. The Reviewing Supervisor concluded that a mental health assessment was not required. The SHO concurs. There is no compelling need for a mental health assessment based upon the circumstances given in this report.

**Staff Assistant**: BLOODSAW was assigned a Staff Assistant as BLOODSAW is illiterate (reading score of 4.0 or less). The assigned SA, Officer D. Andruss, was present at the hearing and confirmed that he interviewed BLOODSAW more than 24 hours in advance. Officer Andruss confirmed that he had explained hearing procedures, disciplinary charges, the evidence supporting these charges and the right to request confidentiality.

**Investigative Employee**: BLOODSAW has no apparent interest in an investigation on his behalf. The issues are not complex and available information is sufficient. I.E. assignment is unnecessary.

**Witnesses**: No witnesses were called to this hearing. None were listed on the CDC 115-A as requested by the inmate and the SHO did not require any additional testimony.

**Video/photo evidence**: Videotape/Photo evidence was not an issue for this hearing.

As BLOODSAW did not attend the hearing, a plea was not entered and he did not present any testimony in his own defense. The hearing was decided based upon the following written evidence: CDC 115 of March 5, 2007.

**Finding**: Guilty of the Div. F (3) offense (CCR 3315 (a)(3)(K)) offense RECURRING FAILURE TO MEET WORK OR PROGRAM EXPECTATIONS WITHIN THE INMATE'S ABILITIES WHEN LESSER DISCIPLINARY METHODS FAILED TO CORRECT THE MISCONDUCT. This offense requires evidence that the inmate had been given instructions on meeting program expectations, it was possible for the inmate to meet these expectations and the inmate has received previous disciplinaries for this same offense or a similar offense. This finding is based upon the following preponderance of evidence:

A. The testimony of Teacher, S. Roberts in the disciplinary report of March 5, 2007, wherein Roberts testifies to the following:

    1.    Inmate BLOODSAW refused to attend the mandatory BMU class.
    2.    BLOODSAW refused to sign a CDC 128 refusal chrono.
    3.    BLOODSAW received numerous CDC 128-B's for refusing to attend class.

| SIGNATURE OF WRITER | | TITLE | | DATE NOTICE SIGNED | |
|---|---|---|---|---|---|
| R. K. BELL | | Correctional Lieutenant | | April 9, 2007 | |
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | | DATE SIGNED: 4-24-07 | | TIME SIGNED: 0802 |

4/

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS

PAGE __2__ OF __2__

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P-20045 | BLOODSAW | B07-03-0009 | PBSP | April 9, 2007 |

| ☐SUPPLEMENTAL | ☑CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☑HEARING | ☐I.E .REPORT | ☐OTHER |
|---|---|---|---|---|---|

**Disposition**: Assessed **30** day credit forfeiture for this Div. F offense. With this notice, BLOODSAW is informed that his credit restoration period began ~~February 23~~, 2007 and this restoration period is a minimum of three months (if within 60 days of scheduled release, the minimum is reduced to one month). If he is found guilty of any administrative or serious CDC-115 issued during this credit restoration period, he forfeits his eligibility for restoration. If he completes this restoration period disciplinary free, he may request a classification review. Classification will make the final determination whether he is eligible for restoration or request an additional period of disciplinary free conduct. With this notice, BLOODSAW is referred to CCR §3084.1 for information on appeal procedures.

**Additional penalties**: NONE

| SIGNATURE OF WRITER | | TITLE | DATE NOTICE SIGNED | |
|---|---|---|---|---|
| R. K. BELL | | Correctional Lieutenant | April 9, 2007 | |
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | | DATE SIGNED: 4·24·07 | TIME SIGNED: 08cD |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC-128 B (8-87)

DATE:  I/M NAME:  CDC#  CELL

On _4·12·07_, at approximately _0930_ hours, inmate ____Bloodsaw____ CDC#_P20045_
cell# _B8-101L_, refused to attend the mandatory BMU class. Inmate _Bloodsaw_ was assigned to the
BMU in Committee on _9·21·06_, where the mandatory program was explained in detail.

INMATE SIGNATURE _____

C/o J. Thom
STAFF (Print Name and Sign)

C/o J. _____
STAFF (Print Name and Sign)

☒ INMATE REFUSED TO SIGN

ORIG  :  C-File
cc    :  Inmate
      :  AWC

A2 202
PBSP

**GENERAL CHRONO**





```
--------------------------------------------------------------------------
  CDC NUMBER  | NAME                                  | ETHNIC|   BIRTHDATE
   P20045     | BLOODSAW,THEOPRIC,KENT                | BLA   |  06/24/1958
--------------------------------------------------------------------------
  TERM STARTS | MAX REL DATE   MIN REL DATE  MAX ADJ REL DT |  MIN ADJ REL DT
   06/11/2003 | 11/27/2023     04/28/2020    11/27/2023     |  06/27/2020
--------------------------------------------------------------------------
                                                     | PAROLE PERIOD
BASE TERM 10/00 + ENHCMNTS  11/04 = TOT TERM  21/04  | 3 YRS
--------------------------------------------------------------------------

PRE-PRISON + POST SENTENCE CREDITS
CASE    P2900-5 P1203-3 P2900-1 CRC-CRED MH-CRED P4019   P2931 POST-SENT  TOT
--------------------------------------------------------------------------
YA053506    185                                    92            28    305

PC296 DNA COMPLETED
```

```
--------------------------------------------------------------------------
 RECV DT/ COUNTY/   CASE    SENTENCE DATE              CREDIT    OFFENSE
  CNT      OFF-CODE DESCRIPTION                         CODE      DATE
--------------------------------------------------------------------------
CONTROLLING PRINCIPAL & CONSECUTIVE   (INCLUDES ENHANCEMENTS/OFFENSES):

--CONTROLLING CASE --
 6/11/2003  LA    YA053506     5/13/2003  NO STRIKES: 2
                  01 P667.5(B) PPT-NV                      3
                  01 P667(A)    01 PFC SERIOUS             3
  01 P245(C)   ADW ON PO OR FIREMAN                        3    11/08/2002
               (U)WPN
  02 P243(C)(2) BATT ON PO                          CS     3    11/08/2002
               (U)WPN
  03 P422      TERRORIST THREAT                      CS     3    11/08/2002
  04 P203      MAYHEM                                CS     3    11/08/2002
               ATT
  05 P203      MAYHEM                                CS     3    11/08/2002
               ATT
```

```
--------------------------------------------------------------------------
 TRAN                                RULE _____ D A Y S _____
 TYPE    DATE    END DATE LOG NUMBER  NUMBER  ASSESS LOST REST DEAD
--------------------------------------------------------------------------
 BEG 11/24/1998             ******BEG BAL******
 ADD 06/11/2003             YA053506
 BCL 10/23/2003             IV3100472 3062(H)    30    30
 ADD 06/11/2003             YA053506
 BCL 03/28/2005             A05030073 3005B      30    30
 ADD 06/11/2003             YA053506
 BCL 02/23/2006             A06020050 3005B      30    30
 ADD 06/11/2003             YA053506
 BCL 12/29/2006             B07010032 3005B      30    30
 BCL 01/22/2007             B07010077 3005C      30    30
     CURRENT PC BALANCE:      0        CURRENT BC BALANCE:   1248

       ****** CONTINUED ******
```

```
 CDC NUMBER    | NAME
   P20045      | BLOODSAW,THEOPRIC,KENT
```

```
ADD 06/11/2003              YA053506
BCL 02/23/2006              A06020050 3005B        30    30
ADD 06/11/2003              YA053506
BCL 12/29/2006              B07010032 3005B        30    30
BCL 01/22/2007              B07010077 3005C        30    30
BCL 03/05/2007              B07030009 3005C        30    30
BCL 04/12/2007              B07040031 3005C       150   150
ADD 06/11/2003              YA053506
ADD 06/11/2003              YA053506
ADD 06/11/2003              YA053506
BCL 10/03/2007              E07100003 3005(B)      30    30
ADD 06/11/2003              YA053506
    CURRENT PC BALANCE:       0        CURRENT BC BALANCE:    846
```

STATE OF CALIFORNIA                                                        DEPARTMENT OF CORRECTIONS
CALCULATION WORKSHEET
OBIS CREDIT CODES 3, 4, OR 6
CDC 1897E. Electronic (04/00)

## CALCULATION WORKSHEET FOR PC SECTION 667(e) AND PC SECTION 2933.1

This form is used to calculate the Earliest Possible Release Date (EPRD) for inmates sentenced as a second-strike offender (Penal Code Sections 667(e) or 1170.12) and violent offenders whose offense date is on or after September 21, 1994. When sentenced as a second-strike offender, the OBIS credit code is 3 (20%). When the offense is a violent offense committed on or after September 21, 1994, the OBIS credit code is 4 (15%), or 6 (15%) if a second-stike violent offense.

| Section A - Original EPRD Calculation | Section B - Days "C" or "D2" From Start Date through Original EPRD (Do not include C/D2 time that occurs after the original ERPD) |
|---|---|

**Section A - Original EPRD Calculation**

1. Start Date — _6-11-03_

2. Plus Time Imposed — + _21/04_
   = _10-11-24_

3. Minus Pre/Postsentence Credit — _305_
   = _12-11-23_

4. Minus Vested Credit — _14_
   [PC 667(e) divide by 2]
   [PC 2933.1 divide by 5.66]
   (round down)
   = _11-27-23_

5. Plus Dead Time — + 

6. Equals Maximum Date — = _11-27-23_

7. Minus Start Date (Line 1) — _6-11-03_

8. Equals days to serve — = _7474_

9. Minus Dead Time — 

10. Equals Days Where Credit May Be Applied — = _7474_

11. Equals CDC ~~Conduct Credit~~ — = _1494_
    (divide Line 10 by 5 [PC 667(e)] or 6.66 [PC 2933.1], ~~round down~~)

12. Maximum Date (Line 6) — _11-27-23_

13. Minus CDC Conduct Credit (Line 11) — _1494_

14. Equals Original EPRD — = _10-25-19_

**Section B**

| From | Thru* | Number of Days** |
|---|---|---|
| _7-14-04_ | _6-9-05_ c/c | _331_ |
| _6-10-05_ | _8-2-05_ D2 | _54_ |
| _8-3-05_ | _4-11-07_ c/c | _617_ |

Total Days "C" and/or "D2" From Start Date to Original EPRD — _1002_

Equals CDC Conduct Credit Not Applied While C/D2 (divide total days C/D2 by 4 [PC 667(e)] or 5.66 [PC 2933.1] round down) — = _250_

*If the current work group is "C" or "D2" use the original EPRD as the "THRU" date. If the last day of "D2" is earlier than the original EPRD, use the earlier date as the "THRU" date.

**Number of Days equals "THRU" date minus "FROM" date plus 1 day.

### Section C - Credit Losses and Restorations

| Date of CDC 115 | Loss | Restored | Net Loss |
|---|---|---|---|
| _Total_ | | | |
| _Losses_ | | | _330_ |
| | | | |
| | | | |
| | | | |
| Net Credit Losses | | | _330_ |

### Section D: Calculating Adjusted EPRD

1. Original EPRD (from Section A, Line 14) — _10-25-19_

2. Plus Credit Not Applied While C/D2 (from Section B) — _250_

3. Plus Net Credit Lost (from Section C) — + _330_

4. Equals Adjusted EPRD (cannot exceed Maximum Date): — _5-27-21_

5. Minus Maximum Date (from Section A, Line 6) — 

6. Equals Excess Credit Loss to Apply to Next Period Being Calculated*** — 

***Mixed Credit Codes: when credit lost exceeds credit applied (Adjusted EPRD is later than Maximum Date), substract the Maximum Date from the Adusted EPRD which equals the days lost to apply to the next period being calculated.

| CALCULATED BY (Name and Title) _M. Dodd    CCRA_ | DATE _5-7-07_ |
|---|---|
| INMATE'S NAME _Bloodshaw, T_ | CDC NUMBER _P20045_ | LOCATION _PBSD_ |

STATE OF CALIFORNIA

## CHRONOLOGICAL HISTORY

DEPARTMENT OF CORRECTIONS

CDC 112 (9-83)

| Date | Chronological Listings | Initials | Dead Time | Release Date |
|---|---|---|---|---|
| NOV 24 1998 | REC'D NKSP-RC                    n/c | BmR | | |
| DEC 0 8 1998 | INTAKE AUDIT | DB | EPRD | 2/14/2000 |
| JAN 22 1999 | **CTF NEW ARRIVAL** | RC | | |
| 2-5-99 | Intake Audit, WCC applied | | | |
| | thru 2-5-99 DV | KV | | |
| 6-23-99 | 30 days loss 115 dtd 6-3-99, A'eff | | | |
| | 5-22-99, WCC applied thru 5-31-99 | KV | EPRD | 7-22-99 |
| 7-5-99 | Reviewed for Compliance with PC296 | KV | | |
| 8-24-99 | 30 days loss 115 dtd 6-22-99, C | | | |
| | Status eff 8-4-99 | KV | EPRD | 1-26-2000 |
| 12-8-99 | 121 days loss 115 dtd 8-11-99, D² | | | |
| | eff 8-11-99, EPRD projected with | | | |
| | D eff 12-4-99 | KV | EPRD | 7-23-2000 |
| 12-17-99 | Transfer Audit | KV | | |
| 12-22-99 | Rec'd SQ main | BJ | ½ EPRD | 7-7-00 |
| 5/02/00 | Intake/60 day Audit A-1/eff 12/30/99 | SV | | |
| 7-1-00 | Correction to T/C | OK | ½ EPRD | 7-1-00 |
| 7-3-00 | Parole Audit                    3 days vanpar | OK | CDD | 7-1-03 |
| 7-4-00 | Paroled to Reg III, LA Co, Engleword #2 | OK | DR | 7-4-00 |
| 8-2-00 | AROLE SUSPENDED EFF ___7-5-00 | | | |
| | CODE 1 | RS | Suspended | |
| 9-28-00 | Arrest/Hold/Reinstate | Cla | -85 | |
| 10-16-00 | Rec'd. Rent 3 Pitchess | Cla | | |
| 11-1-00 | Rev. Hrg. - Par Rev RTC 9 mos Elig. | Cla | PRRD | 3-27-01 |
| 11-15-00 | Rec'd. CIM/RCC | Cla | MRRD | 6-25-01 |
| 11-15-00 | Rec'd. CIM-E | Cla | CDD | 3-22-04 |
| 11-20-00 | Rec'd. CIM/RCW | Cla | OR | 3-27-02 |
| 11-29-00 | RCW Intake Audit | Cla | / | |
| DEC 22 2000 | REC'D ISP | RS | | |

| Number | Name | Page |
|---|---|---|
| 20045 | BLOODSAW, THEOPRIC K. | 1 |

STATE OF CALIFORNIA
**CHRONOLOGICAL HISTORY**
DEPARTMENT OF CORRECTIONS
CDC 112 (9-83)

¾
7 12

| Date | Chronological Listings | Initials | Dead Time | Release Date |
|---|---|---|---|---|
| 1-11-2001 | Intake / 60 day pre-release CAZ | CN | PRRD | 3-27-2001 |
| 1-26-01 | Credit Code Review | LM | | |
| MAR 14 2001 | 10 day Pre-Release Audit PER IM 200 ACTUAL DAYS IN CUSTODY THIS REVOCATION 180 TOTAL SERVED TO DATE 180 . | ⟋ | CDD DR | 3-22-2004 3-27-2002 |
| 3-27-2001 | REVOCATION TO RELEASE Reg 3/INGLE 2/LA | MS | -21 | |
| 4-12-2001 | PAROLE SUSPENDED EFF 3-29-01 CODE 1 | M | PRRD | 10-14-01 |
| 4-19-01 | ARREST / REINSTATE | AC | MRRD | 1-4-02 |
| 5-23-01 | Revocation Hrg. Results PR RTC 9E mos. Special Condition | AC | CDD DR | 10-9-04 10-16-02 |
| 7-27-01 | Rec'd CIM-MIN | MP | | |
| 8-3-01 | Intake / 60 day Count | A | | |
| 10-9-01 | 10 Day Ret to Parole Audit. Total Rev. Days served to date: 360 Days | Ueo | | |
| 10/16/01 | Ret. To Pa. Reg III, IN92 LA CD | BC | | |
| 11-14-01 | SUSPENDED EFF 10-17-01 CODE 2 — D, Efo URN TO PRISON FOR FURTHER CEEDINGS | RN | 8 days -86 days | |
| 01-11-02 | ARRESTED / REINSTATED 01-11-02 | (w) | PRRD | 07-30-02 |
| 3-15-02 | "S" activated Waiver REV HEARING. RTC 10 MOS | (w) | MRRD | 11-09-02 |
| 06-24-02 | SB 16 Eligible SPEC COND REAFFIRMED | (w) | CDD | 01-08-05 |
| 8-27-02 | PAR SUSPENDED EFF 8-12-02. code 2 RETURN TO PRISON FOR FURTHER PROCEEDINGS | 14 | DR just | 07-30-03 |
| 11-9-02 | ARREST / Reinstate eff 11-9-02 | -89 | | |
| 12-6-02 | Rev Screening RTC 6 months | | RRD | 8-6-2003 |
| | SB16 Ineligible opt | PWC | CDD | 4-7-2005 |
| 6-11-03 | Rec'd CCI IV RC PVWNT | RUB | DR | 8-6-2004 |
| 7-24-2003 | **INTAKE AUDIT** | CB | | |

Number
Name
Page

13 15
3

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

## CHRONOLOGICAL HISTORY

CDC 112 (9-83)

| Date | Chronological Listings | Initials | Dead Time | Release Date |
|---|---|---|---|---|
| 7-24-2003 | **RESTITUTION ORDERED PER** LA **CO. CASE #** YA053506 **, $** 250.00 | CB | Control EPRD | 10-25-2019 |
| 7-24-2003 | PC296 DNA Required | CB | | |
| 7-24-2013 | PC 3060.7 Supervision Case | CB | | |
| 11-04-2003 | BCL-30 days for CDC 115 log# 1V3100473, dated | | | |
| | 10-23-2003. | dkh | eprd | 11-24-2019 |
| NOV 05 2003 | **REC'D CSP-LAC** | MD | | |
| 11-25-2003 | Intake audit | RMB | | |
| 1-29-04 | Transfer Audit | DH | | |
| 2-24-04 | REC'D PELICAN BAY | DH | | |
| 3-25-04 | Intake Aud | CR | | |
| 3-11-05 | PC29ue Complete p. IOBIS | CR | | |
| 4-27-05 | BCL 30 days, log# A0503O473 dud 3-28-05 | | | |
| | Discharge LA County Case # YA034031 out | | | |
| | STATMAX date 4-4-2003, remains on LA | | | |
| | County Case # YA053506 | CR | eprd | 12-24-19 |
| 3-29-06 | BCL 30 days log# A06020050 dtd 2/23/06 | M | EPRD | 1-23-20 |
| 3-29-06 | 'C' status eff 7/14/04 thru 6-9-05 per | | | |
| | 128g dtd 7-29-04; D 2'eff 6-10-05 | | | |
| | thru 8-2-05 per 128g dtd 10-18-05; | | EPRD | 4-28-20 |
| | 'C' status eff 8-3-05 per 128g dtd 10-18-05 | M | EPRD | 5-28-20 |
| 2-1-07 | BCL 30 days, Log# B07010032 dtd 12-29-06 | M | EPRD | 6-27-20 |
| 4-13-07 | BCL 30 days, log# B07010077 dtd 1-22-07 | M | EPRD | 7-27-20 |
| 4-25-07 | BCL 30 days, Log B07070009 dtd 3.5.07 | M | EPRD | 12-24-20 |
| 4-30-07 | BCL 150 days, Log B07040031 dtd 4-12-07 | M | EPRD | 5-27-21 |
| 5-7-07 | D1 eff 4-12-07 per 128g dtd 4-19-07 | M | | |
| | | | | |
| | | | | |

| Number | Name | Page |
|---|---|---|
| P20045 | Bloodsaw, THEOPRIC Kent | 1b |

BOARD OF PRISON TERMS                                                                                                    STATE OF CALIFORNIA

# WAIVER OF REVOCATION HEARING

## RIGHT TO REVOCATION HEARING

I understand that the Board of Prison Terms (Board) may order a revocation hearing scheduled for me based on a parole violation report dated _11/26/02_ . I understand that I have the right to a parole revocation hearing within a reasonable time from the placement of the hold or the case conference if I am not under a hold. At the revocation hearing, I may contest the charges in the parole violation report. I may request witnesses to testify at the revocation hearing. I may be entitled to representation by an attorney at state expense if I am indigent. At the revocation hearing, the Board may find good cause to believe I have violated parole and may order my return to custody for a maximum of six (6) months if the crime for which I was committed to prison occurred on or before December 31, 1978, or 12 months if the crime for which I was committed to prison occurred on or after January 1, 1979. Any period of confinement served will be added to my parole period, but the total will not exceed the maximum period specified by law. If my parole is revoked, I shall be ineligible for discharge review until I complete one year of continuous parole beginning on the date of my release from the revocation period. However, I will be discharged at such time as my maximum discharge date is reached, if that date comes first.

## REQUEST FOR REVOCATION HEARING

PELICAN BAY ASU

☐  I request a revocation hearing and make the following pleas with regard to this hearing.

⋅  By making an admission to the charge(s), I understand that I am waiving my right to contest the charge, to request and question witnesses who may have information in regard to the charge, and to present documentary evidence which may pertain to the charge.
I also understand that an admission to the charge(s) does not affect my right to present evidence in mitigation as to why my parole should not be revoked.

| 1. I Admit Charge(s) (Specify which) | 2. I Deny Charge(s) (Specify which) | 3. I Neither Admit nor Deny Charge(s) (Spec. which) |
|---|---|---|
| | | |

| Signature of Parolee | CDC Number | Date |
|---|---|---|
| | | |

| Name and Title of CDC Employee (Print) _THOMAS LEE BOTA_ | Signature of CDC Employee | Date _1/3/03_ |
|---|---|---|

## WAIVER OF REVOCATION HEARING (UNCONDITIONAL)

☐  I wish to waive my revocation hearing. I understand that by waiving my right to a hearing, I am waiving all the rights discussed above. The Board will decide if there is good cause to believe I have violated parole and, if so, will make the appropriate disposition without a hearing or a personal appearance by me.

If waiver is acceptance of Revocation Screening Offer, check this box ☐ and complete the following:

Offer of _____ months or _____ days     INELIGIBLE     ELIGIBLE  (Circle one.)

| Signature | CDC Number | Date |
|---|---|---|
| | | |

## WAIVER OF REVOCATION HEARING (OPTIONAL)

_Ken An_

☒  I wish to waive my revocation hearing because a criminal prosecution is pending against me. I understand that by waiving my right to a hearing, I am waiving all the rights discussed above. The Board has determined there is good cause to believe I have violated parole and has made an appropriate disposition without a hearing or a personal appearance by me as a result of this waiver.

I may later request a hearing. The request for hearing must be received by the Board no more than 15 days following sentencing or final disposition in the criminal proceedings and no later than two months before expiration of the revocation period ordered by the Board. At the hearing the Board may take any appropriate action. [CCR, Title 15, Sec. 2641(b)]

| Signature _T. Bloodshaw_ | CDC Number _P 20045_ | Date _1/3/3_ |
|---|---|---|
| NAME _BLOODSHAW, THEODORE_ | CDC NUMBER _P 20045_ | INST/REGION _ING. H2/III_ |

PT 1101 (Rev.10/98)                                                                    Distribution: White-C File, Canary-Parolee, Pink-Other

PELICAN BAY
ASU

BOARD OF PRISON TERMS
STATE OF CALIFORNIA

Records Office Use Only
Projected Revocation Release Date
8-6-03
Revocation Release Date
8-6-03
Controlling Discharge Date
4-7-05
Discharge Review Date
8-6-04

## SUMMARY OF REVOCATION DECISION:
## HEARING WAIVED / SCREENING OFFER

### I. PRELIMINARY INFORMATION

**A. Type of Hearing**
REVOCATION

**B. Basis for Charges**
Parole Violation Report, Dated: 26-NOV-2002
CDC Rules Violation Report, Dated:
Other          Dated:

**C. Admissions/Denials**
Date Signed by Parolee: 06-DEC-2002
Date of BPT Action: 06-DEC-2002

Assessment: 9I

**D. Legal Data**
Arrest Date: 09-NOV-2002    Hold Date: 09-NOV-2002

### II. DECISION

A. [X] Hold Status - RETAIN
B. [ ] SATCU/SATU: [ ] Approved [ ] Denied
C. [ ] Continue on Parole [ ] Dismiss [ ] Prop36
D. [ ] Schedule for Revocation Proceedings
E. [ ] Schedule for Revocation Extension Proceedings
F. Miscellaneous Action

G. [X] Parole Revoked-Return to Custody: 9 months
[X] Serve consecutively
[ ] Revocation Period Extended: 0 days
[ ] Time Served:          to

H. Attorney [ ] Conduct Determination [ ] Assignment
Reason

[ ] Eligible **3057 Credits**
[X] Ineligible 3057d-1      [ ] Prior Criminal History
[ ] Ineligible 3057(d)(2)(E)   [ ] Circumstances & Gravity of Parole Violation
[X] Parole Violation **241 PC**
[ ] Commitment Offense
Specify Reason

**H. Special Cond. of Parole:** [X] Noted [ ] Reaffirmed [ ] Amended

| | Add/Mod/Del | Reason |
|---|---|---|
| No Alcohol | ------ | |
| ANT | ------ | |
| POC for Eval | ------ | |

Other Special Condition

Reason

**I. Instructions to CDC or P&CSD Staff**

Commissioner/Deputy Commissioner Signature

*Wm B. Crisodgo*

Date
06-DEC-2002

### PAROLEE ACKNOWLEDGEMENT

[ ] 1. I accept the above return to custody order (Section F) and unconditionally waive my rights to contest the charges against me or have a hearing.

[ ] 2. I reject the above order (Section F) and request a revocation hearing.

[X] 3. I accept the above order and optionally waive my right to a hearing.

Parolee Signature
*T. Bloodshaw*
Date
1/3/3

Witness Signature
Date
1/3/03

NAME
BLOODSHAW, THEOPRIC

CDC NUMBER
P20045

*Ken Bly*
*cby*
*117210*
*1/3/3*

INST/REGION / AGENT
INGLEWOOD 2 / 3
WILLIAMS, HERM

SCREEN DATE
06-DEC-2002

06-DEC-2002 04:18 PM
BPT 1104 (Rev. 7/88) Electronic

Page 1 of 3

PERMANENT ADDENDUM

BOARD OF PRISON TERMS

**SUMMARY OF REVOCATION DECISION: HEARING WAIVED / SCREENING OFFER**

STATE OF CALIFORNIA

## III. SUMMARY OF FINDINGS AND DISPOSITION

A. Reports and Documents Considered:

☐ Parole Violation
☐ CDC Rules Violation
☐ Other (specify):

☐ Police Report - Date:
Agency:

**PELICAN BAY ASU**

B. Findings

| Charge Number | Code Number | Charge Specified | Findings | Evidence Considered/ Relied Upon | Other (specify) | Rev Ext |
|---|---|---|---|---|---|---|
| 1. | 021 | Absconding parole supervision | GOOD CAUSE | 3 | | |
| 2. | 947 | Failure to register per H&S 11590 | GOOD CAUSE | 3 | | |
| 3. | 413 | Assault on peace officer | GOOD CAUSE | 6 | | |

1. Court Conviction
2. Parolee Admits
3. Agent's Statements
4. Physical Evidence
5. Witnesses' Statements
6. Victim's Statements
7. Laboratory Analysis
8. Other (specify)

C. Reasons for Disposition and Documents Considered

[X] Summary of Adjustment    ☐ C-File    ☐ POR    ☐ CII/FBI    ☐ Other:

Need for Reconfinement Based Upon the Following Factors:

☐ Return to Drugs - Readdiction - Need for Dry-Out - Detoxification

☐ Involved in Felonious Behavior that Mandates a Substantial RTC

☐ Continuation of Same Behavior that Caused Parolee's Prison Confinement

☐ Inability/Unwillingness to Conform to the Expectations and Requirements of Parole/CDC

☐ Parolee's Involvement in Distribution and/or Sales of Controlled Substances

[X] Parolee's Unlawful Behavior and/or Activity Makes Him/Her a Liability to the Community

☐ Parolee's Behavior and Conduct Requires Treatment in a Controlled Environment

Other Reasons/Comments

| NAME BLOODSHAW, THEOPRIC | CDC NUMBER P20045 | INST/REGION / AGENT INGLEWOOD 2 / 3 WILLIAMS, HERM | SCREEN DATE 06-DEC-2002 |
|---|---|---|---|

06-DEC-2002 04:18 PM

BPT 1104 (Rev. 7/88) Electronic

PERMANENT ADDENDUM

PELICAN BAY
ASU

BOARD OF PRSION TERMS

## SUMMARY OF REVOCATION DECISON: HEARING WAIVED/SCREEN OFFER

ADA

Special Needs: CCCMS

| NAME | CDC NUMBER | INST/REGION/AGENT | SCREEN DATE |
|------|------------|-------------------|-------------|
| BLOODSHAW, THEOPRIC | P20045 | INGLEWOOD 2 / 3 WILLIAMS, HERM | 06-DEC-2002 |

06-DEC-2002 04:18 PM

# BPT 1073 - NOTICE AND REQUEST FOR REASONABLE ACCOMMODATION

| I. | PRE-INTERVIEW FILE REVIEW (STAFF ONLY) | PELICAN BAY |

**PELICAN BAY**
**ASU**

Documents verifying/identifying disability: (Check all verifying documents and attach copies to 1073.)

☐ CDC 128C  ☐ CDC 128C-1  ☐ CDC 128C-2  ☐ CDC 611  ☐ CDC 1845  ☐ CDC 1515  ☐ Current BPT 1073

☐ CDC 128B (TABE 4.0 or lower) Score/GPL_____  ☐ Other documents_____  ☐ No verifying documents in file

☐ Accommodation is required for effective communication and/or access (enter type, i.e., sign language interpreter, staff assistance, assistive listening device, alternate accessible location, etc.)_____

## II. PRISONER/PAROLEE RIGHTS & SELF IDENTIFICATION

The Americans with Disabilities Act (ADA) is a law to help people with disabilities. Disabilities are problems that make it harder for some people to see, hear, breathe, talk, walk, learn, think, work, or take care of themselves than it is for others. Nobody can be kept out of public places or activities because of a disability. If you have a disability, you have the right to ask for help to get ready for your BPT hearing, get to the hearing, talk, read forms and papers, and understand the hearing process. BPT will look at what you ask for to make sure that you have a disability, that is covered by the ADA, and that you have asked for the right kind of help. If you do not get help, or if you don't think you got the kind of help you need, ask for a BPT 1074 Grievance Form. You can also get help to fill it out.

☐ I **do not** have a disability. (Sign and date at the "X" below.)

☑ I **do** have a disability.

## My disability is:

☐ Seeing    ☐ Talking    ☐ Reading  ☐ Hearing    ☐ Walking

☐ Understanding/Learning    ☐ Mental Problems  ☐ Other_____

## I need help for my parole hearing: (Check all boxes that apply to you)

☐ Reading    ☐ Understanding    ☐ Talking

☐ Hearing Device (type)_____              ☐ Wheelchair or _____

☐ Visual Aids/optical device (type)_____    ☐ Walking

☐ Sign language Interpreter (type)_____     ☐ Other _____

☑ Attorney                                      ☐ I do not need help for my parole hearing.

X _Ti Blossom_ _____ X _____
Prisoner/Parolee Signature          CDC #          Date Signed

## III. INITIAL SERVICE OF RIGHTS (STAFF ONLY)

I have informed prisoner/parolee of the above information, and any relevant charges, and have determined that he/she:    ☐ Appears to understand.    ☑ Appears to have difficulty understanding.
☐ Non-English Speaking (indicate language):_____

☐ EFFECTIVE COMMUNICATION METHOD USED: (Sign language interpreter, staff assistance, assistive device, alternate accessible location, etc.)_____
Comments:_____

_____ _____ 12/12/03
Staff Name and Title (please print)    Staff Signature          Date

## IV. REVIEW INDICATING NO CHANGES

| TYPE OF HEARING | PRINT NAME AND WRITE INITIALS | TITLE | INSTITUTION/REGION | DATE |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

NAME Oldshoe, Theopric  CDC# _____  TYPE OF HEARING _____  DATE OF HEARING _____  LOCATION _____

CHARGE SHEET/REVOCATION TRAC/SCHEDULING REQUEST
CDC 1676 (4/91)

**REPORT TO:**  ☐ BOARD OF PRISON TERMS

☐ NARCOTIC ADDICT EVALUATION AUTHORITY

2ND COPY - H.A
3RD COPY - PAROLEE
4TH COPY - U.S

| CDC NUMBER | NAME (LAST, FIRST, MI) | NAME BOOKED AS | REGION/UNIT | CSTC/U - ST |
|---|---|---|---|---|
| P20045 | BLOODSHAW, THEOPRIC | SAME | III/Ingle #2 | ☐ YES ☐ NO |

| ARREST DATE | ARRESTING AGENCY | BPT REFERRALS | | BOOKING NUMBER AND/OR LOCATION |
|---|---|---|---|---|
| 11/09/02 | LASO Lennox | ☒ MANDATORY | NON-MANDATORY | 7475221/LACJ |

| ARREST CODE * | * ARREST CODES | | | |
|---|---|---|---|---|
| B | A    P&CSD STAFF ALONE | B    LAW ENFORCEMENT AGENCY ALONE | | |
| | AB   P&CSD ASSISTED BY LAW ENFORCEMENT AGENCY | D    LAW ENFORCEMENT AGENCY WITH INFORMATION FROM P&CSD | | |

| HOLD DATE | DISCOVERY DATE | HOLD REMOVED DATE | AGENT OF RECORD | CONTROLLING DISCHARGE DATE | DISCHARGE REVIEW DATE | IMMINENT DISCHARGE |
|---|---|---|---|---|---|---|
| 11/09/02 | 11/13/02 | N/A | Herm Williams | PAL | PAL | |

| CHARGES AND CODES | CHARGES AND CODES |
|---|---|
| 1.  Absconding (021) | 4. |
| 2.  Failure to Register per 11590 (917) | 5. |
| 3.  Assault on Peace Officer (413) | 6. |

REASON FOR RETAINING PAROLE HOLD  PAROLEE DANGER TO

☒ ABSCOND   ☐ SELF   ☐ PROPERTY-OTHERS   ☒ SAFETY-OTHERS

| DATE COPY SENT TO PAROLEE | INITIALS OF PERSON SENDING |
|---|---|
| | |

## DISABILITY CONCERNS

**PSYCHIATRIC**:  Mr. Bloodshaw has been classified as CCMS.

**PHYSICAL**:  Per North Kern State Institutional Summary and CDC 128C-1 date 11/3/98 gastric problem, Mr. Bloodshaw also has heart alert medication required.

**DEVELOPMENTAL**:  Per North Kern State Institutions Summary claims completion of the 10th grade.

## SUPPLEMENTAL REPORT TO A PAL REPORT dated 8/22/02.

## SUPPORTING EVIDENCE:

**CHARGE #1:**  On 11/09/02 Mr. Bloodshaw was arrested by Lennox LASO, for our PAL Warrant #2020827547.  He was also arrested for circumstances in Charge #3.  On 8/09/02 Mr. Bloodshaw RRD from Los Angeles county Jail with reporting instructions for 8/12/02 at 12:00 pm.  He failed to report and on 8/27/02 I submitted a PAL report to the Board of Prison Terms.  On 08/27/02 the hearing panel acted to suspended his parole effective 8/12/02.

**PAROLEE STATEMENT**: To be obtained prior to his Morrisey Hearing.

**CHARGE #2:**  On 11/09/02, Mr. Bloodshaw was arrested by Lennox LASO, for circumstances in Charges #1 & #3.  On 08/09/02 Mr. Bloodshaw RRD from L.A. County Jail, he failed to register per 11590 during the period 8/09/02 through 11/09/02.  Mr. Bloodshaw signed form SS8048 for narcotic offender registration per 11590 H&S on 08/24/99.

**PAROLEE STATEMENT**: To be obtained prior to his Morrisey Hearing

**CHARGE #3:**  On 11/09/02 Mr. Bloodshaw was arrested by Lennox LASO, after discovering a Parolee at Large Warrant for him.  During the arrest Mr. Bloodshaw attacked one of the arresting deputies and attempted to gouge out his eyes, punched the Deputy repeatedly and maintained a

| PAROLEE'S NAME | | CDC NUMBER |
|---|---|---|
| | BLOODSHAW, THEOPRIC | P20045 |
| | Page 1 of 4 | |

grappling hold on the deputy, on the ground.  His partner and addition units were needed to secure Mr. Bloodshaw and to protect the Deputies.

**PAROLEE STATEMENT**: To be obtained prior to his Morrisey Hearing

**ATTACHMENTS**:  LASO incident report #4-02-11545-0399-057

**COURT INFORMATION**:  Inglewood Court 12/04/02 Case #YA053506, Charge ADW on a peace officer/not a firearm (GBI) 245 (C ) P.C..

**WITNESSES**:  Parole Agent Herm Williams can testify to circumstances in Charges 1 and 2 LASO Deputies Hoodye, Sean #796 and Sato, Brad #260210 can testify to circumstances in Charge #3.

DEPARTMENT OF CORRECTIONS

SUMMARY OF PAROLE ADJUSTMENT

CDC 1521-B (1/91)

## ATTACH LEGAL STATUS SUMMARY

| CDC NUMBER | NAME (LAST, FIRST, MI) | DATE OF REPORT |
|---|---|---|
| P20045 | BLOODSHAW, THEOPRIC | 11/26/02 |

### PRIOR COMMITMENT(S)

| OFFENSE TITLE(S) | CODE SECTION(S) | DATE(S) OF COMMITMENT |
|---|---|---|
| Burglary 1st | 459 PC | 01/12/90 |
| | | |
| | | |

| SPECIAL CONDITION(S) OF PAROLE | INITIAL PAROLE DATE | LAST REV. REL DATE (RRD) |
|---|---|---|
| Anti-Narcotic Testing.<br>POC - Parole Outpatient Clinic | 7/4/00 | 08/09/02 |

### RESIDENCE

| LAST KNOWN ADDRESS | LIVING WITH | RESIDENTIAL PATTERN |
|---|---|---|
| Transient | Unknown | Transient |

### MEANS OF SUPPORT

| SOURCE OF SUPPORT | IF EMPLOYED, EMPLOYER'S NAME & BUSINESS ADDRESS | DATES EMPLOYED FR. - TO | POSITION HELD |
|---|---|---|---|
| Unknown | Unknown | Unknown | Unknown |

**EVALUATION -** Cover the period from date of last release to current report. Include positive and negative factors of this release and community programs available in lieu of revocation, e.g. drug programs, psychiatric in-patient or out-patient, etc.

Mr. Bloodshaw is a second termer for Possession of a Controlled Substance. The Subject has prior convictions for 484(A) Theft of Person 3/8/89, 666PC Petty Theft 8/21/89, 459 PC Burglary 12/27/89, 11550(A) H&S Under the Influence of C/S 4/18/94, 245(A) PC ADW 2/27/95, 602(J) PC Trespass, Injure Property, 602(J) PC Trespass; Injure Property, and 11550(A) H&S, Under the Influence of C/S 1/6/97.

There has not been a parole adjustment as Mr. Bloodshaw absconded when paroled.

| PAROLEE'S NAME | CDC NUMBER |
|---|---|
| BLOODSHAW, THEOPRIC | P20045 |

Page 3 of 4

## CENTRAL OFFICE CALENDAR DECISION

### 1. REPORTS REVIEWED

| | |
|---|---|
| A. PAROLE VIOLATION REPORT OF _____ (DATE)    REVIEWED | E. PSYCHIATRIC REPORT OF _____ (DATE)    REVIEWED |
| B. PAROLE VIOLATION REPORT (PAL) OF _____ (DATE)    REVIEWED | F. DISCHARGE REPORT OF _____ (DATE)    REVIEWED |
| ✗ C. SUPPLEMENTAL PAROLE VIOLATION REPORT OF PAL dated 9.22.02 (DATE)  11.26.02  REVIEWED | G. RETAIN ON PAROLE REPORT OF _____ (DATE)    REVIEWED |
| D. DISCIPLINARY REPORT OF _____ (DATE)    REVIEWED | H. OTHER REPORT OF _____ (DATE)    REVIEWED |

### 2. PAROLE STATUS

| | |
|---|---|
| A. PAROLE SUSPENDED EFFECTIVE _____ (DATE) | ✗ C. REINSTATE ON PAROLE EFFECTIVE 11-9-02 (DATE) |
| B. CONTINUE ON PAROLE | ✗ D. OTHER Cancel Want Remove Warrant from Fil |

### 3. SCHEDULE FOR FURTHER PROCEEDINGS

| | |
|---|---|
| A. SCHEDULE FOR REVOCATION PROCEEDINGS<br>✗ 1. ☐ EXTENSION    2. ☐ PSYCH. ATTN.<br>3. ☒ PREREVOCATION | C. SCHEDULE FOR RESCISSION PROCEEDINGS |
| B. RETURN TO PRISON FOR FURTHER PROCEEDINGS | ✗ D. HOLD<br>☐ PLACE    ☒ RETAIN    ☐ REMOVE |

### 4. OTHER DECISIONS

| | |
|---|---|
| A. CANCEL WANT<br>REMOVE WARRANT FROM FILE | G. RETAIN IN CUSTODY _____ DAYS<br>PENDING REVOCATION EXTENSION HEARING |
| B. REAFFIRM ACTION OF _____ (DATE) | H. PAROLE PERIOD EXTENDED TO _____<br>PENDING REVOCATION HEARING    ☐ 18 Mos.    ☐ 4 Yrs. |
| C. RESCIND ACTION OF _____ (DATE) | I. ENTER NCIC WARRANT PER<br>BPT § 2714 (b)(1)  ( _____ )<br>FILL IN APPROPRIATE SUBSECTION |
| D. DISCHARGE<br>1. ☐ BPT § 2535    ☐ § 2713 (c)<br>2. ☐ TO ALLOW _____ AUTHORITIES<br>EXCLUSIVE JURISDICTION. | J. PLACE IN WANTED PERSONS SYSTEM<br>ISSUE IN CALIFORNIA WARRANT |
| E. RETAIN ON PAROLE<br>BPT RULE 2535 (d)  ( _____ ) | K. MISCELLANEOUS |
| F. RETAIN ON PAROLE SUPERVISION | |

### PANEL HEARING CASE

NAME _____

NAME _____

| NAME<br>BLOODSHAW, THEOPRIC | NUMBER<br>P20045 | INSTITUTION/REGION<br>P&CSD/III | UNIT<br>Ingle2 | DECISION DATE |
|---|---|---|---|---|

BPT 1130 (Rev. 5/5/98)    ☐    *SEE COMMENTS ON REVERSE SIDE*

PERMANENT ADDENDA

**CENTRAL OFFICE CALENDAR DECISION**

## 1. REPORTS REVIEWED

| | |
|---|---|
| A. PAROLE VIOLATION REPORT OF _____ REVIEWED <br> (DATE) | E. PSYCHIATRIC REPORT OF _____ REVIEWED <br> (DATE) |
| **X** B. PAROLE VIOLATION REPORT (PAL) OF <br> 08/21/02 _____ REVIEWED <br> (DATE) | F. DISCHARGE REPORT OF _____ REVIEWED <br> (DATE) |
| C. SUPPLEMENTAL PAROLE VIOLATION REPORT OF _____ REVIEWED <br> (DATE) | G. RETAIN ON PAROLE REPORT OF _____ REVIEWED <br> (DATE) |
| D. DISCIPLINARY REPORT OF _____ REVIEWED <br> (DATE) | H. OTHER REPORT OF _____ REVIEWED <br> (DATE) |

## 2. PAROLE STATUS

| | |
|---|---|
| **X** A. PAROLE SUSPENDED EFFECTIVE <br> 8/12/02 <br> (DATE) | C. REINSTATE ON PAROLE EFFECTIVE _____ <br> (DATE) |
| B. CONTINUE ON PAROLE | D. OTHER |

## 3. SCHEDULE FOR FURTHER PROCEEDINGS

| | |
|---|---|
| A. SCHEDULE FOR REVOCATION PROCEEDINGS <br> 1. ☐ EXTENSION   2. ☐ PSYCH. ATTN. <br> 3. ☐ PREREVOCATION | C. SCHEDULE FOR RESCISSION PROCEEDINGS |
| ✓ B. RETURN TO PRISON FOR FURTHER PROCEEDINGS | D. HOLD <br> ☐ PLACE   ☐ RETAIN   ☐ REMOVE |

## 4. OTHER DECISIONS

| | |
|---|---|
| A. CANCEL WANT <br> REMOVE WARRANT FROM FILE | G. RETAIN IN CUSTODY _____ DAYS <br> PENDING REVOCATION EXTENSION HEARING |
| B. REAFFIRM ACTION OF _____ <br> (DATE) | H. PAROLE PERIOD EXTENDED TO ☐ 18 Mos. ☐ 4 Yrs. <br> PENDING REVOCATION HEARING |
| C. RESCIND ACTION OF _____ <br> (DATE) | **X** I. ENTER NCIC WARRANT PER <br> BPT § 2714 (b)(1)   ( D, M, C ) <br> FILL IN APPROPRIATE SUBSECTION |
| D. DISCHARGE <br> 1. ☐ BPT § 2535   ☐ § 2713 (c) <br> 2. ☐ TO ALLOW _____ AUTHORITIES <br> EXCLUSIVE JURISDICTION. | J. PLACE IN WANTED PERSONS SYSTEM <br> ISSUE IN CALIFORNIA WARRANT |
| E. RETAIN ON PAROLE <br> BPT RULE 2535 (d)   (   ) | K. MISCELLANEOUS |
| F. RETAIN ON PAROLE SUPERVISION | |

### PANEL HEARING CASE

NAME _Merla_ (signature)

NAME

NAME
Bloodshaw, Theopric

| NUMBER | INSTITUTION/REGION | UNIT | DECISION DATE |
|---|---|---|---|
| P20045 | P&CSD/REG3 | Ingle2 | 6/27/02 |

HW:jt

BOARD OF PRISON TERMS

**SUMMARY OF REVOCATION HEARING AND DECISION**

(BPT Rules, Chapter 6, Article 3)

| | STATE OF CALIFORNIA |
|---|---|
| | MRRD 11-07-02 |
| PAROLE REVOCATION RELEASE DATE | 07-30-02 |
| CONTROLLING DISCH. DATE | 01-08-05 |
| DISCH. REVIEW DATE | 07-30-03 |

## I. PRELIMINARY INFORMATION

**A. TYPE OF HEARING**

[X] Revocation
[ ] Revocation Extension
[ ] Revocation: Psychiatric Treatment
[ ] Prerevocation

**B. LOCATION OF HEARING:** ........ SACC

Parolee in Custody at time of Hearing

[X] Yes      [ ] No

**C. BASIS FOR CHARGES**

[X] Parole Violation Report, dated  1-23-02
[ ] Other ...............................................
............................ dated ...............

**D. OPTIONAL WAIVER**    [ ] Yes    [X] No

Date signed by parolee ............. Date of BPT action ........

Assessment ..................... [ ] Ineligible    [ ] Eligible
(Check one)

**E. LEGAL DATA**

[ ] The crime for which the parolee was committed to prison occurred on or before 12-31-78.
[X] The crime for which the parolee was committed to prison occurred on or after 1-1-79.
Date of arrest on current parole violation charge(s) ............ 1-11-02
Date hold was placed on current parole violation charge(s) ............ 1-11-02

**F. PRESENT AT HEARING**

1. [X] Parolee (If parolee absent, why?) ............ TESTIFIED
2. [X] Hearing Officer(s)  Thomas Wadkins DC
   (NAMES)
3. [X] Attorney    [ ] Waived    [ ] Disapproved    Name  REED
4. [X] Agent of Record  WILLIAMS — TESTIFIED
   (NAME OF REASON IF NOT PRESENT)
5. [X] Hearing Agent  Vincente
   (NAME OF REASON IF NOT PRESENT)
6. [ ] Observer(s) ............
   (NAME AND ORGANIZATION)

**G. WITNESSES**

| Present | | Name | Notified | | Wit. Desig.** | | If absent, state specific reason. |
|---|---|---|---|---|---|---|---|
| Yes | No | | *Meth. | Date | Stat. | Req. | |
| | X | Detective Mark Renfrow | TT | 6-18 | A | S | FTA-unknown |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**\*NOTIFICATION METHOD**

M = Memo        PC = Personal Contact
L = Letter        Sp = Subpoena
Ph = Phone       TT = Teletype

**\*\*USE ABBREVIATION FOR WITNESS DESIGNATION:**

Status:  A = Adverse        Requested By:  S = State
F = Friendly                          P = Parolee
V = Victim

| NAME | CDC NUMBER | INST/REGION | HEARING DATE |
|---|---|---|---|
| Bloodshaw, Theopric  P20045 | | Duel 2 III | 6-24-02 |

BPT 1103 (REV. 3/90)    Page 1 of 4 Pages

WHITE-C FILE
CANARY-BPT
PINK-PAROLEE
GOLDENROD-AGENT OF RECORD

**PERMANENT ADDENDA**

BOARD OF PRISON TERMS

STATE OF CALIFORNIA

# SUMMARY OF REVOCATION HEARING AND DECISION

## I. Preliminary Information (Cont.)

**H. HEARING**    [ ] CANCELLED    [ ] POSTPONED
REASON:

[ ] Atty. Unavailable              [ ] Parolee Ret'd to Prison         [ ] Interpreter Needed
[ ] Parolee Unavailable          [ ] Parolee Signed Waiver         [ ] Psych. Evaluation
[ ] Witness Unavailable          [ ] Parolee Request                  [ ] Add'l. Witness/Testimony

[ ] Other: ..................................................................................................................

Specify witnesses/documents needed for next hearing: ...............................................................

**I. OBJECTIONS**    ☒ None    ☐ Yes    State objections (s) and panel's ruling and reasons on continuation sheet.

### II. SUMMARY OF FINDINGS

**A. ADMISSIONS/DENIALS AND FINDINGS**

**1. Charges**

| Charge# | Code | Brief Description of Conduct | 2. Plea | | | 3. Findings | | |
|---------|------|------------------------------|---------|------|---------|-------------|--------------|---------|
| | | | Admit | Deny | No Plea | Good Cause | No Good Cause | Dismiss |
| 1 | 021 | Absconding | | ✓ | | ✗ | | |
| 2 | 452 | Battery on a peace officer | | ✓ | | | | ✗ |
| 3 | 972 | Vandalism | ✓ | | | | | ✗ |
| 4 | 010 | Failed to attend POC | ✓ | | | | | ✗ |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

**4. Charges Amended to Read (Complete 5 below)**

| Charge# | Code | Brief Description as Amended | Amended Prior to Plea | Prior to Finding |
|---------|------|-----------------------------|------------------------|------------------|
| | | | | |
| | | | | |
| | | | | |

**5. Reason for amending Charges (Show charge # and reason):** ...............................................................

..........................................................................................................................................

NAME                          CDC NUMBER                    INST/REGION                    HEARING DATE
Bloodshaw, Theopric    P-20045    _Singh 2/ H.H._    6-24-02

BPT 1103 (REV. 3/90)    Page 2 of ___ Pages    WHITE-C FILE / CANARY-BPT / PINK-PAROLEE / GOLDENROD-AGENT OF RECORD    **PERMANENT ADDENDA**

BOARD OF PRISON TERMS                                                    STATE OF CALIFORNIA

## SUMMARY OF REVOCATION HEARING AND DECISION

### III. REASON FOR DECISION

Basis for Conclusion: Ch #2, 3, 4 — Dismissed   No witness + spec. Condition.

AOR testified Parolee released on 10-16-01 and failed to report to PCSD. BPT suspended Parole on 11-16-01 @ 10-17-01 Parolee Believe he was not on Parole. Ch#1 — Good Cause found Based upon Testimony By Respondent's of Evidence.

Basis for Disposition:

Cont case: 4350 (PR)   Prior Comm: 459 PC (1st) -1990.   Init Rel Date: 7-4-00 RTC on 9-28-00 for Fail to Register 1590 RTC on 4-19-01   Absconding. AOR Parolee never Report to PCSD Parolee states he understands he is on Parole 10 Months RTC Based upon PV Offense 2nd Term and 3rd RTC.

| NAME | CDC NUMBER | INST/REGION | HEARING DATE |
|---|---|---|---|
| Bloodsham Theopric | P20045 | Sizzle 2 / III | 6-24-02 |

BPT 1103 (REV 3/90)

Page 3 of ___ Pages

WHITE-C FILE
CANARY-BPT
PINK-PAROLEE
GOLDENROD-AGENT OF RECORD

**PERMANENT ADDENDA**

BOARD OF PRISON TERMS

STATE OF CALIFORNIA

## SUMMARY OF REVOCATION HEARING AND DECISION

### IV. SUMMARY OF DISPOSITION

A. [X] Hold Status:
   1. [ ] Place Hold          2. [X] Retain Hold
   3. [ ] Remove Hold Not Later Than ................................
                                                    (DATE)
B. [ ] Remaining Period of Parole Waived
   Discharge Effective ................................
                                    (DATE)
C. [ ] Continue on Parole
D. [X] Parole Revoked. Return to Custody
   _TEN_ ...................... Months
E. [ ] Parole Revocation Period Extended:
   ...................................... days
F. [ ] Parole Revoked. Return to Custody
   ...................... Months for Psychiatric Treatment
G. Eligibility for Credits
   [X] Eligible       [ ] Ineligible
   Reason for Ineligibility (PC§3057(d)(2):
   [ ] Commitment offense (Specify) ......................
   [ ] Revocation offense (Specify) ......................
   [ ] Violation of parole condition (Specify) ......................
   [ ] Sentenced under PC §1168 (Specify) ......................
   [ ] Unsuitable for credits because of PC §3057 (d)(2)(E)
       [ ] Prior criminal history
       [ ] Circumstances and gravity of parole violation
   Specify reason: ......................
   ......................................
   ......................................
   ......................................
   ......................................

H. Optional Waivers
   [ ] Previous BPT Action of ...................... is:
                                          (DATE)
   1. [ ] Rescinded      2. [ ] Reaffirmed
I. [ ] Other ......................
              (SPECIFY)
   ......................................
   ......................................
   ......................................
   ......................................

J. [ ] Special Conditions of Parole
       [ ] All current conditions reaffirmed

| | No Alcohol | ANT | POC | Other |
|---|---|---|---|---|
| Added | | | | |
| Deleted | | | | |

K. Instructions to CDC Staff/Reasons for special conditions of parole: _1073 Completed_
   _NOTE: CDC RECORDS SEE ATTACHED Document AND Review for Interpretation to See if Parolee is on Parole per Parolee's request BPT Has Ruled Parolee is on Parole per Court Records_

---

BPT HEARING PANEL

NAME: _Thomas_  6-24-02

NAME:

DECISION REVIEWED BY:

REVOCATION HEARING TIME (MINUTES)
1. Prehearing Prep. Time: _15_
2. Actual Hearing Time: _30_
3. Report Completion Time:
4. Other (Specify): _30 Wknot on AORT WIT_
                                    Total _(R2 30MIN_

NAME
_Bloodsban Theopric_

CDC NUMBER
_P2.0045_

INST/REGION
_Single 21/III_
WHITE-C FILE
CANARY-BPT
PINK-PAROLEE
GOLDENROD-AGENT OF RECORD

HEARING DATE
_6-24-02_

BPT 1103 (REV. 3/90)

Page 4 of _12_ Pages

PERMANENT ADDENDA

CONTINUATION SHEET

| CONTINUATION FOR: | SECTION |
|---|---|
| BPT FORM NO. | SUBSECTION |

MOTION: TIMELYNESS ISSUE. HOLD Date was 1-11-02. CASE prejudice trial Because of prejudice Parolee's life.

DECISION: MOTION Denied — ATTORNEY ARTICULATED No prejudice to Parolee's CASE. 45 Day rule is A guideline not mandated Dismissal. DC Dismissed Ch #2 + 3 + 4 where Denied of any WITNESS No prejudice as to ASSISTANCE

MOTION — Parolee STATES he is NOT on parole ATTORNEY presented Court Minute ORDER + AB S 702A et of JUDGEMENT

DECISION MOTION IS Denied — Minute ORDER Shows Court sent Parolee to Prison for Probation REVOCATION shown RTC. PCSP/CDC records Show after CASO RTC CDC Records are calculated CDD to be 2004.





California State Prison Corcoran

# RADIOLOGY REPORT

NAME: BLOODSAW, Theopric          NUMBER: E-40947      DATE: 12/17/92

DOCTOR: Hoffman                          HOUSING: 4B


SKULL SERIES, C-SPINE.


HISTORY: Blow to head 1977. Dizziness daily since.


SKULL SERIES.

I see no fracture, sinuses clear.


IMPRESSION: Unremarkable skull series.


CERVICAL SPINE.


Films continue to show loss of normal cervical lordosis. There is narrowing of the C-5/6 disc with some straightening of curvature at this level, no change since previous, no fractures or destructive processes seen.


IMPRESSION: Abnormal C-5/6 interspace. No other significant findings identified.


Mario Deguchi, M.D./Jay Grauman, M.D.


Dictated: 12/22/92 ls/JG
Original: Medical Chart
        cc: X-Ray Jacket

California State Prison Corcoran

## RADIOLOGY REPORT

NAME: BLOODSAW, Theopric            NUMBER: E-40947        DATE: 10/20/92

DOCTOR: Brown                       HOUSING: 4B

CERVICAL SPINE FILM SERIES WITH OBLIQUES.

Radiographic examination of the cervical spine was obtained. There is either a superimposed position artifact or non-displaced fracture at the lateral left lateral corner of C-1. It is visible on the frontal projection. Further evaluation by obtaining follow-up radiographic examination may be of value. Otherwise there is no evidence of acute fracture or dislocation. Vertebral body statures are well maintained. Narrowing of C-5/C-6 intervertebral disc space with osteophytes is appreciated. This is consistent with degenerative disc disease. Neural canal are patent. Prevertebral soft tissue structures appear unremarkable. Mild reversal of cervical curvature is noted. This may be secondary to positioning or muscle spasms.

IMPRESSION: (1) Reversal of cervical curvature. (2) Degenerative disc disease. (3) Fractures verses superimposed position artifact of C-1 as described, Follow up Lateral + open mouth view Rx.

Mario Deguchi, M.D./Jay Grauman, M.D.

Dictated: 10/22/92 ls/MD
Original: Medical Chart
    cc: X-Ray Jacket

**X-RAY REPORT**

4 - 9 - 99

**DEPARTMENT OF CORRECTIONS**
**CORRECTIONAL TRAINING FACILITY**

| | | | | |
|---|---|---|---|---|
| NAME: | CDC #: | CELL: | DOB: | DATE: |
| BLOODSAW, THEOPRIC | P-20045 | D4/025U | 06/24/58 | 02/26/99 |

EXAM REQUESTED:
PA AND LATERAL CHEST

CLINICAL DATA:
OLD GSW, LEFT THORAX

REFERRING PHYSICIAN:
D. GINES, M.D.

RADIOGRAPHIC REPORT:

CHEST:  PA AND LATERAL VIEWS OF THE CHEST ARE OBTAINED ON 02/26/99.

MULTIPLE METALLIC FRAGMENTS ARE NOTED OVERLYING AND WITHIN THE UPPER LEFT
HEMITHORAX, CONSISTENT WITH A PREVIOUS GUNSHOT INJURY.  BOTH LUNGS ARE
WELL EXPANDED AND CLEAR.  THERE IS NO EVIDENCE OF ANY ACTIVE PULMONARY
PATHOLOGY.  THE HEART IS NORMAL IN SIZE AND CONTOUR.  THERE IS NO
MEDIASTINAL ADENOPATHY.

IMPRESSION:

THERE IS EVIDENCE OF A PREVIOUS OLD GUNSHOT INJURY INVOLVING THE LEFT
UPPER HEMITHORAX.  NO ACTIVE CARDIOPULMONARY PATHOLOGY IS SEEN.  THERE
ARE NO PREVIOUS FILMS AVAILABLE FOR COMPARISON.

03/02/99                    NELSON PARKER, M.D.                    NHP/gj
DATE READ                        RADIOLOGIST            DATE TYPED:  04/07/99




# X-RAY REPORT

### DEPARTMENT OF CORRECTIONS
### PELICAN BAY STATE PRISON
### HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC  NO. P20045  RM: A4-226  DOB: 06/25/58  DATE: 07/23/04

EXAM REQUESTED:              CERVICAL SPINE

REQUESTING M.D.:             J. LAZORE, F.N.P.

CLINICAL DATA:               HISTORY OF PAIN.

RADIOGRAPHIC REPORT:         CERVICAL SPINE

FINDINGS:                    There is mild a reversal of the normal cervical lordosis.

Moderate degenerative disc disease is noted at the C5-6 and C6-C7 levels manifest by disc space narrowing and marginal osteophyte formation.

**IMPRESSION:**              **MODERATE DEGENERATIVE DISC DISEASE AT C5-6 AND C6-C7.**



# ORIGINAL

07/28/04                     CURTIS COULAM, M.D.                            DLK
DATE READ                    RADIOLOGIST                          TRANSCRIBER




# X-RAY REPORT

### DEPARTMENT OF CORRECTIONS
### PELICAN BAY STATE PRISON
### HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC  NO. P20045  RM: A2-125  DOB: 6/25/58  DATE: 02/22/05

EXAM REQUESTED:               CERVICAL SPINE

REQUESTING M.D.:              J. LAZORE, F.N.P.

CLINICAL DATA:                NO HISTORY GIVEN

RADIOGRAPHIC REPORT:          CERVICAL SPINE

FINDINGS:                     Comparison to a previous study dated 7/23/04.

On the current study the soft tissues are unremarkable.

There is a mild reversal of the cervical lordosis centered at  C5-6.  There is mild anterior subluxation of C4 with respect to C5 which was not present on the previous study.

Degenerative discs at C5-6 and C6-7 again noted and show little change compared to the previous study.

**IMPRESSION:**               1.    **REDEMONSTRATION OF DEGENERATIVE DISC DISEASE AT C5-6 AND C6-7 WHICH APPEAR STABLE.**
2.    **THERE IS MILD ANTERIOR SUBLUXATION OF C4 WITH RESPECT TO C5 OF APPROXIMATELY 2 MM WHICH WAS NOT SPECIFICALLY PRESENT ON THE FILMS OF 7/23/04.**

**ON THE OBLIQUE VIEWS POSTERIOR OSTEOPHYTES PARTIALLY ENCROACH ON THE INTERVERTEBRAL FORAMINA AT THE C5-6 LEVEL BILATERALLY.**

02/22/05              CURTIS COULAM, M.D.                              BGR
DATE READ                  RADIOLOGIST                           TRANSCRIBER

54

  

# X-RAY REPORT

### DEPARTMENT OF CORRECTIONS
### PELICAN BAY STATE PRISON
### HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC  NO. P20045  RM: A2-125  DOB: 6/25/58  DATE: 02/22/05

EXAM REQUESTED:            3 VIEW LUMBAR SPINE

REQUESTING M.D.:           J. LAZORE, F.N.P.

CLINICAL DATA:             NO HISTORY GIVEN

RADIOGRAPHIC REPORT:       3 VIEW LUMBAR SPINE

FINDINGS:                  The lumbar vertebra are normally aligned and the disc spaces are well maintained. No compression fractures are evident. There are no arthritic changes.

**IMPRESSION:**            **NORMAL LUMBAR SPINE.**


EXAM REQUESTED:            LEFT HIP

REQUESTING M.D.:           J. LAZORE, F.N.P.

CLINICAL DATA:             NO HISTORY GIVEN

RADIOGRAPHIC REPORT:       LEFT HIP

FINDINGS:                  4-5 tiny metallic fragments are noted in the soft tissues lateral to the hip joint. These all appear to be extra articular.

The femoral head is normally developed and normally located in the acetabulum. The joint space is well preserved. No significant arthritic changes are evident.

**IMPRESSION:**            **TINY METALLIC FOREIGN BODIES IN THE SOFT TISSUES LATERAL TO THE HIP.  THE HIP, PER SE IS UNREMARKABLE.**

02/22/05                   CURTIS COULAM, M.D.                   BGR
DATE READ                  RADIOLOGIST                          TRANSCRIBER

20

NAME __Bloodsaw_____    NUMBER __E40947____    AGE _32___    DATE __12/17/90__

X-RAY REQUESTED _____Left hip_____

PHYSICIAN __A. C. Pedley, M.D.__

REPORT:

The left hip is negative for evidence of acute fracture or dislocation.
There are several bullet fragments overlying the soft tissues lateral to
the left hip joint space  and suggested slight increased narrowing of the
left hip joint space medially.

RJB: ck
d:  12/18/90
t:  12/18/90

$\beta$
ROBERT J. BEMRICK, M.D.
RADIOLOGIST

S.C.C. X-RAY REPORT

NAME · Bloodsaw_____    NUMBER E40947____    AGE ___31___    DATE __2/16/90__

X-RAY REQUESTED____Upper GI Series_____    PHYSICIAN _____F. J. Foster, M.D.

REPORT:

The preliminary film of the abdomen shows no evidence of acute intra-abdominal
disease or other significant abnormality except for a developmental or possibly
old minor post-traumatic deformity involving the right transverse process of
the fourth lumbar vertebra.

The examination was performed without the aid of fluoroscopy.  There appears to
be increased prominence of the partially visualized distal antral and pyloric
folds and there is deformity of the duodenal bulb with inflammatory thickening
of the duodenal bulb and post-bulbar folds.  The visualized upper intestinal tract
is otherwise within normal limits and shows no evidence of peptic ulceration.

CONCLUSIONS:    Findings consistent with nonerosive antral gastritis and duodenitis.

No evidence of peptic ulceration involving the upper intestinal
tract.

'B: ck
2/27/90
3/2/90

$\beta$
Robert J. Bemrick, M.D.
Radiologist

S.C.C. X-RAY REPORT




# X-RAY REPORT

### DEPARTMENT OF CORRECTIONS
### PELICAN BAY STATE PRISON
### HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC  NO. P20045  RM: A2-202L  DATE: 09/10/07

EXAM REQUESTED:           AP PELVIS AND BILATERAL HIPS, 2 FILMS/
                          3-VIEWS LUMBAR SPINE

REQUESTING M.D.:          PCP

CLINICAL DATA:            HISTORY NOT GIVEN

RADIOGRAPHIC REPORT:      AP PELVIS AND BILATERAL HIPS, 2 FILMS

FINDINGS:                 This study is compared with a preceding examination from February
2005.

There are scattered areas of shrapnel in the area of the left gluteal region and hip. These are unchanged from the previous study, although they are reported to have been associated with the right hip at the time of the previous study. Perhaps one of these two exams has been mislabeled.

There is no soft tissue swelling or calcifications. The SI joints and hip joints appear normal bilaterally. The bony architecture is intact. There are no sclerotic or lytic changes.

IMPRESSION:              **NO ACUTE BONY TRAUMA OR ARTHRITIC CHANGES
                         ARE RECOGNIZED. SCATTERED PRESUMED SHRAPNEL
                         IS NOTED IN THE VICINITY OF WHAT IS THOUGHT TO
                         BE THE LEFT HIP. OTHERWISE, NEGATIVE.**

Page 1

09/11/07                    PHILIP GRIMM, M.D.                        JLP
DATE READ                   RADIOLOGIST                          TRANSCRIBER





## X-RAY REPORT

### DEPARTMENT OF CORRECTIONS
### PELICAN BAY STATE PRISON
### HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC  NO. P20045  RM: ASU-E1  DATE: 10/18/07

EXAM REQUESTED:              AP OF PELVIS AND LATERAL EXAMINATION OF THE LEFT
                            HIP/THREE-VIEWS

REQUESTING M.D.:            PCP

CLINICAL DATA:             HISTORY OF PAIN

RADIOGRAPHIC REPORT:       AP OF PELVIS AND LATERAL EXAMINATION OF THE LEFT
                           HIP/THREE-VIEWS

FINDINGS:                  This study is compared with films taken in September 2007.

In the approximately one month interval since the previous study, little if any change is seen. There is
some minimal shrapnel in the immediate vicinity of the left hip, and it is possible that some of the
shrapnel fragments are closely associated with the joint capsule, but none are thought to lie within the
joint capsule. Mild arthritic changes are recognized, but the underlying bony architecture is intact, and no
obvious acute pathology is seen. No obvious acute trauma is recognized. If there is persistent pain,
perhaps a nuclear medicine bone scans or even an MRI study would be helpful.

IMPRESSION:                **THE FINDINGS ARE SIMILAR TO THAT OF ONE MONTH
                           BEFORE. EVIDENCE OF PREVIOUS GUNSHOT WOUND
                           IN THE IMMEDIATE VICINITY OF THE LEFT HIP IS
                           SEEN, BUT NO ACUTE PATHOLOGY IS APPRECIATED.**

10/30/07                          PHILIP GRIMM, M.D.                          JLP
DATE READ                         RADIOLOGIST                          TRANSCRIBER

STATE OF CALIFORNIA
CDC 7362 (Rev. 03/04)

# HEALTH CARE SERVICES REQUEST FORM

DEPARTMENT OF CORRECTIONS

## PART I: TO BE COMPLETED BY THE PATIENT

*A fee of $5.00 may be charged to your trust account for each health care visit.*

**If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.**

REQUEST FOR:     MEDICAL ☐     MENTAL HEALTH ☐     DENTAL ☐     MEDICATION REFILL ☐

NAME **Bloodsaw Theopric**          CDC NUMBER **P20045**          HOUSING **A2-202**

PATIENT SIGNATURE                                                    DATE **4-17-07**

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe Your Health Problem And How Long You Have Had The Problem)  I was attack by staff C/O's on 4-12-07 I did not receive proper medical attention several blows to the back of my head, left arm, rib cage, lower lip, left hip knee and ankel, spasms, lower back pain

*NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM*

## PART III: TO BE COMPLETED AFTER PATIENT'S APPOINTMENT

☐ Visit is not exempt from $5.00 copayment.  (Send pink copy to Inmate Trust Office.)

CDC 7362 (Rev. 03/04)     Original - Unit Health Record     Yellow - Inmate (if copayment applicable)     Pink - Inmate Trust Office (if copayment applicable)     Gold - Inmate

## Assessment

### Medical Diagnosis

Code: 724.5        Description: BACK DISORDER

Axis:        GAF:        Status: COMPLETE        Provider: MALO-CLINES, FNP, CHERYL

Diagnosis Dt/Tm: 08-14-2007 0925        Resolve Dt/Tm: 11-30-2007 1129        Priority:

Notes:


Code: 9991        Description: EARS, NOSE, & THROAT DISEASE

Axis:        GAF:        Status: CURRENT        Provider: MALO-CLINES, FNP, CHERYL

Diagnosis Dt/Tm: 08-16-2007 1516        Resolve Dt/Tm: 00-00-0000 0000        Priority:

Notes:


Code: 959        Description: INJURY / TRAUMA

Axis:        GAF:        Status: COMPLETE        Provider: MALO-CLINES, FNP, CHERYL

Diagnosis Dt/Tm: 04-13-2007 1524        Resolve Dt/Tm: 11-30-2007 1129        Priority:

Notes:


Code: V70.3        Description: NORMAL EXAM

Axis:        GAF:        Status: COMPLETE        Provider: MALO-CLINES, FNP, CHERYL

Diagnosis Dt/Tm: 08-16-2007 1245        Resolve Dt/Tm: 11-30-2007 1128        Priority:

Notes:


Code: 9992        Description: NURSING DIAGNOSIS

Axis:        GAF:        Status: COMPLETE        Provider: JOHNSON, RN, ERICKA

Diagnosis Dt/Tm: 09-26-2006 1320        Resolve Dt/Tm: 12-05-2007 1220        Priority:

Notes:


| PHYSICIAN'S PROGRESS NOTES | CDC #: P20045 |
| --- | --- |
| | Name(L,F,M,S): BLOODSAW, THEOPRIC |

CDC 7230

STATE OF CALIFORNIA          DEPARTMENT OF CORRECTIONS

## Assessment

### Medical Diagnosis

Code: 9992          Description: NURSING DIAGNOSIS
Axis:          GAF:          Status: COMPLETE          Provider: KEYS, MTA, JAMES
Diagnosis Dt/Tm: 04-12-2007 2020          Resolve Dt/Tm: 11-30-2007 1129          Priority:
Notes:


Code: 9992          Description: NURSING DIAGNOSIS
Axis:          GAF:          Status: CURRENT          Provider: NAKAMURA, RN, STEVE
Diagnosis Dt/Tm: 12-05-2007 1220          Resolve Dt/Tm: 00-00-0000 0000          Priority:
Notes:


Code: 733.90          Description: ORTHOPEDIC DISORDER
Axis:          GAF:          Status: COMPLETE          Provider: WILLIAMS, MD, CLAIRE
Diagnosis Dt/Tm: 10-09-2007 0949          Resolve Dt/Tm: 11-30-2007 1128          Priority:
Notes:   left hip pain


Code: 733.90          Description: ORTHOPEDIC DISORDER
Axis:          GAF:          Status: CURRENT          Provider: WILLIAMS, MD, CLAIRE
Diagnosis Dt/Tm: 10-16-2007 0908          Resolve Dt/Tm: 00-00-0000 0000          Priority:
Notes:   back pain


Code: 593          Description: RENAL / UROLOGICAL DISORDER
Axis:          GAF:          Status: CURRENT          Provider: MALO-CLINES, FNP, CHERYL
Diagnosis Dt/Tm: 11-30-2007 1437          Resolve Dt/Tm: 00-00-0000 0000          Priority:
Notes:

| PHYSICIAN'S PROGRESS NOTES | CDC #: P20045 |
| --- | --- |
| CDC 7230 | Name(L,F,M,S):  BLOODSAW, THEOPRIC |
| STATE OF CALIFORNIA          DEPARTMENT OF CORRECTIONS | |

Assessment

## Medical Diagnosis

Code:  999999          Description: NECK PAIN
Axis:        GAF:          Status: COMPLETE     Provider: MARINO, MD, RICK
Diagnosis Dt/Tm:  01-18-2006 1033      Resolve Dt/Tm: 08-18-2006 1824     Priority:
Notes:


Code:  999999          Description: TINEA CORPORIS
Axis:        GAF:          Status: COMPLETE     Provider: SWINEY, MD, JENNIFER
Diagnosis Dt/Tm:  03-21-2006 0815      Resolve Dt/Tm: 08-18-2006 1824     Priority:
Notes:


Code:  999999          Description: ALT BLOOD SUGARS PER LAB
Axis:        GAF:          Status: COMPLETE     Provider: ELLIOTT, RN, CATHERINE
Diagnosis Dt/Tm:  03-29-2006 1538      Resolve Dt/Tm: 08-18-2006 1824     Priority:
Notes:


Code:  999999          Description: NURSING DIAGNOSIS
Axis:        GAF:          Status: COMPLETE     Provider: RASMUSSEN, RN, MARGARET
Diagnosis Dt/Tm:  07-20-2006 1306      Resolve Dt/Tm: 08-11-2006 1605     Priority:
Notes:


Code:  999999          Description: AXIAL SKELETAL
Axis:        GAF:          Status: COMPLETE     Provider: MALO-CLINES, FNP, CHERYL
Diagnosis Dt/Tm:  08-11-2006 1604      Resolve Dt/Tm: 11-30-2007 1128     Priority:
Notes:

| PHYSICIAN'S PROGRESS NOTES | CDC #: P20045 |
| --- | --- |
| | Name(L,F,M,S):  BLOODSAW, THEOPRIC |

CDC 7230
STATE OF CALIFORNIA          DEPARTMENT OF CORRECTIONS

Visit Start Dt/Tm: 05-07-2007 0938    Encounter Type: SICK CALL    Visit Reason: 7362 PCP EVALUATION

## Subjective

Entry Dt/Tm: 05-07-2007 1216    Entered By: MPIMSBJ , JAIN, MD

Updated Dt/Tm: 05-07-2007 1331    Updated By: MPIMSBJ , JAIN, MD

inmate is here for multiple issues he has been followed under me for GERD and
constipation, he is running out his meds and want to renew these, inmate has
been taking protoses for GERD from on recent upper GI, pallorec has been
controlling symptoms.
inmate also has hx of constipation x 6 yrs and has been on lactulose and
occusate i stated only lactulose helps him . he recently had barium enema done
but study was not optimal due to poor preparation.
he also wants to get allergy meds renewed he has been using CTM and naratec but
also has been c/c nose bleeds on and off.
inmate was also in altercation about 1-2 wks ago stated since then neck back
and Lt hip has worsen. inmate already had preexisting problems with these.
denies any dizziness or neurological symptoms.

## Objective

### Other

Name: exam

Provider: JAIN, MD , BHAWNA    Other Dt/Tm: 05-07-2007 1331

Notes: inmate sitting comfortably no distress. has dec hearing.
HEENT- nt nc, neck stable, FROM no dizziness on neck movement
nose- no bleeding point, mild swelling of mucosa.
cvs s1 s2 wnl
lung clear
abdomen soft nontender BS +
ext no edema
back- no tenderness, FROM, SLR wnl
hip FROM
neuro aaox3 no motor or sensory deficit.

| PHYSICIAN'S PROGRESS NOTES | CDC #: P20045 |
| --- | --- |
| CDC 7230 | Name(L,F,M,S):  BLOODSAW, THEOPRIC |
| STATE OF CALIFORNIA    DEPARTMENT OF CORRECTIONS | |

56

*Jain Bhawna, , M.D.*




## X-RAY REPORT

### DEPARTMENT OF CORRECTIONS
### PELICAN BAY STATE PRISON
### HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC    NO. P20045    RM: A2-202L    DATE: 05/10/07

EXAM REQUESTED:                CERVICAL SPINE THREE VIEWS

REQUESTING M.D.:              PCP CLINIC

CLINICAL DATA:                HISTORY OF NECK PAIN.

RADIOGRAPHIC REPORT:          CERVICAL SPINE THREE VIEWS

FINDINGS:                     This study is compared with films taken in June of 2005.

There is no obvious soft tissue swelling or calcifications. There is a focal reversal of the normal cervical lordosis with the apex this reversal is centered at C5. Mild arthritic changes are noted at C4-5. Moderate arthritic changes bordering on severe are noted at C5-6 and C6-7. At these levels there is endplate sclerosis, osteophyte formation and joint space narrowing. Lateral mass arthritic changes are noted at disc spaces above this. There is an unusual appearance of the symphysis of the mandible perhaps this is posttraumatic. This is probably unchanged from the preceding study. The degree of arthritic changes in the mid and lower cervical spine is thought to be mildly progressive when compared to the previous study in 2005.

IMPRESSION:          1.    FOCAL MODERATE DEGENERATIVE ARTHRITIC CHANGES OF THE MID AND LOWER CERVICAL SPINE, I BELIEVE THEY ARE MILDLY PROGRESSIVE WHEN COMPARED TO THE PRECEDING STUDY.
                     2.    FINDINGS AT C5-6 MAY BE CHARACTERIZED AS SEVERE.
                     3.    I BELIEVE THAT THERE IS A POSTTRAUMATIC DEFORMITY OF THE SYMPHYSIS OF THE MANDIBLE THAT IS STABLE WHEN COMPARED TO THE PREVIOUS STUDY.

05/15/07
DATE READ
PHILIP GRIMM, M.D.
RADIOLOGIST

DLK
TRANSCRIBER

# HEALTH CARE SERVICES REQUEST FORM (PBSP 7362)

51366

**PART I: TO BE COMPLETED BY THE PATIENT**

If you believe this to be an urgent/emergent health care need, contact the correctional officer on duty

REQUEST FOR:   MEDICAL ☑   PSYCHIATRY ☐   MENTAL HEALTH ☐   DENTAL ☐   PHARMACY ☐

NAME: *BloodsAw Theopric*   CDC #: *P20045*   HOUSING: *A2-202*

PHARMACY REFILL # ___   *Pharmacy, place labels on back of form*

THE REASON YOU WANT HEALTH CARE. (DESCRIBE YOUR HEALTH PROBLEM AND HOW LONG YOU HAVE HAD THE PROBLEM)

*I have disabilities and according to CDC Title 15, 3377.1. Inmate Custody Designations. 3085. Americans with Disabilities Act. I was and still is entitled to single cell housing Cervical Spine, Lower Back, Spasms Gunshot in left hip*

PATIENT'S SIGNATURE: *T. Bloodsaw*   DATE: *5-15-07*

**PART II: TO BE COMPLETED BY THE TRIAGE RN/RDA/MTA**

Date & Time Received: ___

Received by: ___

Reviewed by RN/RDA, Date: ___   Time: ___   Signature: ___   Triage Designation: ___

S:

O:   T:   P:   R:   BP:   WEIGHT:

*You have an appointment scheduled to discuss this with Doctor.*

A:

P:

Signature/Date/Time:

| APPOINTMENT SCHEDULED AS: | EMERGENCY ☐ (immediately) | URGENT ☐ (within 24 hours) | ROUTINE ☐ (within 14 calendar days) |
|---|---|---|---|

REFERRED TO PCP: ___   DATE OF APPOINTMENT: ___

Print/Stamp Name ___   Signature/Title ___   Date & Time Completed ___

**COPAYMENT INFORMATION – TO BE FILLED OUT BY DEPARTMENTAL STAFF**

1. ☐ Visit was for an emergency
2. ☐ Visit was for diagnosis or treatment of a communicable disease condition (See Title 17, Chapter 4, Subchapter 1, Section 2500 CCR)
3. ☐ Visit was for mental health services
4. ☐ Visit was a follow-up requested by the clinician.
5. ☐ Visit was for State mandated evaluation or treatment (e.g., Annual TB tests)
6. ☐ Visit was for reception screening and evaluation only
7. ☐ Visit is NOT exempt from co-payment. Send PINK copy to Inmate Trust Office.

DISTRIBUTION:
ORIGINAL–Unit Health Record   YELLOW - Pharmacy   PINK - Inmate Trust   GOLDENROD – Inmate/Patient
PBSP 7362 (Rev 7/03)

Name: ___   CDC#: ___   Housing: ___   Institution: ___

*19*

LABORATORY REPORTS

**DEPARTMENT OF CORRECTIONS**
**CMC-EAST HOSPITAL**

NAME:  **BLOODSAW, THEO**  NUMBER:  **E-40947**  ROOM:  **4190X**  AGE:  **37**

Date Taken:  9-15-95    Date Read:  09/15/95    Ordering M.D.:  **MISSON**

**RADIOGRAPHIC REPORT**: LEFT HIP

There is evidence of fracture.  Minimal osteoarthritic spurring is present about the inferior margin of the femoral head.

*pmc*

JBF:jag    Date:  **September 16, 1995**              **J. FLEMING, M.D.**

Date Taken: 3-30-95    Date Read: 3-31-95    Ordering M.D.:  Stevig

RADIOGRAPHIC REPORT:

CHEST:    There is no evidence of active pulmonary disease.   Small metal fragments are present in the left upper chest.

STATE OF CALIFORNIA
DISABILITY PLACEMENT PROGRAM VE   .ICATION (DPPV)
CDC 1845 (Rev. 01/04)

DEPARTMENT OF CORRECTIONS
CHECK ALL APPLICABLE BOXES

**THIS FORM ONLY VERIFIES OR DISCONFIRMS CLAIMED PHYSICAL DISABILITIES LISTED IN SECTION B**

| INMATE NAME: | CDC NUMBER: | INSTITUTION: | HOUSING ASSIGNMENT: | DATE FORM INITIATED: |
|---|---|---|---|---|
| BLOODSAW | P20045 | PBSP | AZ 202L | 8/1/07 |

*Sections A - B to be completed by licensed medical staff.*

| SECTION A: REASON FOR INITIATION OF FORM | SECTION B: DISABILITY BEING EVALUATED |
|---|---|
| [X] Inmate self-identifies to staff    [ ] Third party evaluation request | [ ] Blind/Vision Impaired    [ ] Speech Impaired |
| [ ] Observation by staff    [ ] Medical documentation or Central File information | [X] Deaf/Hearing Impaired    [ ] Mobility Impaired |

*Sections C - G to be completed by a physician only.*

| SECTION C: PERMANENT DISABILITIES IMPACTING PLACEMENT | SECTION D: PERMANENT DISABILITIES NOT IMPACTING PLACEMENT |
|---|---|
| 1. [ ] FULL TIME WHEELCHAIR USER - DPW  Requires wheelchair accessible housing and path of travel. | 1. NO CORRESPONDING CATEGORY |
| 2. [ ] INTERMITTENT WHEELCHAIR USER - DPO  Requires lower bunk, wheelchair accessible path of travel and *does not require* wheelchair accessible cell. | 2. NO CORRESPONDING CATEGORY |
| 3. [ ] MOBILITY IMPAIRMENT - With or Without Assistive Device (Wheelchairs shall not be prescribed) - DPM  Orthopedic, neurological or medical condition that substantially limits ambulation (cannot walk 100 yards on a level surface without pause). Requires lower bunk, no triple bunk, and no stairs in path of travel. | 3. MOBILITY IMPAIRMENT (Lower Extremities) - DNM  Walks 100 yards without pause with or without assistive devices.  [ ] No Housing Restrictions    [ ] See HOUSING RESTRICTIONS in Section E  [ ] Requires relatively level terrain and no obstructions in path of travel. **Do not place at:** CCI, CMC-E, CRC, CTF-C, FSP, SCC I or II, SOL, or SQ. (CDC 128-C:_____) |
| 4. [ ] DEAF/HEARING IMPAIRMENT - DPH  Must rely on written communication, lip reading or signing as residual hearing, with assistive devices, will not enable them to hear, understand or localize emergency warnings or public address announcements. | 4. [X] HEARING IMPAIRMENT - DNH  With residual hearing at a functional level with hearing aid(s). |
| 5. [ ] BLIND/VISION IMPAIRMENT - DPV  Not correctable to central vision acuity of better than 20/200 with corrective lenses in at least one eye (See HOUSING RESTRICTIONS IN SECTION E). | 5. NO CORRESPONDING CATEGORY |
| 6. [ ] SPEECH IMPAIRMENT - DPS  Does not communicate effectively speaking or in writing. | 6. [ ] SPEECH IMPAIRMENT - DNS  Does not communicate effectively speaking, but does when writing. |

| SECTION E: ADDITIONAL MEDICAL INFORMATION |
|---|

**CSR ALERT:**
[ ] Requires relatively level terrain and no obstructions in path of travel
[ ] Complex medical needs affecting placement    [ ] CDC 128-C _____

**HEALTH CARE APPLIANCE / IDENTIFICATION VEST:**
[ ] Cane   [ ] Crutch   [ ] Walker   [ ] Leg/Arm prosthesis   [ ] Vest
[ ] Other: _____
[ ] CDC 128-C(s) dated: _____

**ASSISTANCE NEEDED WITH ACTIVITIES OF DAILY LIVING:**
[ ] Feeding or Eating   [ ] Bathing   [ ] Grooming   [ ] W/C transferring
[ ] Toileting   [ ] Other: _____   [ ] CDC 128-C(s) dated: _____

**OTHER DPP DESIGNATIONS:**
[ ] NONE _____ _____ ;
CODE   DATED   CODE   DATED

**HOUSING RESTRICTIONS:**    [ ] Lower bunk    [ ] No stairs    [ ] No triple bunk. CDC 128-C(s) dated: _____

| SECTION F: EXCLUSIONS |
|---|

[ ] VERFICATION OF CLAIMED DISABILITY NOT CONFIRMED: My physical examination or other objective data DOES NOT SUPPORT *claimed* disability. (Explain in Comments Section and CDC 128-C dated _____).
[ ] REMOVAL FROM A DPP CODE: Removal from previous DPP code: _____. (Explain in Comments Section and CDC 128-C dated: _____.)
[ ] REMOVAL FROM ENTIRE PROGRAM: Removal from DPP code(s): _____. (Explain in Comments Section and CDC 128-C dated: _____.)

| SECTION G: EFFECTIVE COMMUNICATION FACTORS |
|---|

[ ] Uses Sign Language Interpreter (SLI)    [ ] Reads Braille    [ ] Communicates with written notes    [ ] Requires large print or magnifier
[ ] Reads lips    [X] NO "EFFECTIVE COMMUNICATION" ISSUES OBSERVED OR DOCUMENTED IN THE UNIT HEALTH RECORD

**PHYSICIAN'S COMMENTS:** *(Focus on affected systems and functional limitations. No specific diagnosis or other confidential medical information.)*

*Has good fuction & hearing aids - does not need vest*

| PHYSICIAN'S NAME (Print) | PHYSICIAN'S SIGNATURE | DATE SIGNED |
|---|---|---|
| M.C. SAYRE | MC Sayre | 8/1/07 |
| HEALTH CARE MANAGER'S / DESIGNEE'S NAME (Print)  M.C. SAYRE | HEALTH CARE MANAGER'S / DESIGNEE'S SIGNATURE  MC Sayre | DATE SIGNED  8/1/0? |

NOTE: After review by the Health Care Manager or Chief Physician & Surgeon, health care staff shall retain green copy for the UHR, send the inmate copy via institutional and route the original and remaining copies to the C&PR/R CC-III for tracking and further distribution according to the instructions below.

State of California

DEPARTMENT OF CORRECTIONS
CDC 128-2

NAME and NUMBER  Bloodsaw, P20045

This inmate has been identified as: ☐ DPH ☒ DNH ☐ DPS ☐ DNS and was interviewed as indicated below:
☒ The inmate was/was not interviewed with the assistance of a qualified sign language interpreter.
　　Name of sign language interpreter _____

Primary method: (Check one) (This method shall be used for due process, delivery of health care, inmate appeals and CDC 1515)
☐ American Sign Language ☐ Sign Exact English ☐ Other sign language: _____ ☐ Written notes
☐ Reads Lips ☒ Hearing aide(s) ☐ Assistive listening device

Alternative method(s): (Check all that apply)   I/m Request a Vest to Identify his Hearing impairm
☐ American Sign Language ☐ Sign Exact English ☐ Other sign language: _____ ☐ Written notes
☐ Reads Lips ☐ Hearing aide(s) ☐ Assistive listening device ☒ None

V.Y. France, Sgt.                    France Sgt.                    X I. Bloodsaw
Interviewer's Name                  Interviewer's Signature          Inmate's Signature        c Written

DATE: 8/16/07   NOTE - VEST ISSUED  8/17/07      CAPTAIN        INST:  PBSP
　　　EQUALLY EFFECTIVE COMMUNICATION FOR HEARING/SPEECH IMPAIRED

STATE OF CALIFORNIA
**DISABILITY PLACEMENT PROGRAM VERIFICATION (DPPV)** ~~COPY~~ *ASU EIL* DEPARTMENT OF CORRECTIONS
CDC 1845 (Rev. 01/04) CHECK ALL APPLICABLE BOXES

**THIS FORM ONLY VERIFIES OR DISCONFIRMS CLAIMED PHYSICAL DISABILITIES LISTED IN SECTION B**

| INMATE NAME: *Blackson* | CDC NUMBER: *P20045* | INSTITUTION: *PBSP* | HOUSING ASSIGNMENT: *ADSE 01L* | DATE FORM INITIATED: *1/15/08* |
|---|---|---|---|---|

*Sections A – B to be completed by licensed medical staff.*

| SECTION A: REASON FOR INITIATION OF FORM | SECTION B: DISABILITY BEING EVALUATED |
|---|---|
| ☒ Inmate self-identifies to staff ☐ Third party evaluation request | ☐ Blind/Vision Impaired ☐ Speech Impaired |
| ☐ Observation by staff ☐ Medical documentation or Central File information | ☒ Deaf/Hearing Impaired ☐ Mobility Impaired |

*Sections C – G to be completed by a physician only.*

| SECTION C: PERMANENT DISABILITIES IMPACTING PLACEMENT | SECTION D: PERMANENT DISABILITIES *NOT* IMPACTING PLACEMENT |
|---|---|
| 1. ☐ FULL TIME WHEELCHAIR USER - DPW Requires wheelchair accessible housing and path of travel. | 1. NO CORRESPONDING CATEGORY |
| 2. ☐ INTERMITTENT WHEELCHAIR USER - DPO Requires lower bunk, wheelchair accessible path of travel and *does not require* wheelchair accessible cell. | 2. NO CORRESPONDING CATEGORY |
| 3. ☐ MOBILITY IMPAIRMENT - With or Without Assistive Device (Wheelchairs shall not be prescribed) - DPM Orthopedic, neurological or medical condition that substantially limits ambulation (cannot walk 100 yards on a level surface without pause). Requires lower bunk, no triple bunk, and no stairs in path of travel. | 3. ☐ MOBILITY IMPAIRMENT (Lower Extremities) - DNM Walks 100 yards without pause with or without assistive devices. ☐ No Housing Restrictions ☐ See HOUSING RESTRICTIONS in Section E Requires relatively level terrain and no obstructions in path of travel. **Do not place at:** CCI, CMC-E, CRC, CTF-F, FSP, SCC I or II, SOL, or SQ. (CDC 128-C:_____) |
| 4. ☐ DEAF/HEARING IMPAIRMENT - DPH Must rely on written communication, lip reading or signing as residual hearing, with assistive devices, will not enable them to hear, understand or localize emergency warnings or public address announcements. | 4. ☒ HEARING IMPAIRMENT - DNH With residual hearing at a functional level with hearing aid(s). |
| 5. ☐ BLIND/VISION IMPAIRMENT - DPV Not correctable to central vision acuity of better than 20/200 with corrective lenses in at least one eye (See HOUSING RESTRICTIONS IN SECTION E). | 5. NO CORRESPONDING CATEGORY |
| 6. ☐ SPEECH IMPAIRMENT - DPS Does not communicate effectively speaking or in writing. | 6. ☐ SPEECH IMPAIRMENT - DNS Does not communicate effectively speaking, but does when writing. |

**SECTION E: ADDITIONAL MEDICAL INFORMATION**

**CSR ALERT:**
☐ Requires relatively level terrain and no obstructions in path of travel
☐ Complex medical needs affecting placement ☐ CDC 128-C _____

**HEALTH CARE APPLIANCE / IDENTIFICATION VEST:**
☐ Cane ☐ Crutch ☐ Walker ☐ Leg/Arm prosthesis ☐ Vest
☒ Other: *H-A* ☒ CDC 128-C(s) dated: *3/7/0*,

**ASSISTANCE NEEDED WITH ACTIVITIES OF DAILY LIVING:**
☐ Feeding or Eating ☐ Bathing ☐ Grooming ☐ W/C transferring
☐ Toileting ☐ Other: _____ ☐ CDC 128-C(s) dated: _____

**OTHER DPP DESIGNATIONS:**
☐ NONE _____ ; _____
CODE DATED CODE DATED

**HOUSING RESTRICTIONS:** ☐ Lower bunk ☐ No stairs ☐ No triple bunk. CDC 128-C(s) dated: _____

**SECTION F: EXCLUSIONS**

☐ VERIFICATION OF CLAIMED DISABILITY NOT CONFIRMED: My physical examination or other objective data DOES NOT SUPPORT *claimed* disability. (Explain in Comments Section and CDC 128-C dated _____).

☐ REMOVAL FROM A DPP CODE: Removal from previous DPP code: _____. (Explain in Comments Section and CDC 128-C dated: _____.)

☐ REMOVAL FROM ENTIRE PROGRAM: Removal from DPP code(s): _____. (Explain in Comments Section and CDC 128-C dated: _____.)

**SECTION G: EFFECTIVE COMMUNICATION FACTORS**

☐ Uses Sign Language Interpreter (SLI) ☐ Reads Braille ☐ Communicates with written notes ☐ Requires large print or magnifier
☐ Reads lips ☒ NO "EFFECTIVE COMMUNICATION" ISSUES OBSERVED OR DOCUMENTED IN THE UNIT HEALTH RECORD

**PHYSICIAN'S COMMENTS:** *(Focus on affected systems and functional limitations. No specific diagnosis or other confidential medical information.)*

*Has good function c̄ hearing aids*

| PHYSICIAN'S NAME (Print): *MC Sayre* | PHYSICIAN'S SIGNATURE: *MC Sayre* | DATE SIGNED *1/15/08* |
|---|---|---|
| HEALTH CARE MANAGER'S / DESIGNEE'S NAME (Print): *MC Sayre* | HEALTH CARE MANAGER'S / DESIGNEE'S SIGNATURE: *MC Sayre* | DATE SIGNED *1/15/08* |

**NOTE:** After review by the Health Care Manager or Chief Physician & Surgeon, health care staff shall retain green copy for the UHR, send the inmate copy via institutional mail, and route the original and remaining copies to the C&PR/RC CC-III for tracking and further distribution according to the instructions below.

STATE OF CALIFORNIA                                                                                    DEPARTMENT OF CORRECTIONS
**DISABILITY PLACEMENT PROGRAM VERIFICATION (DPPV)**                                    *CHECK ALL APPLICABLE BOXES*
CDC 1845 (Rev. 01/04)
**THIS FORM ONLY VERIFIES OR DISCONFIRMS CLAIMED PHYSICAL DISABILITIES LISTED IN SECTION B**

| INMATE NAME: | CDC NUMBER: | INSTITUTION: | HOUSING ASSIGNMENT: | DATE FORM INITIATED: |
|---|---|---|---|---|
| | | | | |

*Sections A - B to be completed by licensed medical staff.*

| SECTION A: REASON FOR INITIATION OF FORM | SECTION B: DISABILITY BEING EVALUATED |
|---|---|
| ☐ Inmate self-identifies to staff  ☐ Third party evaluation request | ☐ Blind/Vision Impaired       ☐ Speech Impaired |
| ☐ Observation by staff  ☐ Medical documentation or Central File information | ☐ Deaf/Hearing Impaired       ☐ Mobility Impaired |

*Sections C - G to be completed by a physician only.*

| SECTION C: PERMANENT DISABILITIES IMPACTING PLACEMENT | SECTION D: PERMANENT DISABILITIES *NOT* IMPACTING PLACEMENT |
|---|---|
| 1. ☐ FULL TIME WHEELCHAIR USER - DPW<br>Requires wheelchair accessible housing and path of travel. | 1.   NO CORRESPONDING CATEGORY |
| 2. ☐ INTERMITTENT WHEELCHAIR USER - DPO<br>Requires lower bunk, wheelchair accessible path of travel and *does not require* wheelchair accessible cell. | 2.   NO CORRESPONDING CATEGORY |
| 3. ☐ MOBILITY IMPAIRMENT - With or Without Assistive Device (Wheelchairs shall not be prescribed) - DPM<br>Orthopedic, neurological or medical condition that substantially limits ambulation (cannot walk 100 yards on a level surface without pause). Requires lower bunk, no triple bunk, and no stairs in path of travel. | 3. ☐ MOBILITY IMPAIRMENT (Lower Extremities) - DNM<br>Walks 100 yards without pause with or without assistive devices.<br>☐ No Housing Restrictions   ☐ See HOUSING RESTRICTIONS in Section E<br>☐ Requires relatively level terrain and no obstructions in path of travel. **Do not place at:** CCI, CMC-E, CRC, CTF-C, FSP, SCC I or II, SOL, or SQ. (CDC 128-C:_____) |
| 4. ☐ DEAF/HEARING IMPAIRMENT - DPH<br>Must rely on written communication, lip reading or signing as residual hearing, with assistive devices, will not enable them to hear, understand or localize emergency warnings or public address announcements. | 4. ☐ HEARING IMPAIRMENT - DNH<br>With residual hearing at a functional level with hearing aid(s). |
| 5. ☐ BLIND/VISION IMPAIRMENT - DPV<br>Not correctable to central vision acuity of better than 20/200 with corrective lenses in at least one eye (See HOUSING RESTRICTIONS IN SECTION E). | 5.   NO CORRESPONDING CATEGORY |
| 6. ☐ SPEECH IMPAIRMENT - DPS<br>Does not communicate effectively speaking or in writing. | 6. ☐ SPEECH IMPAIRMENT - DNS<br>Does not communicate effectively speaking, but does when writing. |

**SECTION E: ADDITIONAL MEDICAL INFORMATION**

**CSR ALERT:**                                                   **HEALTH CARE APPLIANCE / IDENTIFICATION VEST:**
☐ Requires relatively level terrain and no obstructions in path of travel          ☐ Cane  ☐ Crutch  ☐ Walker   ☐ Leg/Arm prosthesis   ☐ Vest
☐ Complex medical needs affecting placement   ☐ CDC 128-C _____        ☐ Other: _____   ☐ CDC 128-C(s) dated: _____

**ASSISTANCE NEEDED WITH ACTIVITIES OF DAILY LIVING:**          **OTHER DPP DESIGNATIONS:**
☐ Feeding or Eating  ☐ Bathing  ☐ Grooming  ☐ W/C transferring       ☐ NONE  _____  _____; _____ _____
☐ Toileting  ☐ Other: _____  ☐ CDC 128-C(s) dated:_____              CODE      DATED      CODE      DATED

**HOUSING RESTRICTIONS:**   ☐ Lower bunk   ☐ No stairs   ☐ No triple bunk. CDC 128-C(s) dated: _____

**SECTION F: EXCLUSIONS**

☐ VERIFICATION OF CLAIMED DISABILITY NOT CONFIRMED: My physical examination or other objective data DOES NOT SUPPORT *claimed* disability. (Explain in Comments Section and CDC 128-C dated _____).
☐ REMOVAL FROM A DPP CODE: Removal from previous DPP code: _____. (Explain in Comments Section and CDC 128-C dated: _____.)
☐ REMOVAL FROM ENTIRE PROGRAM: Removal from DPP code(s): _____. (Explain in Comments Section and CDC 128-C dated: _____.)

**SECTION G: EFFECTIVE COMMUNICATION FACTORS**

☐ Uses Sign Language Interpreter (SLI)   ☐ Reads Braille   ☐ Communicates with written notes   ☐ Requires large print or magnifier
☐ Reads lips   ☐ NO "EFFECTIVE COMMUNICATION" ISSUES OBSERVED OR DOCUMENTED IN THE UNIT HEALTH RECORD

**PHYSICIAN'S COMMENTS:** *(Focus on affected systems and functional limitations. No specific diagnosis or other confidential medical information.)*

| PHYSICIAN'S NAME (Print) | PHYSICIAN'S SIGNATURE | DATE SIGNED |
|---|---|---|
| HEALTH CARE MANAGER'S / DESIGNEE'S NAME (Print) | HEALTH CARE MANAGER'S / DESIGNEE'S SIGNATURE | DATE SIGNED |

**NOTE:** After review by the Health Care Manager or Chief Physician & Surgeon, health care staff shall retain green copy for the UHR, send the inmate copy via institutional mail, and route the original and remaining copies to the C&PR/RC CC-III for tracking and further distribution according to the instructions below.

Health Care Services Unit Chrono

| Name: BLOODSAW, THEOPRIC | CDC #: P20045 | | Hsg. A02U 202L | Date. 08-23-2007 |
|---|---|---|---|---|
| Instruction Type | Start Dt | End Dt | Provider ID | Provider |
| LOWER BUNK | 08-29-2006 0848 | 08-29-2007 0848 | MPIMSCLMC | MALO-CLINES, FNP |
| | | | | |
| SHORT BEARD CHRONO | 03-07-2007 0901 | 03-06-2008 0901 | MPIMSBAF | FELLOWS, RN |

Distribution:     Health Record     Housing Unit     CCII     File     Inmate

*** When Appropriate, a copy shall be forwarded to Specific Clinic

| Name: BLOODSAW, THEOPRIC | CDC #: P20045 | Date: 08-23-2007 |
|---|---|---|

PBSP/Medical 128-C

# MOTION
## For A
# Pitchess Motion

CV 08      1092

JF   (PR)

# MOTION

## Motion To Suppress Evidence

JF

CV 08    1092 (PR)

# MOTION

## Motion To Correct Records

**JF**

**(PR)**

CV 08   **1092**

# MOTION

# Motion To Dismiss For Lack Of Jurisdiction Over Subject Matter

CV 08    1092 **JF**

**(PR)**

# MOTION

# To Set Aside

JF

CV 08    1092

(PR)

MOTION

Motion To Dismiss For Insufficiency

JF

CV 08    1092

(PR)

# MOTION

# Motion For Default Judgment

JF

CV 08    1092

(PR)

# MOTION

Motion For Permanent Injunction

**JF**

**CV 08     1092 (PR)**