NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLOODSAW THEOPRIC,<br><br>    Plaintiff,<br><br>  vs.<br><br>J. S. WOODFORD, et al.,<br><br>    Defendant(s). | No. C 08-01092 JF (PR)<br><br>ORDER OF DISMISSAL<br><br><br>(Docket Nos. 2, 4 & 6) |

    Plaintiff, a California state prisoner and frequent litigant in this Court, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. He seeks to proceed in forma pauperis under 28 U.S.C. § 1915. On June 30, 2008, the Court ordered Plaintiff to show cause why the action should not be dismissed pursuant to 28 U.S.C. § 1915(g) or alternatively, pay the full filing fee within thirty days of the order. See Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). The deadline has since passed, and Plaintiff has neither filed a response nor paid the full filing fee.

    The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more

Order of Dismissal
P:\PRO-SE\SJ.JF\CR.08\Bloodsaw1092_dismissal.wpd

1 prior occasions, while incarcerated or detained in any facility, brought an action or
2 appeal in a court of the United States that was dismissed on the grounds that it is
3 frivolous, malicious, or fails to state a claim upon which relief may be granted,
4 unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C.
5 § 1915(g). Section 1915(g) requires that this court consider prisoner actions
6 dismissed before, as well as after, the statute's 1996 enactment. Tierney v. Kupers,
7 128 F.3d 1310, 1311-12 (9th Cir. 1997).

8       For purposes of a dismissal that may be counted under § 1915(g), the phrase
9 "fails to state a claim on which relief may be granted" parallels the language of
10 Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the
11 word "frivolous" refers to a case that is "of little weight or importance: having no
12 basis in law or fact," and the word "malicious" refers to a case "failed with the
13 'intention or desire to harm another.'" Andrews, 398 F.3d at 1121. Only cases
14 within one of these three categories can be counted as strikes for § 1915(g) purposes.
15 See id. Dismissal of an action under § 1915(g) should only occur when, "after
16 careful evaluation of the order dismissing an [earlier] action, and other relevant
17 information, the district court determines that the action was dismissed because it
18 was frivolous, malicious or failed to state a claim." Id.

19       Here, plaintiff has had three or more prisoner actions/appeals dismissed by a
20 federal court on the grounds that they are frivolous, malicious, or fail to state a claim
21 upon which relief may be granted: (1) Bloodsaw v. Clarke, CV 04-03462 (C.D. Cal.
22 May 20, 2004) (dismissal pursuant to Heck v. Humphrey, 512 U.S. 477 (1994)); (2)
23 Bloodsaw v. Thomas, CV 04-02944 (C.D. Cal. May 6, 2004) (same); (3) Bloodsaw
24 v. Herm, CV 04-02320 (C.D. Cal. Apr. 19, 2004) (same); (4) Bloodsaw v.
25 Yarborough, CV 04-01110 (E) (C.D. Cal. Mar. 16, 2004) (same); (5) Bloodsaw v.
26 Matusinka, CV 04-01108 (C.D. Cal. March 16, 2004) (dismissal based upon
27 immunity of defendants and pursuant to Heck v. Humphrey, 512 U.S. 477 (1994));
28 and (6) Bloodsaw v Parker, CV 04-01100 (E) (C.D. Cal Mar. 16, 2004) (same).

Order of Dismissal
P:\PRO-SE\SJ.JF\CR.08\Bloodsaw1092_dismissal.wpd    2

Plaintiff therefore may proceed in forma pauperis only if he is seeking relief from a danger of serious physical injury which is "imminent" at the time of filing. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998). Plaintiff is not.

Because plaintiff has had three or more prior dismissals and is not under imminent danger of serious physical injury, his several motions to proceed in forma pauperis (Docket No. 2, 4 & 6) are DENIED and the instant action is DISMISSED without prejudice to bringing it in a paid complaint.

The clerk shall terminate all pending motions as moot.

IT IS SO ORDERED.

DATED: 8/18/08

JEREMY FOGEL
United States District Judge

Order of Dismissal
P:\PRO-SE\SJ.JF\CR.08\Bloodsaw1092_dismissal.wpd     3